**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HELFERICH PATENT LICENSING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE BON-TON STORES, INC., <br><br> Defendant. | ) <br> ) <br> ) Case No. 1:11-cv-07189 <br> ) <br> ) <br> ) <br> ) Hon. John W. Darrah <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF MICHAEL M. MARKMAN IN SUPPORT OF DEFEFNDANTS'
MOTION TO STAY PENDING REEXAMINATION OF ALL ASSERTED PATENTS**

I, Michael M. Markman, declare as follows:

1. I am a partner in the law firm of Covington & Burling LLP, counsel of record for Defendants The Bon-Ton Stores, Inc.; G4 Media, LLC; CBS Corporation; and Bravo Media, LLC. (collectively, "Defendants") in the above-captioned matters. I am admitted to practice before this Court. The matters set forth herein are true and correct to my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. On December 29, 2011, Defendants CBS, Bon-Ton, G4, and Bravo filed with the U.S. Patent and Trademark Office a request for *inter partes* reexamination of U.S. Patent No. 7,155,241 ("the '241 patent"). The '241 patent has not been the subject of any prior reexamination request. The reexamination request for the '241 patent is voluminous (approximately 470 pages long, not counting exhibits)). Copies are available via the U.S. Patent and Trademark Office website "Patent Application Information Retrieval" ("PAIR") system. Defendants will provide a copy to the Court at the Court's request.

3. On December 13, 2011, the PTO issued a reexamination certificate concluding the *ex parte* reexamination of U.S. Patent No. 7,499,716 ("the '716 patent"). On January 6, 2012, Defendants CBS, Bon-Ton, G4, and Bravo filed with the U.S. Patent and Trademark Office a request for *inter partes* reexamination of the '716 patent. The *inter partes* reexamination request for the '716 patent is voluminous (approximately 1,164 pages long, not counting exhibits). Copies are available via the U.S. Patent and Trademark Office website "Patent Application Information Retrieval" ("PAIR") system. Defendants will provide a copy to the Court at the Court's request.

4. On December 9, 2011, the PTO issued a "Notice of Intent to Issue Reexamination Certificate" in its *ex parte* reexamination of U.S. Patent No. 7,835,757 ("the '757 patent"). As of the date of this declaration, however, to my knowledge, information, and belief the PTO has not yet issued a reexamination certificate for the '757 patent. As noted in Defendants' answers, Defendants intend to request *inter partes* reexamination of the '757 patent within days after the PTO issues the reexamination certificate.

5. Attached hereto as Exhibit 1 is a true and correct copy of a U.S. Patent and Trademark Office Rejection action dated September 28, 2011 in the prosecution of U.S. Patent Reexamination No. 90/009,883, which is a reexamination of U.S. Patent No. 7,280,838, one of the patents-in-suit. This office action rejects all 96 claims of the patent.

6. Attached hereto as Exhibit 2 is a true and correct copy of a U.S. Patent and Trademark Office Notice of Intent to Issue a Reexamination Certificate action dated October 25, 2011 in the prosecution of U.S. Patent Reexamination No. 90/009,880, which is a reexamination of U.S. Patent No. 7,499,716, one of the patents-in-suit.

7. Attached hereto as Exhibit 3 is a true and correct copy of a U.S. Patent and Trademark Office Notice of Intent to Issue a Reexamination Certificate action dated October 25,

2011 in the prosecution of U.S. Patent Reexamination No. 90/009,882, which is a reexamination of U.S. Patent No. 7,835,757, one of the patents-in-suit.

8. Attached hereto as Exhibit 4 is a true and correct copy of an email sent from Steven E. Lisa, counsel for plaintiff, to me on January 25, 2012.

9. Attached hereto as Exhibit 5 is a true and correct copy of an excerpt from Defendants' Request for Inter Partes Reexamination of U.S. Patent No. 7,155,241, filed on December 29, 2011. This excerpt includes the Substantial New Questions of Patentability raised in the Request. Subsequent pages are omitted due to the large number of pages in the original, but the complete Request is available upon request to counsel for Defendants.

10. Attached hereto as Exhibit 6 is a true and correct copy of an excerpt from Defendants' Request for Inter Partes Reexamination of U.S. Patent No. 7,499,716, filed on January 6, 2012. This excerpt includes the Substantial New Questions of Patentability raised in the Request. Subsequent pages are omitted due to the large number of pages in the original, but the complete Request is available upon request to counsel for Defendants.

11. Attached hereto as Exhibit 7 is a true and correct copy of the PTO's *Inter Partes* Reexamination Filing Data as of September 30, 2011, available online at http://www.uspto.gov/patents/IP_quarterly_report_September_2011.pdf (retrieved on January 25, 2012).

12. Attached hereto as Exhibit 8 is a true and correct copy of a U.S. Patent and Trademark Office Notice of Intent to Issue Ex Parte Reexamination Certificate dated 10/25/2011 in the prosecution of U.S. Patent Reexamination No. 90/009,880, which is a reexamination of U.S. Patent No. 7,499,716, one of the patents-in-suit.

13. Attached hereto as Exhibit 9 is a true and correct copy of a Supplemental Request for Reconsideration After Final Office Action dated 10/13/2011 in the prosecution of U.S. Patent

3

Reexamination No. 90/009,880, which is a reexamination of U.S. Patent No. 7,499,716, one of the patents-in-suit.

14. Attached hereto as Exhibit 10 is a true and correct copy of a U.S. Patent and Trademark Office Notice of Intent to Issue Ex Parte Reexamination Certificate dated 12/09/2011 in the prosecution of U.S. Patent Reexamination No. 90/009,882, which is a reexamination of U.S. Patent No. 7,835,757, one of the patents-in-suit.

15. Attached hereto as Exhibit 11 is a true and correct copy of a Supplemental Request for Reconsideration After Final Office Action dated 11/1/2011 in the prosecution of U.S. Patent Reexamination No. 90/009,882, which is a reexamination of U.S. Patent No. 7,835,757, one of the patents-in-suit.

16. Attached hereto as Exhibit 12 is a true and correct copy of a Supplemental Patent Owner Response and Amendment After Non-Final Office Action dated 1/10/2012 in the prosecution of U.S. Patent Reexamination No. 90/009/883.

17. Attached hereto as Exhibit 13 is a true and correct copy of a U.S. Patent and Trademark Office Order Denying Request for Inter Partes Reexamination, dated 11/04/2011 in U.S. Patent Reexamination Control No. 95/001,739, for U.S. Patent No. 7,835,757.

I declare under penalty of perjury under the laws of the United States and the State of Illinois that the foregoing is true and correct.

Executed in San Francisco, California on January 27, 2012.

By /s/ *Michael M. Markman*
Michael M. Markman (N.D. Ill. ID No. 191388)