# Exhibit 2



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,880 | 02/25/2011 | 7499716 | Rex-7499716 | 4977 |

| 68468 | 7590 | 10/25/2011 |
|---|---|---|

JON E. KAPPES
LAW OFFICES OF STEVEN G. LISA, LTD.
C/O INTELLEVATE, LLC.
P.O. BOX 52050
MINNEAPOLIS, MN 55402

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 10/25/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**MAILED**

**DO NOT USE IN PALM PRINTER**

OCT 2 5 2011

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

**CENTRAL REEXAMINATION UNIT**

COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2401

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/009,880*.

PATENT NO. *7499716*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Notice of Intent to Issue Ex Parte Reexamination Certificate* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/009,880 | 7499716 |
| | Examiner | Art Unit |
| | OVIDIO ESCALANTE | 3992 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
    (a) ☒ Patent owner's communication(s) filed: *13 October 2011 and 05 October 2011*.
    (b) ☐ Patent owner's late response filed: _____ .
    (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____ .
    (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
    (e) ☐ Other: _____ .

   Status of *Ex Parte* Reexamination:
    (f) Change in the Specification: ☐ Yes ☒ No
    (g) Change in the Drawing(s): ☐ Yes ☒ No
    (h) Status of the Claim(s):
       (1) Patent claim(s) confirmed: _____ .
       (2) Patent claim(s) amended (including dependent on amended claim(s)): *1-69*
       (3) Patent claim(s) canceled: _____ .
       (4) Newly presented claim(s) patentable: *70-134*.
       (5) Newly presented canceled claims: _____ .
       (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
       (7) Patent claim(s) not subject to reexamination: _____ .

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All b)☐ Some* c)☐ None of the certified copies have
       ☐ been received.
       ☐ not been received.
       ☐ been filed in Application No. _____ .
       ☐ been filed in reexamination Control No. _____ .
       ☐ been received by the International Bureau in PCT Application No. _____ .
    * Certified copies not received: _____ .

7. ☐ Note attached Examiner's Amendment.

8. ☒ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____ .

cc: Requester (if third party requester)

U.S. Patent and Trademark Office
PTOL-469 (Rev. 05-10)    Notice of Intent to Issue Ex Parte Reexamination Certificate    Part of Paper No 20111011

Application/Control Number: 90/009,880 Page 2
Art Unit: 3992

## NOTICE OF INTENT TO ISSUE REEXAMINATION CERTIFICATE

1. This action considers claims original claims 1-18 and 21-69 of U.S. Patent 7,499,716 and is in response to the patent owner's after final response filed on October 5, 2010[1]. In addition, this action considers previously non-reexamined claims 19 and 20 and newly submitted claims 70-134.

### *Status of the Claims*

2. Original claims 1-69, as amended, are patentable.

New Claims 70-134 are allowed.

### *Information Disclosure Statement*

With respect to the Information Disclosure Statement filed on August 16, 2011 and September 14, 2011, the information cited has been considered as described in the MPEP. Note that MPEP 2256 and 2656 indicate that degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information. Information that does not appear to be "patents or printed publications" as identified in 35 U.S.C. 301 have been considered to the same extent (unless otherwise noted), but have been lined through and will not be printed on any resulting reexamination certificate.

---

[1] The examiner notes that the patent owner submitted claim changes on October 13, 2011 to correct the markings of the previously submitted claims to be in compliance with 37 C.F.R. §1.530(f).

Application/Control Number: 90/009,880 Page 3
Art Unit: 3992

# STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

*Response to Patent Owner's Amendment/Comments*

**Regarding claims 1, 15, 30, 44 and 51:**

*As per claim 1:*

The claim, as amended, requires receiving a notification at a cell phone. This notification includes, *inter alia,* "identifying the content's location". The claim further requires "sending the request signal from the cell phone <u>to the identified content's location</u>".

*As per claim 15:*

The claim, as amended, requires a data signal that identifies the content's location. The claim further requires "receiving a request from the cell phone <u>at the identified content's location</u>".

*As per claim 30:*

The claim, as amended, requires a data signal that identifies the content's location. The claim further requires "receiving a request <u>at the identified content's location</u>".

Application/Control Number: 90/009,880 Page 4
Art Unit: 3992

*As per claim 44:*

The claim, as amended, requires a notification that identifies the content's location. The claim further requires "receiving a request from the cell phone <u>at the identified content's location</u>".

*As per claim 51:*

The claim, as amended, requires a notification that includes identifying an address of the remote content storage system. The claim further requires "sending a request <u>to the identified address of the remote content storage system</u>".

As noted by the patent owner, "the added language highlights the fact that the paging signal or notification that is sent to (and received by) the cell phone, must, in fact, identify the content's location to the cell phone so that the cell phone can request the content from that location.

The patent owner notes that the claims and specification use the term "system identification," "system ID," or "system identifier" to mean an "identifier that establishes to a recipient the address of the particular system to which to respond".

Comments Regarding Tso:

The patent owner provides comments directed to Tso's "configuration process" and notes that the examiner omission of the configuration process resulted in an incorrect understanding of the Tso system.

Application/Control Number: 90/009,880 Page 5
Art Unit: 3992

The examiner disagrees with the statement and maintains that the omission was not an oversight but was not required in view of the claim language present at that time. The examiner notes that the claims as amended, highlight the importance of the "configuration process", however this process did not change how Tso read on the claims prior to the patent owner's amendment.

The examiner disputes the patent owner's assertion that the resource identifier itself is not a system identifier. The examiner notes that the patent owner is relying upon statements in another copending reexamination and not the current reexamination. In addition, the patent owner is taking the examiner comments out of context.

As noted in the copending reexamination the examiner notes that the resource itself is that a system identifier of the actual content but "it does 'identify' the contents system's location". The examiner maintained that the claims read on the resource identifier of Tso since Tso's resource identifier is used to identify the contents location. The examiner highlighted the issue that the resource identifier itself did not identify a system. That is, since the resource identifier is only an identifier (e.g. FFFFFF) the identifier does not lead the device to a system; however, the InfoCast server upon receiving a request from the cell phone containing the identifier is able to use the identifier to identifying the system of the actual content.

The examiner notes that col. 8, lines 1-10 of Tso emphasizes that "each resource identifier is a bit pattern generated by InfoFeed Interface 57 for each URL to be included in an InfoBite". Tso teaches that a resource identifier represents a fully qualified URL for

a resource. Thus, a resource identifier <u>is a system identifier since a resource identifier is representative of a fully qualified URL.</u>

However, the examiner agrees that the device of Tso does not use the resource identifier to as a means to send a request signal. That is, as currently claimed, e.g. claim 1, the claim requires the reception of a notification that includes identifying the content's location. In addition, the claim further requires sending a request signal form the cell phone to the identified content's location.

In Tso, as disclosed in e.g., col. 8, lines 48-24, after an InfoBite is received, the client devices makes a request signal <u>to the InfoCast server</u>. The examiner notes that Tso does not disclose that the request is made to a system identified in the received resource identifier.

It is clear that Tso does not send a request to the system identified in the resource identifier. Although the resource identifier includes a system identifier Tso's client device does not use this information but instead relies upon a separate configuration file to determine where to send the request.


The examiner further notes that contrary to the patent owner's position, the examiner has not changed to wording of the claims from: "identifying the content's location" to "data corresponding to an identifier of the content's location". As noted above, the examiner maintains that a resource identifier <u>represents</u> a fully qualified URL. Hence a resource identifier includes a system identifier.

Application/Control Number: 90/009,880 Page 7
Art Unit: 3992

Nonetheless, the examiner notes that while the patent owner's arguments in general are not agreed upon with respect to the examiner's interpretation of "resource identifier", the examiner concedes that the claims as amended make it clear that the client device must send the request signal (in for example claim 1) to the identified content's location.

As noted above, Tso discloses that the request signal is directed to the InfoCast Server and not to the system identified in the resource identifier.

*As per claims 2, 22, 38, 48 and 52:*

The examiner notes that as set forth in the Final Rejection, the claims are directed to *inter alia* "wherein the notification system specifies a time that the content is available".

The examiner previously maintained that Tso discloses that an InfoBite message sent from the InfoCast server to the user's client device includes a "Time To Live" value that indicates how long the InfoBite will remain in the client system, (col. 8, lines 1-46).

The claim is directed to specifying a time that the content is available.

The examiner concedes that the InfoBite of Tso does not indicate a time that the content is available. Instead, as Tso clearly indicates, the "Time-To-Live" value is a time value for the InfoBite in the client device. That is, how long the InfoBite will remain in the client device.

Thus, the examiner now maintains that Tso fails to disclose wherein the notification that is sent to the client device indicates a time the content is available.

Application/Control Number: 90/009,880 Page 8
Art Unit: 3992

***As per claims 16, 31, 43 and 58:***

As set forth in the Non-Final Office Action, the examiner notes that these claims recites, "wherein the memory controller is configured to execute a command sent from the cell phone, the execution being performed on the content prior to the system directing the content to the cell phone" for claim 16; " performing an action requested by the cell phone on the available content prior to transmitting the available content to the cell phone" for claim 31; "receiving from the cell phone, prior to transmitting the available content to the cell phone, a command created at the cell phone" for claim 43 and "the cellular phone, prior to receiving the media content, instructing the remote content storage system, via the cellular network, to forward the media content to another" for claim 58.

The examiner further notes that each of these claims require the reception of a command (to be executed for content) from the cell phone <u>prior</u> to the cell phone receiving the content. The commands, as recited in the claims include one of delete the content, forward the content to a specified recipient, save the content, or reply to the content.

As recited in the Request for reexamination, the Request relied upon various teachings from Tso include the fact that the server A17 can create a summary file from the various received items. The Request discloses that the client can have the option of receiving the summary prior to receiving the complete item. The Request also maintains that the system can process electronic messages directed to a set of users and can create InfoBites to be transmitted.

Application/Control Number: 90/009,880 Page 9
Art Unit: 3992

The Request points that Tso discloses of being able to forward the content to a specified recipient. However, the citations referenced by the Request only show that the InfoCast server can forward InfoBites to the client.

The Request further notes that the system can "save" the content. However, the saving as noted in the citations relied upon, related to the client device saving the content. The Request noted that it was known in the art to delete, forward, save and reply to e-mail messages.

The examiner notes that the citations relied upon in the Request failed to meet the claim language. The claim requires the cell phone to send a command to the system <u>prior</u> to receiving content. Thus, in the context of the claims, the cell phone user will get a notification of the content, and in response, the cell phone user will send a command so that the system can e.g., forward, save, delete etc., the content prior to the system sending the content to the cell phone.

*As per claims 19 and 20:*

The examiner notes that this claim was originally not request for reexamination. However, this claim is not subject to reexamination since the patent owner has amended the claim and thus must be addressed.

As noted in the claim, the claim recites inter alia "wherein the data signal comprises a plurality of address identifiers identifying a plurality of cell phones" or "wherein the data signal comprises an address signal identifying a plurality of cell phones".

This language is similar to the language of claims 343 and 35. As set forth below, the examiner noted that Tso does not disclose that the InfoBite comprises a plurality of cell phone

Application/Control Number: 90/009,880 Page 10
Art Unit: 3992

identifiers. While InfoBites can be sent to a plurality of cell phone clients, a single InfoBite does not comprise information identifying a plurality of cell phones.

Thus, the examiner agrees that claims 19 and 20 are patentable.

*As per claims 34 and 35:*

As set forth in the Non-Final Office Action, the examiner notes that each of the claims recites "wherein the data signal comprises a plurality of address identifiers identifying a plurality of cell phones" As recited in claim 34 and "wherein the address identifier identifies a plurality of cell phones" as recited in claim 35.

The Request noted that the server of Tso is able to send InfoBites to a plurality of users and further that it would have been obvious that the plurality of users would each have an identifier for which to receive content.

The examiner agrees with the Request, however, the issue is not whether the system is able to send to a plurality of cell phones content, but instead that the "data signal" or "address identifier" as recited in the claims includes a plurality of identifiers identifying a plurality of cell phones".

As recited in claim 30, a data signal is directed to the cell phone. The data signal as relied upon by the examiner is equivalent to the disclosed "InfoBite". In light of the claims, the claimed data signal itself has a plurality of cell phone identifiers. Tso, on the other hand, does not disclose that the InfoBite comprises a plurality of cell phone identifiers. While InfoBites can be

sent to a plurality of cell phone clients, a single InfoBite does not comprise information identifying a plurality of cell phones.

***Regarding claims 70, 83, 97, 110 and 116:***

*As per claim 70:*

The claim recites, *inter alia,* receiving a notification at a cell phone, the notification "identifying the content's location using an included system identifier that establishes to the cellphone an address of a particular system to which to respond" and "sending the request signal from the cell phone to the particular system established by the system identifier".

*As per claim 83:*

The claim recites, *inter alia*, a paging data signal to be directed to a cell phone; wherein the data signal includes "a content identifier that identifies the content's location using an included system identifier that establishes to the cell phone an address of a particular system to which to respond" and "receiving a request from the cell phone at the particular system established by the system identifier".

*As per claim 97:*

The claim recites, *inter alia*, a paging data signal to be directed to a cell phone; wherein the data signal includes "a content identifier that identifies the content's location using an included system identifier that establishes to the cell phone an address of a particular system to which to respond" and "receiving a request at the particular system established by the system identifier".

Application/Control Number: 90/009,880 Page 12
Art Unit: 3992

### *Regarding claim 110:*

The claim recites, *inter alia,* a notification that identifies the content's location using an included system identifier that establishes to the cell phone an address of a particular system to which to respond' and "receiving request from the cell phone at the particular system established by the system identifier".

### *Regarding claim 116:*

The claim recites, *inter alia,* a notification including at least identifying the content and an address of the remote content storage system that establishes to a recipient the address of a particular system to which to respond" and "sending a request to the address of the remote content storage system to retrieve the content form the remote content storage system".

The examiner notes that the above claims are similar to claims 1, 15, 30, 44 and 55 respectively. As noted by the patent owner, these claims "further recite use of an included system identifier to establish to the cell phone an address of a particular system to which to respond." The patent owner notes that these new claims recite "both the term "system identifier" and for clarity, the associated definition expressly.

The examiner disagrees that "...and identifying the content's location using an included system identifier that establishes to the cell phone an address of a particular system to which to respond..." represents a definition of the term system identifier. This phrase represents a limitation from the specification regarding how a system identifier is used.

Application/Control Number: 90/009,880 Page 13
Art Unit: 3992

Nonetheless, the examiner notes that like claims 1, 15, 30, 44 and 55, note above, Tso does not disclose of a notification (e.g. as recited in claim 1) which includes a system identifier "that establishes to the cell phone the address of a particular system to which to response" as well as the ending of the a request signal "to the particular system established by the system identifier."

As explained above, Tso sends a request to the InfoCast server. The system identifier of the InfoCast server is independent of the system identifier identified in the resource identifier. The examiner notes that Tso does not contact the location of the content until a fully qualified URL is received by the client device and a subsequent request is made. Thus, Tso's InfoBite does not comprise "an included system identifier that establishes to the cell phone an address of a particular system to which to respond".

The examiner thus agrees that new claims 70, 83, 97, 110 and 116 are allowable.

Any comments considered necessary by PATENT OWNER regarding the above statement must be submitted promptly to avoid processing delays. Such submission by the patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or Confirmation" and will be placed in the reexamination file.

### *Conclusion*

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By EFS:   registered users may submit via the electronic filing system EFS-Web, at
          https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.

By Mail to:   Mail Stop *Ex Parte* Reexam
              Central Reexamination Unit

Application/Control Number: 90/009,880 Page 14
Art Unit: 3992

        Commissioner for Patents
        P.O. Box 1450
        Alexandria, Virginia 22313-1450

By FAX to:    (571) 273-9900
               Central Reexamination Unit

By hand:     Customer Service Window
               Attn: Central Reexamination Unit
               Randolph Building, Lobby Level
               401 Dulany Street
               Alexandria, VA 22314

    For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the data of transmission, which is prior to the expiration of the set period of time in the Office action.

    Any inquiry by the patent owner concerning this communication or earlier communications from the Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

    /Ovidio Escalante/
Ovidio Escalante
Primary Examiner
Central Reexamination Unit - Art Unit 3992
(571) 272-7537

Conferee: /r.g.f./                                             Conferee: /ESK/