# Exhibit 4

| | |
|---|---|
| **From:** | Steve Lisa <stevelisa@patentit.com> |
| **Sent:** | Wednesday, January 25, 2012 11:04 AM |
| **To:** | Markman, Michael |
| **Cc:** | Victoria Curtin; Jon Kappes; Tim Sperling; dairan@leydig.com; Williams, Robert; jwinn@leydig.com; Buroker, Brian; Larus, Christopher K. |
| **Subject:** | Re: HPL v. Bon Ton, Bravo, CBS and G4 |

Michael and Brian,

Thank you for your explanation. HPL consented only to a stay based on the first round of reexamination requests; nothing more. We believe the Court is entitled to know about the PTO decisions to date on the defendants' and NYT Defense Group's first two rounds of reexams, along with your answers to my most recent questions. Thus, in order to keep the Court fully informed of what in fact has occurred, and is about to occur, we believe it makes sense to proceed with the status hearing.

Again, thank you, and we look forward to seeing you again next week.

Regards,

Steven G. Lisa, Esq.
Email: SteveLisa@PatentIt.com
Direct: 312-320-5888
Skype: 312-957-5770



55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Phone & Fax: 312-752-4357
www.PatentIt.com

This email is confidential and privileged, and intended only for the recipient above. If you received this email in error, please destroy all copies of it and indicate such by return email to me. Thank you.


On Tue, Jan 24, 2012 at 12:35 PM, Markman, Michael <markmanmm@cov.com> wrote:

Dear Steve,

Thanks for your email. Regarding your questions:

1 - CBS, G4, Bravo, and Bon Ton are real parties in interest on the pending reexamination requests for the '241 and '716 patents, and will be real parties in interest on the '757 inter partes reexamination. They will abide by the rules regarding inter partes reexamination. They make no representation regarding reexamination requests permitted by the rules,

1

including requests relating to other patents.

2 - As real parties in interest to the pending reexamination requests, CBS, G4, Bravo, and Bon Ton would be bound by the estoppel rules concerning inter partes reexamination once a reexamination becomes final and a reexam certificate issues. As permitted by law, they reserve the right to assert other aspects of invalidity not covered under the estoppel rules for inter partes reexamination.

Please let us know if you agree with our proposal so that we can file a joint motion with the Court.

Best regards,

Mike

Michael M. Markman | **COVINGTON & BURLING LLP**
One Front Street | 35th Floor | San Francisco | CA 94111
Tel: 415.591.7020 | Fax: 415.955.6520
mmarkman@cov.com | www.cov.com

**From:** Steve Lisa [mailto:stevelisa@patentit.com]
**Sent:** Monday, January 23, 2012 5:05 PM
**To:** Markman, Michael
**Cc:** Victoria Curtin; Jon Kappes; Tim Sperling; dairan@leydig.com; Williams, Robert; jwinn@leydig.com; Buroker, Brian; Larus, Christopher K.
**Subject:** Re: HPL v. Bon Ton, Bravo, CBS and G4

Michael,

Thank you for your email. In order for us to properly and fairly consider your request, we would appreciate the answers to a few questions.

> 1. Will the NYT Defense Group (and, to the extent not co-extensive, the defendants seeking the postponement) agree that this is the final "round" of reexamination requests (i.e., that no more will be filed)? Thus, for example, if these requests are denied outright, do the defendants and the NYT Defense Group members agree that no further reexamination requests will be filed?

    2. Moreover, is the NYT Defense Group (and, to the extent not co-extensive, the defendants seeking the postponement) willing to represent to the Court that no new prior art (i.e., not already identified to the PTO in the proceedings including the last round of reexamination requests) will be relied upon at trial?

We look forward to your answers.


Regards,

Steven G. Lisa, Esq.
Email: SteveLisa@PatentIt.com
Direct: 312-320-5888
Skype: 312-957-5770



55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Phone & Fax: 312-752-4357
www.PatentIt.com


This email is confidential and privileged, and intended only for the recipient above. If you received this email in error, please destroy all copies of it and indicate such by return email to me. Thank you.


On Mon, Jan 23, 2012 at 4:20 PM, Markman, Michael <markmanmm@cov.com> wrote:

Dear Steve and Victoria,


I'm writing to you to propose that the parties ask the Court to postpone the upcoming status conference in the CBS, G4, Bravo, and Bon Ton cases by approximately 90 days (to the first or second week of May). I am copying Brian Buroker, counsel for The New York Times, and Chris Larus, counsel for Best Buy.


As you know, requests for inter partes reexamination are now pending before the PTO relating to the '241 patent and the new '716 patent. The ex parte reexamination concerning the '838 patent is in progress. As of today, a reexamination certificate has not yet issued for the ex parte reexamination of the '757 patent. But, as set out in the defendants' pleadings, the defendants intend to request inter partes reexamination of the new '757 patent as soon as the reexamination certificate issues following the ex parte reexamination (which we anticipate may issue on either January 24 or 31).

Under PTO rules, the PTO will make a decision regarding whether to grant the inter partes reexamination requests for the '241 patent and the new '716 and '757 patents within 90 days of the filing of each request. By postponing the status conference 90 days, the parties and the Court should know for certain whether the inter partes reexaminations will go forward or whether they will be rejected. The resulting certainty would benefit the Court and the parties for purposes of assessing whether a further stay is appropriate or whether other approaches to case management should be considered.

Please let us know whether HPL agrees with this approach at your earliest convenience.

Best regards,

Mike

Michael M. Markman | **COVINGTON & BURLING LLP**
One Front Street | 35th Floor | San Francisco | CA 94111
Tel: 415.591.7020 | Fax: 415.955.6520
mmarkman@cov.com | www.cov.com

4