# Exhibit 5

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Letters Patent of:
Richard J. Helferich

Patent No.: 7,155,241

Issued: Dec. 26, 2006

For:  SYSTEMS AND METHODS FOR ENABLING
      A USER OF A COMMUNICATION DEVICE
      TO MANAGE REMOTE INFORMATION

## REQUEST FOR *INTER PARTES* REEXAMINATION OF U.S. PATENT NO. 7,155,241

MS *Inter Partes* Reexam
Attn:  Central Reexamination Unit
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Reexamination under 35 U.S.C. §§ 311-318 and 37 C.F.R. § 1.913 is hereby requested of claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 of U.S. Patent No. 7,155,241 ("the '241 patent"). The '241 patent issued on December 26, 2006 from an application filed on February 7, 2005.  As such, the '241 patent qualifies for *inter partes* reexamination. *See* 37 C.F.R. § 1.913; M.P.E.P. § 2609. Attached is a completed Request for *Inter Partes* Reexamination Transmittal Form, Form PTO/SB/58. This request is submitted by the undersigned on behalf of the Requester, and the undersigned is acting in a representative capacity in accordance with 37 C.F.R. §§ 1.34 and 1.915(c).

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                          Docket No.: 032697.0007-US12

The Director is hereby authorized to charge the $8,800.00 reexamination fee (37 C.F.R. §
1.20(c)(2)) to Deposit Account No. 50-0740 under Order No. 032697.0007-US12.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 9

II.  REQUIREMENTS FOR INTER PARTES REEXAMINATION UNDER 37 C.F.R.
     §§ 1.913 AND 1.915 ..................................................................................... 9

     A.  PAYMENT OF FEES PURSUANT TO 37 C.F.R. § 1.915(a) ......................................... 9

     B.  IDENTIFICATION PURSUANT TO 37 C.F.R. § 1.915(b)(1) ......................................... 9

     C.  CITATION OF PATENTS AND PRINTED PUBLICATIONS THAT PROVIDE A
         SHOWING THAT THERE IS A REASONABLE LIKELIHOOD THAT
         REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE OF
         THE CLAIMS CHALLENGED IN THE REQUEST PURSUANT TO 37 C.F.R.
         § 1.915(b)(2) .................................................................................... 9

     D.  STATEMENT ESTABLISHING A REASONABLE LIKELIHOOD THAT THE
         REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE CLAIM
         (RLP) PURSUANT TO 37 C.F.R. § 1.915(b)(3) ........................................ 10

     E.  STATEMENT POINTING OUT A DETAILED EXPLANATION OF THE
         PERTINENCY AND MANNER OF APPLYING REFERENCES PURSUANT
         TO 37 C.F.R. § 1.915(b)(3) .......................................................... 11

     F.  COPIES OF PRIOR ART AND TRANSLATIONS PURSUANT TO 37 C.F.R. §
         1.915(b)(4) ...................................................................................... 12

     G.  COPY OF THE '241 PATENT PURSUANT TO 37 C.F.R. § 1.915(b)(5) ..................... 12

     H.  CERTIFICATION OF SERVICE ON PATENT OWNER PURSUANT TO 37
         C.F.R. § 1.915(b)(6) ......................................................................... 12

     I.  CERTIFICATION THAT ESTOPPEL PROVISIONS DO NOT PROHIBIT INTER
         PARTES REEXAMINATION PURSUANT TO 37 C.F.R. § 1.915(b)(7) ................. 12

     J.  STATEMENT IDENTIFYING REAL PARTY IN INTEREST PURSUANT TO 37
         C.F.R. § 1.915(b)(8) ......................................................................... 13

III. CONCURRENT LITIGATION INVOLVING THE '241 PATENT ........................................ 13

IV.  OVERVIEW OF THE '241 PATENT AND REMARKS MADE DURING
     PROSECUTION ........................................................................................... 14

     A.  The Disclosure of the '241 Patent ................................................................ 14

     B.  Means Plus Function Limitations Recited in the Claims of the '241 Patent ..................... 17

     C.  Summary of the Prosecution History of the '241 Patent ......................................... 23

V.   PATENT OWNER'S CLAIM INTERPRETATIONS MADE IN A COURT RECORD ........ 25

VI.  OVERVIEW OF THE PRIOR ART PATENTS AND PRINTED PUBLICATIONS ............. 29

     A.  U.S. Patent No. 6,333,973 to Smith ("the '973 patent") ....................................... 29

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                         Docket No.: 032697.0007-US12

B.   The NAIS Article ......................................................................................... 34

C.   U.S. Patent No. 5,878,351 to Alanara et al. ("the '351 patent" or "Alanara") ................ 36

D.   U.S. Patent No. 5,845,202 to Davis ("the '202 patent" or "Davis") ................................ 38

E.   U.S. Patent No. 6,201,974 to Lietsalmi et al. ("the '974 patent" or "Lietsalmi") ............ 41

F.   U.S. Patent No. 5,487,100 to Kane ("the '100 patent") ................................................. 45

G.   U.S. Patent No. 5,349,678 to Morris et al. ("the '678 patent") ....................................... 51

VII. STATEMENT ESTABLISHING A REASONABLE LIKELIHOOD THAT THE
     REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE CLAIM
     (RLP) PURSUANT TO 37 C.F.R. § 1.915(b)(3) ..................................................... 53

A.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Establishes a
     Reasonable Likelihood that the Requester Will Prevail with Respect to Claims 1,
     2, 7, 10, 13, 14, 38, and 39 .......................................................................... 53

B.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100
     Patent (Kane) Establishes a Reasonable Likelihood that the Requester Will
     Prevail with Respect to Claim 40 ..................................................................... 55

C.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678
     Patent (Morris) Establishes a Reasonable Likelihood that the Requester Will
     Prevail with Respect to Claim 40 ..................................................................... 55

D.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Establishes a
     Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41,
     42, 47, 50, 53, and 54 .................................................................................. 56

E.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100
     Patent (Kane) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 ................................. 57

F.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678
     Patent (Morris) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 ................................. 59

G.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Establishes a
     Reasonable Likelihood that the Requester will Prevail with Respect to Claims 1,
     2, 7, 10, 13, 14, 38, and 39 .......................................................................... 60

H.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100
     Patent (Kane) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claim 40 ..................................................................... 61

I.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678
     Patent (Morris) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claim 40 ..................................................................... 62

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

J. The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54 ........................................................................... 63

K. The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 .......................................... 64

L. The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 .......................................... 65

M. The NAIS Article in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39 ................................................................................. 67

N. The NAIS Article in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40 .................................................................................. 68

O. The NAIS Article in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40 .................................................................................. 69

P. The NAIS Article in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54 ................................................................................. 69

Q. The NAIS Article in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 .......................................... 71

R. The NAIS Article in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 .......................................... 72

S. The NAIS Article in Combination with the '974 Patent (Lietsalmi) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39 ................................................................................. 74

T. The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claim 40 .................................................................................. 75

U. The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claim 40 .................................................................................. 76

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

V.   The NAIS Article in Combination with the '974 Patent (Lietsalmi) Establishes a
     Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41,
     42, 47, 50, 53, and 54 ................................................................................................. 76

W.   The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '100
     Patent (Kane) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 ......................................... 78

X.   The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '678
     Patent (Morris) Establishes a Reasonable Likelihood that the Requester will
     Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85 ......................................... 79

VIII. DETAILED EXPLANATION OF THE PROPOSED REJECTIONS AND
     PERTINENCY AND MANNER OF APPLYING THE PATENTS AND PRINTED
     PUBLICATIONS PURSUANT TO 37 C.F.R. § 1.915(b)(3) ................................................. 80

A.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Renders
     Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C.
     § 103(a) ...................................................................................................................... 83

B.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100
     Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. §
     103(a) ........................................................................................................................ 107

C.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678
     Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. §
     103(a) ........................................................................................................................ 111

D.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Renders
     Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. §
     103(a) ........................................................................................................................ 116

E.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100
     Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent
     Obvious Under 35 U.S.C. § 103(a) .......................................................................... 137

F.   The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678
     Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent
     Obvious Under 35 U.S.C. § 103(a) .......................................................................... 161

G.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Renders
     Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C.
     § 103(a) ...................................................................................................................... 185

H.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100
     Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. §
     103(a) ........................................................................................................................ 209

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                            Docket No.: 032697.0007-US12

I.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 213

J.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 218

K.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) .......................................................................... 239

L.   The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) .......................................................................... 263

M.   The Combination of the NAIS Article and the '351 Patent (Alanara) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 ......................................................................... 287

N.   The Combination of the NAIS Article and the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 309

O.   The Combination of the NAIS Article and the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 314

P.   The Combination of the NAIS Article and the '351 Patent (Alanara) Renders Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. § 103(a)..... 319

Q.   The Combination of the NAIS Article and the '351 Patent (Alanara) and the '100 Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) .......................................................................... 338

R.   The Combination of the NAIS Article and the '351 Patent (Alanara) and the '678 Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) .......................................................................... 359

S.   The Combination of the NAIS Article and the '974 Patent (Lietsalmi) Renders Claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 381

T.   The Combination of the NAIS Article, the '974 Patent (Lietsalmi) and the '100 Patent (Kane) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 402

U.   The Combination of the NAIS Article, the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Renders Claim 40 of the '241 Patent Obvious Under 35 U.S.C. § 103(a) ............................................................................................................... 407

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

V.   The Combination of the NAIS Article and the '974 Patent (Lietsalmi) Renders
     Claims 41, 42, 47, 50, 53, and 54 of the '241 Patent Obvious Under 35 U.S.C. §
     103(a) ................................................................................................................ 412

W.   The Combination of the NAIS Article, the '974 Patent (Lietsalmi) and the '100
     Patent (Kane) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent
     Obvious Under 35 U.S.C. § 103(a) .......................................................................... 429

X.   The Combination of the NAIS Article, the '974 Patent (Lietsalmi) and the '678
     Patent (Morris) Renders Claims 71, 72, 77, 80, 84, and 85 of the '241 Patent
     Obvious Under 35 U.S.C. § 103(a) .......................................................................... 449

IX.  CONCLUSION ................................................................................................................ 470

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

## I.      INTRODUCTION

Reexamination of Claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 of U.S. Patent No. 7,155,241, ("the '241 patent") is respectfully requested pursuant to 35 U.S.C. §§ 311-318 and 37 C.F.R. §§ 1.913 and 1.915. The '241 patent, (Exhibit A), was filed on February 7, 2005, and, as such, the '241 patent qualifies for *inter partes* reexamination. *See* 37 C.F.R. § 1.913; M.P.E.P. § 2609.. Reexamination is requested in view of the prior art patents and printed publications identified below.

## II.      REQUIREMENTS FOR INTER PARTES REEXAMINATION UNDER 37 C.F.R. §§ 1.913 AND 1.915

### A.      PAYMENT OF FEES PURSUANT TO 37 C.F.R. § 1.915(a)

As indicated above, Requester authorizes the U.S. Patent and Trademark Office ("PTO") to charge Deposit Account No. 50-0740 under Order No. 032697.0007-US12 for the fees set forth in 37 C.F.R. § 1.20(c)(2) for reexamination. 37 C.F.R. § 1.915(a).  The fee for reexamination is $8,800.00. 37 C.F.R. § 1.20(c)(2).

### B.      IDENTIFICATION PURSUANT TO 37 C.F.R. § 1.915(b)(1)

*Inter partes* Reexamination of claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 of the '241 patent is respectfully requested.

### C.      CITATION OF PATENTS AND PRINTED PUBLICATIONS THAT PROVIDE A SHOWING THAT THERE IS A REASONABLE LIKELIHOOD THAT REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE OF THE CLAIMS CHALLENGED IN THE REQUEST PURSUANT TO 37 C.F.R. § 1.915(b)(2)

The accompanying Information Disclosure Statement form PTO/SB/08 (Exhibit B) lists the patents and printed publications upon which this Request is based. A complete copy of each listed patent and printed publication is included herewith. This request for reexamination is based on the following patents and printed publications.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                             Docket No.: 032697.0007-US12

     1.     U.S. Patent No. 6,333,973 to Smith ("the '973 patent" or "Smith")

     2.     The *Nomadic Access to Information Services By A GSM Phone* article (M. Kylänpää et al.) ("the NAIS article" or "NAIS")

     3.     U.S. Patent No. 5,878,351 to Alanara et al. ("the '351 patent" or "Alanara")

     4.     U.S. Patent No. 5,845,202 to Davis ("the '202 patent" or "Davis")

     5.     U.S. Patent No. 6,201,974 to Lietsalmi et al. ("the '974 patent" or "Lietsalmi")

     6.     U.S. Patent No. 5,487,100 to Kane ("the '100 patent" or "Kane")

     7.     U.S. Patent No. 5,349,678 to Morris et al. ("the '678 patent" or "Morris")

        **D.**     **STATEMENT ESTABLISHING A REASONABLE LIKELIHOOD THAT THE REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE CLAIM (RLP) PURSUANT TO 37 C.F.R. § 1.915(b)(3)**

As discussed in detail in Sections VII and VIII below, the present request provides a reasonable likelihood of prevailing with respect to at least one claim for which reexamination is requested. The basis for finding a reasonable likelihood that the Requester will prevail with respect to at least one of the claims for which reexamination is requested is particularly compelling because the present request identifies new prior art references not cited or considered by the Examiner in the original patent examination. As explained below, these prior art references are directed to the subject matter identified by the Examiner in the Reasons for Allowance in the Notice of Allowability for the application giving rise to the '241 patent. The claims of the '241 patent for which reexamination is requested are identified in Section II.B. above.

The present request provides a reasonable likelihood of prevailing with respect to the claims for which reexamination is requested as it establishes a *prima facie* case of unpatentability justifying a rejection for each these claims. As explained in M.P.E.P. § 2143, "[t]he key to supporting any rejection under 35 U.S.C. 103 is the clear articulation of the reason(s) why the claimed invention would have been obvious." Exemplary rationales that may support a conclusion of obviousness include: "(A) Combining prior art elements according to known methods to yield predictable results"; and "(D) Applying a known technique to a known device (method or product) ready for improvement to yield predictable results." M.P.E.P. § 2143, Rationales "A" and "D". As detailed in the discussion and claim charts in Sections VII and VIII below, the combinations of prior

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

art presented in the present Request are at most the mere combination of known elements according to a known method to yield predictable results, or the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims for which reexamination is requested.

The RLPs presented herein are raised by prior art teachings that were not considered and discussed on the record during the prosecution of the application that matured into the '241 patent. Thus, the combinations of references utilized in the present request provide new, non-cumulative technological teachings (in accordance with M.P.E.P. § 2616) that were not before the Office in the prior proceedings for the '241 patent, and therefore properly establish RLPs. The new technological teaching of each cited prior art document is not cumulative to the technological teachings provided in the other cited prior art documents, because each document presents the new technological teaching in a new light. In addition, newly cited prior art references contained in the present request provide new technological teachings with regard to various claim limitations. Finally, the RLPs presented herein are not cumulative to the original prosecution history of the patent as they rely upon prior art references not discussed on the record in the original examination, and that disclose the subject matter identified by the original Examiner in the Reasons for Allowance.

E.     STATEMENT POINTING OUT A DETAILED EXPLANATION OF THE PERTINENCY AND MANNER OF APPLYING REFERENCES PURSUANT TO 37 C.F.R. § 1.915(b)(3)

A detailed explanation of why each combination of prior art for each requested claim provides a reasonable likelihood that the requester will prevail for the requested claims is found below in Sections VII and VIII. Requester has identified the prior art relied upon in Section II.C above, and has discussed aspects of the relied upon prior art in Section VI below. As explained in Section VII, and as shown in the accompanying claim charts in Section VIII, the prior art references or combination of references render claims 1, 2, 7, 10, 13, 14, 38, 39, 40, 41, 42, 47, 50, 53, 54, 71, 72, 77, 80, 84, and 85 unpatentable, in compliance with the relevant statutes, rules and procedures.

11

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

### F.    COPIES OF PRIOR ART AND TRANSLATIONS PURSUANT TO 37 C.F.R. § 1.915(b)(4)

As discussed above in Section II.C, a copy of every patent and printed publication relied upon in this Request is included as an attachment to the accompanying Information Disclosure Statement form PTO/SB/08 as an exhibit as required by 37 C.F.R. § 1.915(b)(4).

### G.    COPY OF THE '241 PATENT PURSUANT TO 37 C.F.R. § 1.915(b)(5)

Pursuant to 37 C.F.R. § 1.915(b)(5), annexed hereto as Exhibit A is a copy of the entire '241 patent including the front face, drawings, specification, and claims (in double column format). A copy of the Terminal Disclaimer filed on May 24, 2006, and a copy of the U.S. Patent and Trademark Office's approval of the Terminal Disclaimer on August 8, 2006, are also enclosed as Exhibit A.

### H.    CERTIFICATION OF SERVICE ON PATENT OWNER PURSUANT TO 37 C.F.R. § 1.915(b)(6)

The undersigned certifies that a complete and entire copy of this Request for *Inter Partes* Reexamination and all supporting documents have been provided to the Patent Owner by serving the attorneys of record as recorded at the Patent Office for the '241 patent as set forth in 37 C.F.R. § 1.33(a).

Law Offices of Steven G. Lisa, LTD.
c/o Intellevate, LLC.
P.O. Box 52050
Minneapolis, MN 55402
Attn: Jon E. Kappes

### I.    CERTIFICATION THAT ESTOPPEL PROVISIONS DO NOT PROHIBIT INTER PARTES REEXAMINATION PURSUANT TO 37 C.F.R. § 1.915(b)(7)

Requester hereby certifies that it is not prohibited under the provisions of 35 U.S.C. § 317 or 37 C.F.R. § 1.907 from filing this Request for *Inter Partes* reexamination. Requester may request

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                     Docket No.: 032697.0007-US12

*Inter Partes* reexamination for at least the reason that there is no currently co-pending *Inter Partes* reexamination of the '241 patent. 37 C.F.R. § 1.907; 35 U.S.C. § 317(a); M.P.E.P. § 2614.

### J.   STATEMENT IDENTIFYING REAL PARTY IN INTEREST PURSUANT TO 37 C.F.R. § 1.915(b)(8)

The real parties in interest are identified in the Request for *Inter Partes* Reexamination Transmittal Form PTO/SB/58 filed herewith (item 2.b.).

## III.   CONCURRENT LITIGATION INVOLVING THE '241 PATENT

The Office is hereby informed of the following litigations, which are pending as of the date of this request, involving the '241 patent.

On October 25, 2011, plaintiff Helferich Patent Licensing, LLC filed a complaint in *Helferich Patent Licensing, LLC v. CBS Corporation*, Case No. 1:11CV7607 (N.D. Ill.), asserting the '241 patent.

On October 26, 2011, plaintiff Helferich Patent Licensing, LLC filed a complaint in *Helferich Patent Licensing, LLC v. Bravo Media, LLC*, Case No. 1:11CV7647 (N.D. Ill.), asserting the '241 patent.

On November 22, 2011, plaintiff Helferich Patent Licensing, LLC filed a complaint in *Helferich Patent Licensing, LLC v. Suns Legacy Partners LLC*, Case No. 2:11CV2304 (D. Ariz.), asserting the '241 patent.

In the above-identified litigations, U.S. Patent No. 7,835,757 ("the '757 patent"), U.S. Patent No. 7,280,838 ("the '838 patent'), and U.S. Patent No. 7,499,716 ("the '716 patent"), all of which are directed to related subject matter, have also been asserted against *Bravo Media LLC, CBS Corporation*, and *Suns Legacy Partners* defendants.

In the above-identified litigations, the court has yet to schedule a Markman hearing to construe any claim terms. The PTO and the courts recognize that the standard for construing claims

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

in reexamination is different than the standard for construing claims in litigation.    Unlike in litigation, claims in reexamination must be given the broadest reasonable construction consistent with the specification.  M.P.E.P. § 2258.  This request utilizes the broadest reasonable construction of the claim terms that is consistent with the specification, which in many instances will not reflect the construction that Requester would propose or expect the court to adopt in litigation.  The original complaints for each identified litigation is attached hereto as Exhibit C.

## IV.    OVERVIEW OF THE '241 PATENT AND REMARKS MADE DURING PROSECUTION

### A.    The Disclosure of the '241 Patent

The '241 patent pertains to selective paging. According to the '241 patent, a paging system notifies a paging transceiver that a message has been received but does not initially transmit the associated message. The user, upon being notified of the message, can then download the entire message at a time convenient to the user, which allows the user to download messages at less-expensive off-peak hours and allows the user to place the paging transceiver at a location where it can easily receive the message and reply to the message. Since the messages are not initially transmitted to the paging transceiver, the paging transceiver can receive and store a greater number of pages with minimal increase in the size of memory. Further, because entire messages are not automatically transmitted and since the user can position the paging transceiver to issue a sufficiently strong reply, traffic in the paging system can be controlled and actually reduced. '241 Patent, 3:8-23.

The system may transmit some identifying information about the page to the user without sending the entire message.  For instance, the base station may identify the type of message, such as email, voice, or text, and also indicate the caller or other descriptive material about the message. The user can then determine the priority of the message and whether he or she wants to retrieve the message, play the message, erase the message, store the message, forward, reply, or otherwise act on the message. The user is also given control over the messages stored remotely from the paging transceiver and can erase or store these messages from the paging transceiver. The paging

transceiver may have a timer for allowing the user to program the paging transceiver to perform a

desired function on a message at a particular time.  '241 Patent, 3:24-37.

FIG. 3 is a block diagram of a communication system according to a preferred embodiment

of the invention.  '241 Patent, 4:19-20.



## FIG. 3

With reference to FIG. 3, a system **30** according to a preferred embodiment of the invention

is interconnected to a base station **34**, both of which are connected to the Public Switched

Telephone Network (PSTN) or to other telephone company equipment **35**. The system **30** comprises

a paging terminal controller **31** which may comprise a controller circuit and associated memory

having a database of subscriber listings and corresponding selective call address fields. The paging

terminal controller **31** communicates with storage and retrieval unit **32** and correlates messages with

subscriber listings. The storage and retrieval unit **32** may comprise a CPU or control circuit,

message information and program memory, memory interface circuitry and a DSP **30** with

appropriate operational code for storage and retrieval of the desired messages. The input/output

controller **33** contains all necessary input and output circuitry such as encoders and decoders,

modems and required routing and control circuitry for communicating with the paging terminal

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

controller **31**, the storage and retrieval unit **32**, the PSTN **35**, and the base station **34**. As noted in
column 15, lines 51-55 of thte '241 patent, the paging transceiver **100** and system **30** may operate
with any type of message or information, including, but not limited to numeric messages,
alphanumeric messages, voice or other audio messages, video messages, graphics or even data.

    FIG. 10 is a block diagram of a paging system having multiple systems for storing
messages. '241 Patent, 4:34-35.



**FIG. 10**

    For instance, as shown in FIG. 10, a messaging system **200** may comprise a plurality of
systems **30** connected to the PSTN **35** with system **30A** being associated with base station **34A** and
transceiver antenna **37A** and system **30B** being associated with base station **34B** and transceiver
antenna **37B**. Although three systems **30** are shown, the system **200** may include any number of
systems **30** and, although two base stations **34** are shown, each system **30** may be associated with a
base station **34** and transceiver antenna **37** or only one of the systems **30** may be associated with a
base station **34** and transceiver antenna **37**. '241 Patent, 16:57-67.

    Additionally, each of the base stations **34A** and **34B** may be part of a paging network but
are preferably part of a cellular network. '241 Patent, 17:19-21.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

As an example, system **30A** may store voice mail messages and email messages directed to the user's office, system **30B** may store voice mail messages directed to the user's home, and system **30C** may store audio messages. The base station **34A** acts as a clearinghouse for all messages delivered to the user to any of the systems **30** and pages the paging transceiver **100** whenever a message is received. Thus, when a voice mail message or email message is received at system **30A**, the system **30A** delivers a page to base station **34A** which is then delivered to paging transceiver **100**. When a voice message is received at system **30B**, the system **30B** sends information about the message to system **30A** and system **30A** then delivers a page to base station **34A** for delivering the page to the paging transceiver **100**. Similarly, when system **30C** has an audio message it notifies system **30A** and system **30A** acts to have the page delivered to the paging transceiver **100**. '241 Patent, 17:29-45.

## B.     Means Plus Function Limitations Recited in the Claims of the '241 Patent

Claim 1 of the '241 patent includes elements that recite "means for" language. A claim limitation will be presumed to invoke 35 U.S.C. § 112, sixth paragraph, if it meets the following three-prong analysis:

(A) The claim limitations must recite the phrase "means for";

(B) The "means for" recitation must be modified by functional language; and

(C) The "means for "recitation must not be modified by sufficient structure or material for achieving the specified function.

M.P.E.P. § 2181(I).

If one employs means-plus-function language in a claim, one must set forth in the specification an adequate disclosure showing what is meant by that language. If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as required by the second paragraph of 35 U.S.C. § 112. M.P.E.P. § 2181(II) (quoting *In re Donaldson Co.*, 16 F.3d 1189, 1195, 29 USPQ2d 1845, 1850 (Fed. Cir. 1994) (in banc)). The proper test for meeting the definiteness requirement is that the corresponding

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                  Docket No.: 032697.0007-US12

structure or material of a means-plus-function limitation must be disclosed in the specification itself
in a way that one skilled in the art will understand what structure or material will perform the
recited function. *Id.*

In the situation in which the written description only implicitly or inherently sets forth the
structure, materials, or acts corresponding to a means-plus-function element, and the examiner
concludes that one skilled in the art would recognize what structure, materials, or acts perform the
function recited in the means-plus-function element, the examiner should either: (A) have the
applicant clarify the record by amending the written description such that it expressly recites what
structure, materials, or acts perform the function recited in the claim element; or (B) state on the
record what structure, materials, or acts perform the function recited in the means-plus-function
limitation. M.P.E.P § 2181(IV).

As explained in M.P.E.P. § 2181, structure disclosed in the specification is "corresponding"
structure only if the specification or prosecution history clearly links or associates that structure to
the function recited in the claim. This duty to link or associate structure to function is the quid pro
quo for the convenience of employing 35 U.S.C. § 112, sixth paragraph. *Id.* Failure to "clearly link
or associate" structure to the function recited in the claim renders the claim invalid under 35 U.S.C.
§ 112. M.P.E.P. § 2181, *citing B. Braun Medical, Inc. v. Abbott Lab.,* 124 F.3d 1419, 1424 (Fed.
Cir. 1997); *see also Donaldson*, 16 F.3d at 1195.

Based on the principles set forth above, the table below identifies the means-plus-function
limitations recited in the claims of the '241 patent, as well as the function recited in each means-
plus-function limitation. The specification of the '241 patent does not appear to identify, or to
clearly link or associate, particular structure that corresponds to each of the means-plus-function
limitions recited in the claims. Therefore, the structure identified below is necessarily based on the
general, high-level disclosure of structure provided in the specification.

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| 1. A system, comprising: | |

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| a storage unit that stores information for transmission to one or more devices; | |
| means for transmitting to the one or more devices a selective call signal comprising an information identifier identifying the information and an acknowledgment request, wherein the information is not included in the selective call signal; | claim limitation: means for transmitting to the one or more devices a selective call signal comprising an information identifier identifying the information and an acknowledgment request<br><br>function: transmitting to the one or more devices a selective call signal comprising an information identifier identifying the information and an acknowledgment request<br><br>structure: system 30 in combination with base station 34<br><br>"With reference to FIG. 3, **a system 30 according to a preferred embodiment of the invention is interconnected to a base station 34** . . ." '241 Patent 6:17-19.<br><br>"**Command data and information data may also be communicated from the system 30 to the paging transceiver 100 through the base station 34.**" '241 Patent 7:62-64.<br><br>"The base station 34, as shown in FIG. 3, comprises a switch 36, a transceiver antenna 37, and a transceiver base station 38. In response to a received message, the **system 30 passes control information to switch 36 for setting up a page call. The switch 36, for instance, may be a mobile telephone switching office (MTSO) for interfacing to the transceiver base station 38**. **In the send page mode, selective call signals having an address associated with the paging transceiver 100 are transmitted**. The address may be an address code for a paging transceiver, a mobile telephone number (MIN) for a mobile radiotelephone, or type of identifying information for a communication device." '241 Patent 7:50-61. |

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| | <br><br>FIG. 3<br><br>"A page call is processed by **transmitting selective call signals from transceiver base station 37** at step 82. If a page acknowledgment is desired for verification that the paging transceiver 100 recipient received the selective call signals, an Ack signal is manually or automatically transmitted from the paging transceiver 100 to base station 34 for storage in the subscriber database of paging terminal controller 31 at step 82." '241 Patent 8:66-9:6.<br><br>One skilled in the art would understand that a transceiver (38 in Fig. 3) allows for transmitting and receiving. The two-way communication arrow in Fig. 3 is consistent with this understanding. |
| means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the information; and | claim limitation:  means for receiving a request transmitted from any one of the one or more devices<br><br>function:  receiving a request transmitted from any one of the one or more devices<br><br>structure:  system 30 in combination with base station 34<br><br>"If, on the other hand, a call is required, then at step 134 the CPU 27 next determines whether a call is already in progress. **If a call is in progress, the CPU 27 exchanges data with the system 30 and base station 34 at step 135 and the function is performed or executed at step 136. The data that is exchanged at step 135 includes a request signal** |

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                   Docket No.: 032697.0007-US12

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| | **that is sent from the paging transceiver 100 to the system 30 specifying the desired action** and the particular information or message." '241 Patent 10:63-11:3. |

"With reference to FIG. 3, **a system 30 according to a preferred embodiment of the invention is interconnected to a base station 34** . . ." '241 Patent 6:17-19.

"The base station 34, as shown in FIG. 3, comprises a switch 36, a transceiver antenna 37, and a transceiver base station 38. In response to a received message, the system 30 passes control information to switch 36 for setting up a page call. The switch 36, for instance, may be a mobile telephone switching office (MTSO) for interfacing to the transceiver base station 38. In the send page mode, selective call signals having an address associated with the paging transceiver 100 are transmitted. The address may be an address code for a paging transceiver, a mobile telephone number (MIN) for a mobile radiotelephone, or type of identifying information for a communication device." '241 Patent 7:50-61.



FIG. 3

"A page call is processed by transmitting selective call signals from transceiver base station 37 at step 82. If a page acknowledgment is desired for verification that the paging transceiver 100 recipient received the selective call signals, an **Ack signal is manually or automatically transmitted**

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| | from the paging transceiver 100 to base station 34 for storage in the subscriber database of paging terminal controller 31 at step 82." '241 Patent 8:66-9:6.<br><br>One skilled in the art would understand that a transceiver (38 in Fig. 3) allows for transmitting and receiving. The two-way communication arrow in Fig. 3 is consistent with this understanding. |
| means for performing the action. | claim limitation: means for performing the action<br><br>function: performing the action<br><br>structure: system 30<br><br>"With reference to FIG. 3, a **system 30 according to a preferred embodiment of the invention is interconnected to a base station 34**, both of which are connected to the Public Switched Telephone Network (PSTN) or to other telephone company equipment 35. The system 30 comprises a paging terminal controller 31 which may comprise a controller circuit and associated memory having a database of subscriber listings and corresponding selective call address fields. The paging terminal controller 31 communicates with storage and retrieval unit 32 and correlates messages with subscriber listings. The storage and retrieval unit 32 may comprise a CPU or control circuit, message information and program memory, memory interface circuitry and a DSP with appropriate operational code for storage and retrieval of the desired messages. The input/output controller 33 contains all necessary input and output circuitry such as encoders and decoders, modems and required routing and control circuitry for communicating with the paging terminal controller 31, the storage and retrieval unit 32, the PSTN 35, and the base station 34." '241 Patent 6:17-36. |

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

| The '241 Patent Claim 1 | Means-Plus-Function Claim Limitations |
|---|---|
| |  FIG. 3 <br><br> "The message information is used by the paging transceiver 100 to inform the user of the message or information stored at the system 30. The message type, length, priority, and additional descriptive material may be displayed or otherwise indicated to the user at the paging transceiver 100. From this information, **the user can decide what type of action to take upon the message or information at the system 30**." '241 Patent, 18:44-51. <br><br> "The paging transceiver 100 as discussed above may instead respond to base station 34A to retrieve the message and base station 34A would communicate with **system 30B to retrieve or otherwise act upon the message**. '241 Patent, 18:39-43. |

None of the "means for" limitations recited in the claims of the '241 patent is modified by sufficient structure to negate the presumption of applying § 112 ¶ 6 to each of the "means for" limitations. M.P.E.P. § 2181(I).

### C.    Summary of the Prosecution History of the '241 Patent

The application issuing as the '241 patent was filed as a divisional of Application No. 09/688,321 with 53 claims on February 7, 2005.  Applicant filed a preliminary amendment with the

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

application that cancelled claims 1-53 prior to examination and added new claims 54-92. The Applicant also amended the specification in a number of places.

In the first Office Action dated May 2, 2006, the examiner rejected all of the pending claims, *i.e.*, 54-92, on the grounds of obviousness-type double patenting over claims 1-53 of U.S. Patent No. 6,233,430. There were no prior art based rejections in this Office Action.

In response to the May 2, 2006 Office Action, Applicant filed an Amendment and a Terminal Disclaimer on May 24, 2006. On June 21, 2006, the Applicant supplemented his May 24, 2006 response, by amending the claims. Applicant's May 24 response amended various elements of claims 54-58, 62, 66-68, 80-84, 92. Applicant also cancelled claims 64 and 77 and added new claims 93-149.

The Patent Office issued a Notice of Allowance and Notice of Allowability on August 8, 2008, allowing all pending claims: 54-63, 65-76, and 78-149. The Notice of Allowability stated the following regarding the Applicant's terminal disclaimer:

> The terminal disclaimer filed on 05/24/06 disclaiming the terminal portion of any patent granted on this application which would extend beyond the expiration date of US Patent 6,233,430 has been reviewed and is accepted. The terminal disclaimer has been recorded.

The August 8, 2008 Notice of Allowability also included the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[1], and similarly in claims 67[2], and 80[3].

---

[1] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[2] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[3] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

## V.    PATENT OWNER'S CLAIM INTERPRETATIONS MADE IN A COURT RECORD

The following section contains excerpts from complaints filed by the patentee pertaining to alleged infringement of the claims of the '241 patent. The originally filed complaints are attached hereto as Exhibit C.

Although a request for reexamination is limited to prior art patents and printed publications, the Examiner may also consider admissions by the patent owner of record in the file or in a court record. *See* M.P.E.P. § 2617(III). An admission by the patent owner of record in the file or in a court record may be utilized in combination with a patent or printed publication. *Id.* The admission can reside in the patent file (made of record during the prosecution of the patent application) or may be presented during the pendency of the reexamination proceeding or in litigation. *Id.*

The following paragraphs are quoted from the originally filed Complaint in *Helferich Patent Licensing, LLC v. CBS Corporation*, No. 1:11-cv-07607 (N.D. Ill. Oct. 25, 2011), ECF No. 1. This information is provided to inform the Examiner of the breadth of the constructions and corresponding structure for the means-plus-function limitations asserted by the patentee in the litigation with respect to certain features the patentee contends are covered by the '241 patent.

> 11. On December 26, 2006, the Patent Office issued Patent No. 7,155,241 entitled "Systems and Methods for Enabling a User of a Communication Device to Manage Remote Information" (the "'241 patent"). HPL is the exclusive licensee of all right, title, and interest in the '241 patent.

> 12. The '241 patent provides for methods and systems relating to wireless messaging to mobile devices. More particularly, the '241 patent includes claims that relate to the transmission of notification messages to mobile devices that include acknowledgement requests. Examples of such notifications include MMS notifications, which include requests for delivery reports.

> 17. Within the last six (6) years, CBS has initiated and caused numerous infringing messages to be sent in connection with at least the following product and service offerings:
> a) CBS provides alerts to its customers' mobile devices via SMS messaging, whereby CBS causes infringing messages to be sent to its

customers' mobile devices alerting its customers of programming and
other offerings that often include an identifier of content (such as a URL)
within the notification. Moreover, such notifications often link to dynamic
content (e.g., content that is changed between the time of the original
notification and the time such content is requested), as well as indicate the
time the identified content is to be available. For example, in October,
2011, CBS sent a message to its mobile alert subscribers via SMS
pertaining to a news story form the CBS Program Entertainment Tonight.
The SMS message linked to the mobile website for Entertainment
Tonight. Figure 1, below, shows the message, and Figures 2 and 3 show
that the content is dynamic because the content was different when
accessed at two different times.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

 

**Figures 1, 2, and 3.**

Figure 1 provides an example of an SMS
message created and caused to be delivered by
CBS containing a specific URL identifying the
CBS content shown in Figures 2 and 3, which
CBS delivered to a mobile phone upon a
request (using the provided URL) to do so.
Figure 2 shows the content when first
accessed, and Figure 3 shows the content when
accessed at a later time with an additional
comment.



(b) CBS also provides alerts to its customers' mobile devices via MMS
messaging, whereby CBS causes infringing messages to be sent to its
customers' mobile devices alerting its customers of programming and

other offerings that often include an identifier of content (such as a URL) within the notification. Further, these MMS messages include acknowledgement requests, include an indication of the time the MMS content is available, and enable CBS to receive commands to perform on the content. For example, on May 3, 2010, CBS sent a mobile alert to its subscribers via MMS messaging that included a slideshow for CBS's "Entertainment Tonight" program. Figures 4-6, below, show the message and the content.





**Figure**s 4-6. CBS initiated the above MMS message to a mobile user containing a slide show including the two photographs pictured.

(c) CBS also causes infringing messages to be sent through its various social media websites. For example, in conjunction with its @CBSNews Twitter feed, CBS causes thousands, if not millions, of infringing messages to be sent via SMS to its "followers" daily, as shown below in Figures 7 and 8. Many of the messages indicate the time the content is available, and others contain identifiers to dynamic content where the content is changed between the time of the notification and the time the content is requested by CBS's customers.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                                    Docket No.: 032697.0007-US12



**Figures 7 and 8** An @CBSNews Twitter feed
alert received via SMS messaging, and
associated with the content identified by
http://t.co/EUYaPOUB.

## VI.  OVERVIEW OF THE PRIOR ART PATENTS AND PRINTED PUBLICATIONS

The following section provides an overview of the prior art patents and printed publications
discussed in this request.  <u>None of the references cited in the present request was discussed on the
record or used in a rejection during prosecution of the application that gave rise to the '241 patent.</u>

The application issuing as the '241 patent claims priority as a divisional of U.S. patent
application Ser. No. 09/688,321, filed on October 13, 2000 (now U.S. Patent No. 7,003,304), which
claims priority as a divisional of U.S. patent application Ser. No. 08/934,143, filed on September
19, 1997 (Now U.S. Patent No. 6,233,430).  In establishing that the cited documents qualify as prior
art, Requester has ***assumed*** an effective priority date of September 19, 1997, but reserves the right
to challenge the priority date as appropriate issues arise during the course of the proceeding.

### A.  U.S. Patent No. 6,333,973 to Smith ("the '973 patent")

The Smith '973 patent entitled "Systems and Methods for Enabling a User of a
Communication Device to Manage Remote Information" issued on December 25, 2001, from an

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                      Docket No.: 032697.0007-US12

application filed on April 23, 1997, and, as such, qualifies as prior art to the '241 patent under 35
U.S.C. § 102(e). The '973 patent is not of record and was not considered by the Examiner during
prosecution of the application that gave rise to the '241 patent.

Figure 1 below shows a diagram of a communication network disclosed and claimed by the
'973 patent.



An integrated message center is a logical entity that resides in mobile telephone 1100 and
operates in conjunction with network services provider 1200 to inform a user of incoming and
pending messages, such as fax mail, e-mail, voice mail, etc. The integrated message center also
serves as a mechanism by which the user can retrieve, manipulate, and reply to all types of
messages. User manipulation of the pending messages might include the ability to view, prioritize,
edit, playback, discard, and/or forward messages. *See* '973 Patent, 3:50-59.

In the '973 system, the user uses mobile telephone 1100 to view messages from callers
having different types of caller equipment. *See* '973 Patent, 3:60-61. The callers leave different

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                Docket No.: 032697.0007-US12

types of messages for the user, depending upon the type of caller equipment.  *See* '973 Patent, 3:65-
67.

Network services provider 1200 stores many of the messages awaiting retrieval by the user
and notifies the user of the pending messages. Subscriber mobile telephone 1100 and caller
equipment 1300 through 1700 communicate with network services provider 1200 over a
communications network, such as Global System for Mobile Communications (GSM) switching
fabric 1800.  *See* '973 Patent, 4:1-7.

When the caller uses computer 1600 to send an e-mail message to the user, the caller enters
the message into the computer and affixes the user's e-mail address. The user's e-mail address
directs the e-mail message to network services provider 1200. Network services provider 1200
stores the e-mail message, and then sends a short message to mobile telephone 1100, notifying the
user of the pending e-mail message.  *See* '973 Patent, 4:57-64.

Figure 5 below shows the networks services provider 1200 in more detail.



**FIG. 5**

31

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                  Docket No.: 032697.0007-US12

FIG. 5 is a block diagram of the elements of network services provider 1200, including interface 5100, transcoder and rate adapter unit (TRAU) 5200, SMS server 5300, interworking function (IWF) servers 5400 and 5500, voice mail server 5600, fax 5 mail server 5700, e-mail server 5800, and backup 5900. Interface 5100 interfaces the elements of network services provider 1200 to GSM switching fabric 1800. *See* '973 Patent, 7:1-8.

The e-mail server 5800 processes and stores e-mail messages, and informs SMS server 5300 of the pending message and the identity of the caller. SMS server 5300, in turn, notifies the user of the pending message via an SMS e-mail notification message. The SMS notification message might include the sender's name, telephone number, and e-mail address, a time and date stamp, and the name and address of e-mail server 5800. Backup 5900 serves as a backup memory device that stores pending messages in the event of a failure in one of the servers. *See* '973 Patent, 8:1-10.

When the user wants to retrieve the e-mail message after viewing the e-mail notification message, the user first selects the e-mail icon corresponding to the e-mail message from the message center display (FIGS. 7A and 7B), and then instructs mobile telephone 1100 to retrieve the e-mail message by pressing the "View" button. In response, mobile telephone 1100 establishes a connection with network services provider 1200 to download the e-mail message from e-mail server 5800. *See* '973 Patent, 10:48-56.

The system disclosed by the '973 patent works for many types of messages including fax mail, e-mail, voice mail, etc. '973 Patent, 3:53-54. One particular type of message is a web page. Figures 9A and 9B below provide a detailed example of sending an SMS message the includes HTML code such as a hot-link to a web page.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12



**FIG. 9A**



**FIG. 9B**

FIGS. 9A and 9B are examples of screen displays for SMS text messages with hypertext markup language (HTML) code. The HTML code permits the caller to insert selection buttons or hot-links into the text message. FIG. 9A is an example of a screen display for a text message that includes two selection buttons. To respond to the text message, the user can simply press the "Yes" or "No" button. FIG. 9B is an example of screen display of a text message that includes a hot-link. By pressing the "TravelNorth" hot-link, mobile telephone 1100 establishes a telephone connection to the TravelNorth company or accesses their web page. *See* '973 Patent, 9:23-35.

The systems disclosed in the '973 works for many types of messages, including voice or other audio messages. As explained in column 7, lines 40-66 of the '973 patent, voice mail server 5600 processes and stores voice messages for the user. When a caller leaves a voice message, voice mail server 5600 stores the message at a location corresponding to the user and informs SMS server 5300 of the pending message. Voice mail server 5600 also notifies SMS server 5300 of the identity and telephone number of the caller which voice mail server 5600 obtains from the caller's telephone signal or from a local database. Voice mail server 5600 might make this notification via a direct connection to SMS server 5300, or might alternatively, make the notification via a modem connection. In response to the notification from voice mail server 5600, SMS server 5300

33

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                            Docket No.: 032697.0007-US12

formulates an SMS voice mail notification message to notify the user of the voice mail message. The voice mail notification message might include the caller's name and telephone number, a time and date stamp, and the name and address of voice mail server 5600.  *See,* '973 Patent, 7:40-66.

### B.      The NAIS Article

The *Nomadic Access to Information Services By A GSM Phone* article (M. Kylänpää et al.) ("the NAIS article" or "NAIS") was published in 1996 and, as such, qualifies as prior art to the '241 patent under 35 U.S.C. § 102(a). The NAIS article is not of record and was not considered by the Examiner during prosecution of the application that gave rise to the '241 patent.

Figure 1 below shows a configuration of the NAIS system.



Fig. 1. The NAIS configuration.

As shown above in Figure 1, the NAIS system consists of user terminals, which are GSM mobile phones equipped with short message send and receive functionality, and a NAIS server, which is a GSM phone with a GSM data card connected to the computer. The server can also be implemented with a direct network access to SMSC (short message service center). In this case, the server does not need a GSM phone with the data card to establish the connection. The NAIS server

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

also contains a voice/fax/data modem, which can be used to record and send voice messages and to send fax messages. *See* NAIS article, pg. 652.

The communication between the user terminals and the server is made using SMS. The user has a predefined command set, which can be used to execute different applications in the NAIS server. These applications are normally information queries updates. The possible results of the executions can be sent back to the user using SMS, fax or making a voice call. *See* NAIS article, pg. 652.

One application for the NAIS system is to provide remote access to the user's e-mail. When traveling, it is useful to be able to receive and send e-mail messages. However, it is not always convenient to carry a notebook PC with a modem everywhere. The NAIS system can be used to provide e-mail access services for the GSM phone user. *See* NAIS article, pg. 653.

The purpose of the alerting service is to notify the mobile user of incoming mail. When the user receives a new e-mail, the NAIS system generates a new SMS message and sends it to the user's GSM phone. The message contains the sender and subject fields of the e-mail message. The user can also specify which kinds of e-mails cause alerting and thereby eliminate unnecessary alerting. Alerting is a typical pager service. Use of GSM SMS eliminates the need for an additional pager. *See* NAIS article, pg. 653.

The mail list service allows a user to get a list of incoming mails. This list contains the sender and subject fields of e-mails. The NAIS system attaches a message ID to each e-mail list item, so that the ID can be used to retrieve the message itself. It is also possible to list the contents of another mail folder with the mail list service. *See* NAIS article, pg. 653.

With the message retrieval service a user can retrieve his e-mail messages. This may be done in several ways as described below. Figure 2 illustrates an example of how an incoming SMS message is processed for the email message retrieval. The incoming message sender is first authenticated by checking valid users from the user database. Mail handling application is then started as specified in the user's profile. Special media conversion utilities are used to convert MIME multimedia mail body parts to the transfer media. *See* NAIS article, pg. 654.

Audio mail messages and audio MIME body parts can be retrieved using a voice modem. Also text parts can be converted into audio using a speech synthesizer. In addition, the GSM speech

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

channel can be used as an information channel to receive audio messages, which can also be synthesized from textual data. NAIS article, pg. 652. Almost everything printable can be converted to fax format and can be retrieved using a fax modem. This includes text and pictures in several formats. Short mail messages in text format can be retrieved using SMS. Mail messages or body parts longer than 160 characters are split into several SMS messages. The conversion mechanism converts only those MIME body parts which are meaningful for the transfer media (voice, fax, SMS). *See* NAIS article, pg. 654.



Fig. 2. The NAIS server data-flow diagram for the e-mail message retrieval.

C.      **U.S. Patent No. 5,878,351 to Alanara et al. ("the '351 patent" or "Alanara")**

The Alanara '351 patent entitled "Methods and Apparatus for Providing Delayed Transmission of SMS Delivery Acknowledgment, Manual Acknowledgement and SMS Messages" issued on March 2, 1999, from an application filed on November 7, 1996, and, as such, qualifies as prior art to the '241 patent under 35 U.S.C. § 102(e). The '351 patent is not of record and was not considered by the Examiner during prosecution of the application that gave rise to the '241 patent.

36

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

It an object of the invention claimed by the '351 patent to provide a mobile station executed method for buffering, and subsequently automatically transmitting, SMS messages or SMS acknowledgement messages in a digital cellular system. *See* '351 Patent, 2:43-46. Figure 2 below shows a mobile station and cellular communications system to which the mobile station is bidirectionally coupled through wireless RF links.



Figure 2 illustrates a wireless user terminal or mobile station 10, such as but not limited to, a cellular radiotelephone or a personal communicator, that is suitable for practicing this invention. The mobile station 10 includes an antenna 12 for transmitting signals to and for receiving signals from a first base site or base station 30. The base station 30 is a part of a first cellular network comprising a Base Station/Mobile Switching Center/Interworking function (BMI$_1$) 32 that includes a mobile switching center (MSC) 34 and a Message Center (MC) 36. The MSC 34 provides a connection to landline trunks when the mobile station 10 is involved in a call. FIG. 2 also shows a second BMI$_2$ 32', having associated base station(s) 30' and MSC 34'. The second BMI$_2$ 32' may or may not include a message center. *See* '351 Patent, 3:47-61.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                   Docket No.: 032697.0007-US12

The mobile station 10 can be capable of operating with one or more air interface standards, modulation types, and access types. By example, the mobile station may be capable of operating with any of a number of other standards besides IS-136, such as GSM and IS-95 (CDMA). Some narrow-band AMPS (NAMPS), as well as TACS, mobile stations may also benefit from the teaching of this invention, as should dual or higher mode phones (e.g., digital/analog or TDMA/CDMA/analog phones). It should thus be clear that the teaching of this invention is not to be construed to be limited to any one particular type of mobile station or air interface standard. *See* '351 Patent, 5:9-23.

In the system disclosed by the '351 patent, the sender of an SMS message can include a request for acknowledgement: "SMS Delivery ACK" or "SMS Manual ACK."  When the SMS Delivery ACK is specified, the mobile station automatically transmits the acknowledgement message upon delivery (i.e., display) of a stored SMS message to the user. When the SMS Manual ACK is specified, the mobile station transmits the acknowledgement message, and the user's response, after delivery and the user's input. *See* '351 patent, 1:58-64.

The '351 patent discloses that the controller 18 can also time-tag the stored SMS ACK message 24*b* so as to indicate a time at which the corresponding SMS message was delivered and/or manually acknowledged by the user.  See '351 patent, 6:26-29.

### D.     U.S. Patent No. 5,845,202 to Davis ("the '202 patent" or "Davis")

The Davis '202 patent entitled "Method and Apparatus for Acknowledge Back Signaling Using a Radio Telephone System" issued on December 1, 1998, from an application filed on September 30, 1996, and, as such, qualifies as prior art to the '241 patent under 35 U.S.C. § 102(e)[4]. The '202 patent is not of record and was not considered by the Examiner during prosecution of the application that gave rise to the '241 patent.

---

[4] The '202 patent may be entitled to an earlier § 102(e) prior art date as the application issuing as the '202 patent is a continuation-in-part of Ser. No. 573,907 (filed Dec. 18, 1995, and now abandoned), which is a continuation of Ser. No. 263,495 (filed Jun. 20, 1994, and now abandoned), which is a continuation of Ser. No. 982,325 (filed Nov. 27, 1992, and now abandoned).  Should the need arise in the course of the proceeding, Requester reserves the right to establish an earlier § 102(e) prior art date for the '202 patent.

Figure 1 of the '202 patent, below, depicts a combination selective call messaging system and cordless telephone system in accordance with a preferred embodiment. *See* '202 Patent, 1:65-67.



**FIG. 1**

Referring to FIG. 1, a selective call signaling system combining a wide area messaging system 10 and a radio telephone system, such as a cordless telephone system 15, uses the public switched telephone network (PSTN) 20 for communication therebetween. A preferred embodiment of the present invention utilizes a second generation cordless telephone (CT-2) system, which is a less expensive alternative to other radio telephone systems, such as cellular telephone systems. A message originator utilizes a message entry device 25 to enter message information via the PSTN 20 for encoding and transmission to a subscriber of the messaging system 10. *See* '202 Patent, 2:23-34.

The message originator initiates a message transmission sequence via the message entry device 25 by entering a voice or data message in the form of a call to the system access number of the specific message receiving device (such as a combination radio/telephone transceiver 40) to be

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                              Docket No.: 032697.0007-US12

called. The message originator is coupled to a selective call terminal 32 via a telephone network interface 30 of the messaging system 10 and PSTN path 22. *See* '202 Patent, 2:41-48.

      In the selective call terminal 32, the message is initially entered in a buffer memory 44 for temporarily storing messages. Then, after the originator has ended the message entry sequence, the terminal 32 accesses a subscriber database 34 to obtain a subscriber address to associate with the message information to form a selective call message. In accordance with the present invention, if the originator has entered the special code signal indicating an acknowledgment is desired, an acknowledge-back (ack-back) message flagger portion 42 of the terminal 32 flags the message, and the terminal 32 places the flagged message into the messaging system queue 36 for later transmission. The ack-back flagger 42 can, for example, flag the message by using an address that is reserved for messages with acknowledge requests, or it can attach an acknowledgment request flag to a general addressing functional portion of the message containing a distinct address associated with the receiving device. When an address that is reserved for messages to be acknowledged is used, the "ack" address can be appended to the subscriber address that is unique to the receiving device. *See* '202 Patent, 2:59-3:11.

      The messages stored in the message queue 36 are retrieved sequentially by the terminal 32 and provided to the message transmitters 38 for transmission as selective call signals therefrom. *See* '202 Patent, 3:11-14.

      In accordance with the preferred embodiment of the invention disclosed and claimed by the '202 patent, the radio/telephone 40 receives selective call signals broadcast by the messaging system 10 via the message transmitters 38. If a flagged message is received by the radio/telephone 40, a cordless telephone link is established between the radio/telephone 40 and the cordless telephone system 15. *See* '202 Patent, 3:23-29.

      Figure 5 below is a signal diagram of a selective call signal provided within the combination selective call messaging system and cordless telephone system of Figure 1. *See* '202 Patent, 2:16-19.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12



450

## *FIG. 5*

Referring to FIG. 5, a selective call signal 450 depicts the transmission of selective call messages 405, 410 to a combination radio/telephone transceiver 40, such as receiver A, within the messaging system 10. When messages are provided to receiver A, the signal 450 includes, for each message 405, 410, an address 415, 420 associated with receiver A. Additionally, when the message originator has requested an acknowledgment of a message, such as message 405, the message 405 can be flagged with an acknowledgment request flag 425 distinct from the address 415. The acknowledgment request flag 425 can be, for instance, another address that is different from and appended to the address assigned to receiver A. In this manner, the radio/telephone 40 can receive both messages that require an acknowledgment and messages that do not. *See* '202 Patent, 7:31-45.

### E.    U.S. Patent No. 6,201,974 to Lietsalmi et al. ("the '974 patent" or "Lietsalmi")

The Lietsalmi '974 patent entitled "Mobile Station and Network Having Hierarchical Index for Cell Broadcast Service" issued on March 13, 2001, from an application filed on August 20, 1997, which claimed priority to Provisional App. No. 60/025,594 (filed Sep. 6, 1996) and, as such, qualifies as prior art to the '241 patent under 35 U.S.C. § 102(e). The '974 patent is not of record and was not considered by the Examiner during prosecution of the application that gave rise to the '241 patent.

The invention disclosed and claimed by the '974 patent relates generally to radiotelephones and, in particular, to radiotelephones or mobile stations such as those capable of operation with a cellular network and/or a personal communications network. '974 Patent, 1:17-20. Figure 2, below, illustrates a cellular communication system to which the mobile station is bidirectionally coupled through wireless RF links. *See* '974 Patent, 3:4-6.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                      Docket No.: 032697.0007-US12



FIG. 2

     Figure 2 illustrates a wireless user terminal or mobile station 10, such as but not limited to, a

cellular radiotelephone or a personal communicator, that is suitable for practicing this invention.

The mobile station 10 includes an antenna 12 for transmitting signals to and for receiving signals

from a base site or base station 30. The base station 30 is a part of a cellular network comprising a

Base Station/Mobile Switching Center/Interworking function or BMI 32. The BMI 32 includes a

Mobile Switching Center (MSC) 34. The MSC 34 provides a connection to landline trunks when

the mobile station 10 is involved in a call. In accordance with this invention the BMI 32 includes a

Broadcast Message Center (BMC) 33 that formats and transmits messages and message index

information on logical subchannels of a forward digital radio channel, in accordance with the description that follows. *See* '974 Patent, 3:43-49.

The mobile station 10 can be capable of operating with one or more air interface standards, modulation types, and access types. By example, the mobile station may be capable of operating with any of a number of other standards besides IS-136, such as GSM and IS-95 (CDMA). '974 Patent, 4:34-38. The mobile station 10 and BMI 32 cooperate to implement the improved cell broadcast service and functions described below. *See* '974 Patent, 4:46-49.

The Cell Broadcast Service is but one of various cellular services provided by cellular network operators. With the Cell Broadcast Service, short text messages can be broadcast to mobile stations, and can be received by any mobile stations within a certain area. There are different kinds of broadcast messages. *See* '974 Patent, 4:53-58. The invention disclosed by the '974 patent beneficially provides for the use of an Index Message in a Cell Broadcast Service.

An Index Message is considered herein to be a special type of Cell Broadcast message that contains information about actual broadcast messages being transmitted on other subchannels within a given cell associated with a base station 30 of the cellular communication system. '974 Patent, 4:65-5:4. The use of the cell broadcast-related Index Messages, in accordance with this invention, provides a number of advantages over the prior art methods for broadcasting messages to mobile stations. These advantages include, but are not limited to increasing the speed and efficiency of user operations, thereby reducing network traffic and lowering the battery consumption of the mobile station (item (f)). *See* '974 Patent, 5:13-26.

The '974 teaches two messages: SMS Index message and SMS Deliver message. The SMS Index message is sent to the mobile station 10 to enable the end user to select messages to be read easily from an index. This message also carries information about the system operator. '974 Patent, 15:32-35. The SMS Deliver message carries the User Data Unit, that is, the message information. *See* '974 Patent, 15:56-58.

Figure 18A below shows an SMS Deliver message used to support mobile station terminated Broadcast SMS delivery in accordance with the '974 patent. *See* '974 Patent, 3:31-33.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                Docket No.: 032697.0007-US12

| INFORMATION ELEMENT | TYPE | LENGTH |
|---|---|---|
| MESSAGE TYPE INDICATOR | M | 2 |
| MESSAGE REFERENCE | M | 13 |
| TOTAL # OF MESSAGES | M | 10 |
| MESSAGE # | M | 10 |
| MANUAL ACKNOWLEDGMENT REQUEST | M | 2 |
| RESERVED | M | 3 |
| USER DATA UNIT | M | 16—* |
| MESSAGE PROVIDER | O | 16—* |
| CALL BACK NUMBER (NOTE 1) | O | 20—* |
| CALL BACK NUMBER PRESENTATION INDICATOR (NOTE 2) | O | 8 |
| CALL BACK NUMBER ALPHA TAG (NOTE 2) | O | 16—* |

## FIG.18A

If the Manual Acknowledgment Request information element received in an SMS
DELIVER message indicates that Manual Acknowledgment is prohibited, the mobile station 10
does not send an SMS MANUAL ACK message in response to the SMS DELIVER message.  If the
Manual Acknowledgment Request information element received in an SMS DELIVER message
indicates that Manual Acknowledgment is provided or requested, the mobile station 10 may send a
SMS MANUAL ACK message in response to the SMS DELIVER message upon user indication.
In a case when Manual Acknowledgment is either provided or requested the R-DATA which carries
the SMS DELIVER message also includes the necessary address fields.  *See* '974 Patent, 15:61-
16:14.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                              Docket No.: 032697.0007-US12

Figure 28C below provides the format for the Message # field depicted in Figure 18A
above.  The Message # (FIG. 28C) is a reference to a specific SMS DELIVER message (see the
Message # information element). If the value is zero, the entire message is included in the Message
Summary and there is no need to read any SMS DELIVER message to retrieve the message.  *See*
'974 Patent, 18:48-53.

| VALUE | FUNCTION |
|---|---|
| 00 0000 0000 | NO LINK TO SMS DELIVER MESSAGE. |
| 00 0000 0001 | THE FIRST SMS DELIVER MESSAGE. |
| . . . | . . . |
| 11 1111 1111 | THE 1023rd SMS DELIVER MESSAGE. |

FIG.28C

Accordingly, the SMS message structure depicted in Figure 18A above contains both a
message # and an acknowledgement request.

### F.     U.S. Patent No. 5,487,100 to Kane ("the '100 patent")

The '100 patent issued on January 23, 1996. As such, the '100 patent qualifies as prior art
for the '241 patent under 35 U.S.C. § 102(b). The '100 patent is listed on the face of the '241 patent,
but was not discussed on the record by the Examiner or used in a rejection during prosecution of the
application that gave rise to the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

Figure 1 of the '100 patent is shown below:



*FIG.1*

Figure 1 shows a communication system 100 utilizing a paging transmitter system 120, 122, 124, 126, for delivering messages to at least one portable remote unit, such as a portable selective call receiver 130. A central terminal 102 includes input sections 110, 112 for receiving inputs from a number of different devices 104, 106, 108, including receiving page requests for initiating pages that are transmitted by the paging transmitter system 120, 122, 124, 126, to the at least one portable remote unit 130. The central terminal 102 has input sections 110 that interface with the telephone company equipment, such as the public switched telephone network (PSTN) 107. Personal computers or other computing devices 104 can access the input sections 110 through the PSTN using a dial-up telephone line and modem communication. Typically, these input devices 104, 106, can remotely initiate page requests through the central terminal 102 by calling up the input sections 110 of the central terminal 102 over dial-up telephone lines of the PSTN 107. *See* '100 Patent, 2:58 - 3:12.

Alternatively, other input sections 112 of the central terminal 102 can receive inputs, such as page requests, from local computing interfaces 108, such as for interfacing with a local personal

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                    Docket No.: 032697.0007-US12

computer, a console, or other terminal device. Also, an interface 109 to an X.400 network 113 can handle message delivery between the input sections 112 of the central terminal 102 and one or more originating devices on the X.400 network 113. *See* '100 Patent, 3:13-24.

The input sections 110, 112, communicate page requests to a controller 114 through a communication bus 116. The controller 114 may include controller circuitry and associated memory such that an incoming page request may be accepted and stored into available memory for subsequent transmission to one or more selective call receivers 130. *See* '100 Patent, 3:25-30.

A non-volatile memory device 118, such as battery backed up RAM, one or more disc drive units, or other non-volatile storage medium, is utilized by the controller 114 for longer term storage of messages destined for the one or more selective call receivers 130. The controller 114 typically couples the message information and other associated information to the memory device 118 via the bus 116. The message information, which can include numeric, alphanumeric, or binary information, and other associated information, is stored in the memory 118 and can be used by the controller 114 for keeping track of the messages being delivered to the remote units 130. The message information can also be used by the controller 114 to provide a means through the central terminal 102 for delivering reply messages from the remote units 130 back to one or more X.400 originating devices on the X.400 network 113. *See* '100 Patent, 3:31-48.

Additionally, a timing module 128 provides time information to the controller 114. The time information, e.g., date and time of day information, can be utilized for keeping track of messages being processed by the central terminal 102, for communicating time information along with the delivered messages to the selective call receivers 130, and for other system administrative and maintenance functions for the central terminal 102. This time information can also be used to facilitate X.400 message addressing and delivery between the X.400 network 113 and the remote units 130, as will be more fully discussed below. *See* '100 Patent, 3:49-59.

The controller 114 couples messages to the paging encoder 120 over the bus 116 for encoding the messages for transmission over a paging channel. The paging encoder 120 then couples the encoded messages over a communication path 122 to one or more paging transmitter systems 124, 126, for transmission over a paging communication channel. The communication path 122, in this example, routes the messages from the central terminal 102 to a paging transmitter

system 124, 126, and over a paging communication channel for reception by the one or more selective call receivers 130. *See* '100 Patent, 3:60 - 4:9.

The selective call receiver 130 preferably incorporates a paging receiver 134 that operates to receive messages transmitted over the paging communication channel through the antenna 132.. *See* '100 Patent, 4:10-18.

The paging receiver 134 couples a received message to the controller 136 through the bus 138. The controller 136 operates to decode the received message and match address information in the received message to a predetermined address in the selective call receiver 130. In this way, the controller 136 can determine whether the received message is intended for the particular selective call receiver 130. Further, a memory 140 is coupled to the paging receiver 134 and the controller 136 through the bus 138 for storing the received message in the memory 140. A user can access user input means 141, such as buttons or switches, at the remote unit 130 to cause the message data of a received message to be displayed on a display, e.g., a liquid crystal display (not shown). The user can then read the message that is visible on the display. User input at the remote unit 130 can also cause the remote unit 130 to perform other functions known to users of selective call receivers and portable personal computing devices. *See* '100 Patent, 4:19-36.

A real time clock 142 is also coupled through the bus 138 to the controller 136 for providing time information thereto. The remote unit 130 is then capable of providing time information to the user as part of displaying information on the display (not shown). Additionally, the controller 136 can utilize the time information provided by the real time clock 142 for other useful operations in the selective call receiver 130.  *See* '100 Patent, 4:37-44.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

Figure 2 of the '100 patent is shown below:



## FIG.2

FIG. 2 shows a message database 202 in the central terminal memory 118 for keeping track of X.400 electronic mail messages delivered through the central terminal 102 and for allowing reply messages from the remote units 130 through the central terminal 102 and back to the originating device through the X.400 network 113. The message database 202 is maintained for each subscriber identified by a subscriber address in the communication system 100. The subscriber address is typically located in a subscriber database (not shown) in the terminal memory 118 for sending messages to the remote units 130. On the other hand, the message database 202 allows the central terminal 102 to keep track of the X.400 messages being sent to the remote units 130 while allowing

the central terminal 102 to service reply message requests from the remote units and destined for the originating device in the X.400 network 113. '100 Patent, 5:23-39.

When the controller 114 determines that an X.400 message is requested to be sent to one or more remote units 130 from an X.400 originating device, the controller 114 stores a copy of the X.400 message intact in the central terminal memory 118. A message record 204 is stored in the message database 202 including a message I.D. field 208 and a time tag field 210 for identifying the message record 204 in the message database 202. The X.400 message information, such as the originator's I.D. 212, the message body 214, and other associated X.400 information 216 are also stored in the message record 204 in the message database 202. Similarly, as other messages are received by the central 102 additional message records 206 are created in the message database 202 for keeping track of those messages being processed through the communication system 100. '100 Patent, 5:40-54.

Preferably, the message I.D. 208 is a short string of characters, which can identify the originator of the X.400 message from the X.400 network 113. For example, the message I.D. 208 can comprise the surname (SN) information from the X.400 message which identifies the originating device of the X.400 message. Further, the controller 114 accesses the timing module 128 to get timing information which the controller 114 then adds to the message record 204 as part of a time tag field 210. The combination of the message I.D. 208 and the time tag 210 identify the originator of the message and the specific occurrence of the message, e.g., the time of occurrence, through the central terminal 102. Hence, if multiple messages originate from the same originating device, they are distinguishable from each other due to the time tag field 210. In this way, the central terminal 102 can keep track of the X.400 messages that it services. Additionally, the central terminal 102 sends along with the transmitted message the message I.D. information 208, and the time tag information 210 for identifying the message to the destination remote unit 130. The message I.D. information 208 and the time tag information 210 require typically about 20 characters to be transmitted with the message over the paging communication channel. This is much more efficient than transmitting the original X.400 address information which can require upwards of 400 characters to identify the X.400 address for the X.400 network 113. Therefore the paging

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                            Docket No.: 032697.0007-US12

communication channel bandwidth is more efficiently utilized by the communication system 100 in delivering the electronic mail messages to the remote units 130. '100 Patent, 5:55 - 6:17.

### G.    U.S. Patent No. 5,349,678 to Morris et al. ("the '678 patent")

The '678 patent entitled "Versatile RF Data Capture System" issued on September 20, 1994, and, as such, qualifies as prior art to the '241 patent under 35 U.S.C. § 102(b). The '678 patent is not of record and was not considered by the Examiner during prosecution of the application that gave rise to the '241 patent.

The '678 patent is directed to a wireless client/server system in which a server communicates wirelessly with remote client data collection terminals. The terminals are handheld devices 112, as illustrated, for example, in Figure 2 of the '678 patent.  The server in the system will wirelessly download data, particularly modules of application programs (referred to as root modules and overlay modules in the '678 patent), to the terminals. '678 patent, 9:61-10:2. The applications are partitioned, so that the terminals only download the application modules that they need to perform their data collection activities. *Id*. A new module is retrieved when the microprocessor on the client side (in the terminal) "is executing the last instruction of a root module or an overlay module." '678 patent, 10:10-15; 10:65-11:2; *see also* 11:3-14.

Each terminal 112 includes, as shown in FIG. 3, a radio module 152 which is capable of receiving and transmitting RF signals to a base radio transceiver 114, which may illustratively take the form of that model RB3000 base radio transceiver as manufactured by Norand Corporation. In turn, the received signals are transmitted to database server 130, which in response to the received signals applies signals to the base radio transceiver 114 to be transmitted to a selected one of the plurality of the terminals 112. '678 patent, 6:28-54. As explained in column 6 of the '678 patent, much of the data and software to be used by the terminals 112 need not be stored with in the terminal's memory, but rather may reside in the database of the server 130 or in the memory of the host computer 118. Thus, when that data and/or program stored in the database server 130 is needed, the needing terminal 112 formulates its SQL request message, transmits that message via the base radio transceiver 14 to be processed by the database server 130, which accesses its database

51

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                    Docket No.: 032697.0007-US12

(or the memory of the host computer 118) and retransmits the requested data or programs back to

the requesting terminal 112. '678 patent; 6:63-7:6.



FIG. 2

The database server 130 of the '678 patent comprises a processor 132 that process and stores

data and application programs prior to sending them to remote units 112. FIG. 7 shows the

hardware architecture of the database server 130, including a data bus 134 for connecting the

various elements thereof, a microprocessor 132 illustratively taking the form of that processor

manufactured by Intel under its model No. 80386, a ROM 135 for the computer powerup program,

the diagnostic programs and the BIOS program, the dynamic RAM (DRAM) 136 serving as a

memory for a database server program, server data, and a "cache" memory for the database, and a

mass storage in the illustrative form of the hard disk drive 137 for storing all of the partitioned

application programs and application specific data to be called by the plurality of terminals 112a,b-

n. '678 patent, 9:41-53. As shown in Figure 7 of the '678 patent, radio module 114 provides the

wireless connection to the terminals 112.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241
Docket No.: 032697.0007-US12



FIG. 7

## VII. STATEMENT ESTABLISHING A REASONABLE LIKELIHOOD THAT THE REQUESTER WILL PREVAIL WITH RESPECT TO AT LEAST ONE CLAIM (RLP) PURSUANT TO 37 C.F.R. § 1.915(b)(3)

### A. The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39

The '973 patent in combination with the '351 patent establishes a RLP for claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 patent, as set forth in detail below in Section VIII.A. As detailed in Section VIII.A., the '973 patent in combination with the '351 patent discloses all of the limitations of the claims listed above, and the combination of the '973 and '351 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                Docket No.: 032697.0007-US12

In addition, the RLPs proposed by the combination of the '973 patent and the '351 patent highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. Neither the '973 patent nor the '351 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[5], and similarly in claims 67[6], and 80[7].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.A, the '973 patent discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the '973 patent in combination with the '351 patent provides new, non-cumulative technological teachings that render claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the '973 patent and the '351 patent establishes a reasonable likelihood that the requester will prevail with respect to claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 patent.

---

[5] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[6] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[7] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                          Docket No.: 032697.0007-US12

> **B.**    **The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40**

The '973 patent in combination with the '351 patent and the '100 patent establishes a RLP for claim 40 of the '241 patent, as set forth in detail below in Section VIII.B. As detailed in Section VIII.B., the '973 patent in combination with the '351 patent and the '100 patent discloses all of the limitations of claim 40, and the combination of the '973, '351 and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for claim 40.  As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.A. above, the '973 patent in combination with the '351 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the '973 patent in combination with the '351 and '100 patents also provides new, non-cumulative technological teachings with respect to claim 40.  Accordingly, as detailed in the accompanying claim charts below in Section VIII.B, the '973 patent in combination with the '351 patent and the '100 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

> **C.**    **The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40**

The '973 patent in combination with the '351 patent and the '678 patent establishes a RLP for claim 40 of the '241 patent, as set forth in detail below in Section VIII.C. As detailed in Section VIII.C., the '973 patent in combination with the '351 patent and the '678 patent discloses all of the limitations of claim 40, and the combination of the '973, '351 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

§ 103 for claim 40. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.A. above, the '973 patent in combination with the '351 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the '973 patent in combination with the '351 and '678 patents also provides new, non-cumulative technological teachings with respect to claim 40. Accordingly, as detailed in the accompanying claim charts below in Section VIII.C, the '973 patent in combination with the '351 patent and the '678 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

> **D.     The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54**

The '973 patent in combination with the '351 patent establishes a RLP for claims 41, 42, 47, 50, 53, and 54 of the '241 patent, as set forth in detail below in Section VIII.D. As detailed in Section VIII.D., the '973 patent in combination with the '351 patent discloses all of the limitations of the claims listed above, and the combination of the '973 and '351 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '351 patent highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. Neither the '973 patent nor the '351 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request,

> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[8], and similarly in claims 67[9], and 80[10].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.D, the '973 patent discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the '973 patent in combination with the '351 patent provides new, non-cumulative technological teachings that render claims 41, 42, 47, 50, 53, and 54 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the '973 patent and the '351 patent establishes a reasonable likelihood that the requester will prevail with respect to claims 41, 42, 47, 50, 53, and 54 of the '241 patent.

### E. The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85

The '973 patent in combination with the '351 patent and the '100 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.E. As detailed in Section VIII.E., the '973 patent in combination with the '351 patent and the '100 patent discloses all of the limitations of the claims listed above, and the combination of the '973, '351, and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As

---

[8] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[9] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[10] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

such, the present Request establishes a reasonable likelihood of success on the merits with respect
to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '351 and '100
patents highlight new, non-cumulative technological teachings not discussed on the record during
the prosecution history of the '241 patent.  None of the '973 patent, the '351 patent, and '100 patent
was cited or discussed on the record during prosecution of the application that gave rise to the '241
patent.  During prosecution of the application that gave rise to the '241 patent, the Examiner
provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[11], and similarly in claims 67[12], and 80[13].

August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.E, the
'973 patent discloses, among other things, the combination of features cited in the Reasons for
Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an
acknowledgement request.  Accordingly, the '973 patent in combination with the '351 patent and
the '100 patent provides new, non-cumulative technological teachings that render claims 71, 72, 77,
80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

---

[11] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[12] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[13] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

Accordingly, the combination of the '973 patent and the '351 and '100 patents establishes a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85 of the '241 patent.

> **F.    The '973 Patent (Smith) in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85**

The '973 patent in combination with the '351 patent and the '678 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.F. As detailed in Section VIII.F., the '973 patent in combination with the '351 patent and the '678 patent discloses all of the limitations of the claims listed above, and the combination of the '973, '351, and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '351 and '678 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the '973 patent, the '351 patent, and '678 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

action to be performed on the action, and means for performing the action
as cited in claims 54[14], and similarly in claims 67[15], and 80[16].

   August 8, 2006, Notice of Allowability, p. 2.

  As explained in further detail in the accompanying claim charts below in Section VIII.F, the
'973 patent discloses, among other things, the combination of features cited in the Reasons for
Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an
acknowledgement request. Accordingly, the '973 patent in combination with the '351 patent and
the '678 patent provides new, non-cumulative technological teachings that render claims 71, 72, 77,
80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

  Accordingly, the combination of the '973 patent and the '351 and '678 patents establishes a
reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85
of the '241 patent.

   **G.**   **The '973 Patent (Smith) in Combination with the '202 Patent
(Davis) Establishes a Reasonable Likelihood that the Requester will
Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39**

  The '973 patent in combination with the '202 patent establishes a RLP for claims 1, 2, 7, 10,
13, 14, 38, and 39 of the '241 patent, as set forth in detail below in Section VIII.G. As detailed in
Section VIII.G., the '973 patent in combination with the '202 patent discloses all of the limitations
of the claims listed above, and the combination of the '973 and '202 patents is at most the mere
application of known techniques to a known system ready for improvement to yield predictable
results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C.
§ 103 for each of the claims listed above. As such, the present Request establishes a reasonable
likelihood of success on the merits with respect to the claims listed above.

  In addition, the RLPs proposed by the combination of the '973 patent and the '202 patent
highlight new, non-cumulative technological teachings not discussed on the record during the
prosecution history of the '241 patent. Neither the '973 patent nor the '202 patent was cited or

---

[14] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[15] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[16] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

discussed on the record during prosecution of the application that gave rise to the '241 patent.

During prosecution of the application that gave rise to the '241 patent, the Examiner provided the

following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[17], and similarly in claims 67[18], and 80[19].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.G, the

'973 patent discloses, among other things, the combination of features cited in the Reasons for

Allowance, and the '202 patent discloses, among other things, a selective call signal comprising an

acknowledgement request. Accordingly, the '973 patent in combination with the '202 patent

provides new, non-cumulative technological teachings that render claims 1, 2, 7, 10, 13, 14, 38, and

39 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the '973 patent and the '202 patent establishes a reasonable

likelihood that the requester will prevail with respect to claims 1, 2, 7, 10, 13, 14, 38, and 39 of the

'241 patent.

**H.      The '973 Patent (Smith) in Combination with the '202 Patent
           (Davis) and the '100 Patent (Kane) Establishes a Reasonable
           Likelihood that the Requester will Prevail with Respect to Claim 40**

The '973 patent in combination with the '202 patent and the '100 patent establishes a RLP

for claim 40 of the '241 patent, as set forth in detail below in Section VIII.H. As detailed in Section

---

[17] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[18] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[19] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                     Docket No.: 032697.0007-US12

VIII.H., the '973 patent in combination with the '202 patent and the '100 patent discloses all of the limitations of claim 40, and the combination of the '973, '202 and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for claim 40.  As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.G. above, the '973 patent in combination with the '202 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the '973 patent in combination with the '202 and '100 patents also provides new, non-cumulative technological teachings with respect to claim 40.  Accordingly, as detailed in the accompanying claim charts below in Section VIII.H, the '973 patent in combination with the '202 patent and the '100 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

I.      **The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claim 40**

The '973 patent in combination with the '202 patent and the '678 patent establishes a RLP for claim 40 of the '241 patent, as set forth in detail below in Section VIII.I. As detailed in Section VIII.I., the '973 patent in combination with the '202 patent and the '678 patent discloses all of the limitations of claim 40, and the combination of the '973, '202 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for claim 40.  As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.G. above, the '973 patent in combination with the '202 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the '973 patent in combination with the '202 and '678 patents also provides new, non-cumulative technological teachings with respect to claim 40.  Accordingly, as detailed in the accompanying claim charts below in Section VIII.I, the '973 patent in combination with the '202

patent and the '678 patent establish a reasonable likelihood that the requester will prevail with
respect to claim 40 of the '241 patent.

> ### J. The '973 Patent (Smith) in Combination with the '202 Patent (Davis) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54

The '973 patent in combination with the '202 patent establishes a RLP for claims 41, 42, 47,
50, 53, and 54 of the '241 patent, as set forth in detail below in Section VIII.J. As detailed in
Section VIII.J., the '973 patent in combination with the '202 patent discloses all of the limitations of
the claims listed above, and the combination of the '973 and '202 patents is at most the mere
application of known techniques to a known system ready for improvement to yield predictable
results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C.
§ 103 for each of the claims listed above. As such, the present Request establishes a reasonable
likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '202 patent
highlight new, non-cumulative technological teachings not discussed on the record during the
prosecution history of the '241 patent. Neither the '973 patent nor the '202 patent was cited or
discussed on the record during prosecution of the application that gave rise to the '241 patent.
During prosecution of the application that gave rise to the '241 patent, the Examiner provided the
following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[20], and similarly in claims 67[21], and 80[22].

---

[20] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[21] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[22] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.J., the '973 patent discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '202 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the '973 patent in combination with the '202 patent provides new, non-cumulative technological teachings that render claims 41, 42, 47, 50, 53, and 54 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the '973 patent and the '202 patent establishes a reasonable likelihood that the requester will prevail with respect to claims 41, 42, 47, 50, 53, and 54 of the '241 patent.

### K.       The '973 Patent (Smith) in Combination with the '202 Patent (Davis) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85

The '973 patent in combination with the '202 patent and the '100 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.K. As detailed in Section VIII.K., the '973 patent in combination with the '202 patent and the '100 patent discloses all of the limitations of the claims listed above, and the combination of the '973, '202, and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '202 and '100 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the '973 patent, the '202 patent, and '100 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                Docket No.: 032697.0007-US12

provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[23], and similarly in claims 67[24], and 80[25].

>        August 8, 2006, Notice of Allowability, p. 2.

        As explained in further detail in the accompanying claim charts below in Section VIII.K.,

the '973 patent discloses, among other things, the combination of features cited in the Reasons for

Allowance, and the '202 patent discloses, among other things, a selective call signal comprising an

acknowledgement request. Accordingly, the '973 patent in combination with the '202 patent and

the '100 patent provides new, non-cumulative technological teachings that render claims 71, 72, 77.

80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

        Accordingly, the combination of the '973 patent and the '202 and '100 patents establishes a

reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85

of the '241 patent.

>        **L.      The '973 Patent (Smith) in Combination with the '202 Patent
>        (Davis) and the '678 Patent (Morris) Establishes a Reasonable
>        Likelihood that the Requester will Prevail with Respect to Claims
>        71, 72, 77, 80, 84, and 85**

        The '973 patent in combination with the '202 patent and the '678 patent establishes a RLP

for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section

VIII.L. As detailed in Section VIII.L., the '973 patent in combination with the '202 patent and the

---

[23] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[24] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[25] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

'678 patent discloses all of the limitations of the claims listed above, and the combination of the '973, '202, and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the '973 patent and the '202 and '678 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the '973 patent, the '202 patent, and '678 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[26], and similarly in claims 67[27], and 80[28].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.L., the '973 patent discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '202 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the '973 patent in combination with the '202 patent and

---

[26] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[27] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[28] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                        Docket No.: 032697.0007-US12

the '678 patent provides new, non-cumulative technological teachings that render claims 71, 72, 77, 80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the '973 patent and the '202 and '678 patents establishes a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85 of the '241 patent.

> **M.      The NAIS Article in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39**

The NAIS article in combination with the '351 patent establishes a RLP for claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 patent, as set forth in detail below in Section VIII.M. As detailed in Section VIII.M., the NAIS article in combination with the '351 patent discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '351 patent is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above.  As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the NAIS article and the '351 patent highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent.  Neither the NAIS article nor the '351 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

action to be performed on the action, and means for performing the action
as cited in claims 54[29], and similarly in claims 67[30], and 80[31].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.M.,
the NAIS article discloses, among other things, the combination of features cited in the Reasons for
Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an
acknowledgement request. Accordingly, the NAIS article in combination with the '351 patent
provides new, non-cumulative technological teachings that render claims 1, 2, 7, 10, 13, 14, 38, and
39 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '351 patent establishes a
reasonable likelihood that the requester will prevail with respect to claims 1, 2, 7, 10, 13, 14, 38,
and 39 of the '241 patent.

### N. The NAIS Article in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40

The NAIS article in combination with the '351 patent and the '100 patent establishes a RLP
for claim 40 of the '241 patent, as set forth in detail below in Section VIII.N. As detailed in Section
VIII.N., the NAIS article in combination with the '351 patent and the '100 patent discloses all of the
limitations of claim 40, and the combination of the NAIS article and the '351 and '100 patents is at
most the mere application of known techniques to a known system ready for improvement to yield
predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection
under 35 U.S.C. § 103 for claim 40. As such, the present Request establishes a reasonable
likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.M. above, the NAIS article in combination with the '351 patent
provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends.
As such, the NAIS article in combination with the '351 and '100 patents also provides new, non-

---

[29] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[30] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[31] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

cumulative technological teachings with respect to claim 40. Accordingly, as detailed in the accompanying claim charts below in Section VIII.N, the NAIS article in combination with the '351 patent and the '100 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

> **O.** **The NAIS Article in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester Will Prevail with Respect to Claim 40**

The NAIS article in combination with the '351 patent and the '678 patent establishes a RLP for claim 40 of the '241 patent, as set forth in detail below in Section VIII.O. As detailed in Section VIII.O., the NAIS article in combination with the '351 patent and the '678 patent discloses all of the limitations of claim 40, and the combination of the NAIS article and the '351 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for claim 40. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.M. above, the NAIS article in combination with the '351 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the NAIS article in combination with the '351 and '678 patents also provides new, non-cumulative technological teachings with respect to claim 40. Accordingly, as detailed in the accompanying claim charts below in Section VIII.O, the NAIS article in combination with the '351 patent and the '678 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

> **P.** **The NAIS Article in Combination with the '351 Patent (Alanara) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54**

The NAIS article in combination with the '351 patent establishes a RLP for claims 41, 42, 47, 50, 53, and 54 of the '241 patent, as set forth in detail below in Section VIII.P. As detailed in Section VIII.P., the NAIS article in combination with the '351 patent discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '351 patent is at most the mere application of known techniques to a known system ready for improvement to yield

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection

under 35 U.S.C. § 103 for each of the claims listed above.  As such, the present Request establishes

a reasonable likelihood of success on the merits with respect to the claims listed above.

      In addition, the RLPs proposed by the combination of the NAIS article and the '351 patent

highlight new, non-cumulative technological teachings not discussed on the record during the

prosecution history of the '241 patent.  Neither the NAIS article nor the '351 patent was cited or

discussed on the record during prosecution of the application that gave rise to the '241 patent.

During prosecution of the application that gave rise to the '241 patent, the Examiner provided the

following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[32], and similarly in claims 67[33], and 80[34].

            August 8, 2006, Notice of Allowability, p. 2.

      As explained in further detail in the accompanying claim charts below in Section VIII.P.,

the NAIS article discloses, among other things, the combination of features cited in the Reasons for

Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an

acknowledgement request.  Accordingly, the NAIS article in combination with the '351 patent

provides new, non-cumulative technological teachings that render claims 41, 42, 47, 50, 53, and 54

of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

---

[32] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[33] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[34] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

Accordingly, the combination of the NAIS article and the '351 patent establishes a reasonable likelihood that the requester will prevail with respect to claims 41, 42, 47, 50, 53, and 54 of the '241 patent.

> ### Q.    The NAIS Article in Combination with the '351 Patent (Alanara) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85

The NAIS article in combination with the '351 patent and the '100 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.Q. As detailed in Section VIII.Q., the NAIS article in combination with the '351 and '100 patents discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '351 and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the NAIS article and the '351 and the '100 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the NAIS article, the '351 patent, and the '100 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

action to be performed on the action, and means for performing the action
as cited in claims 54[35], and similarly in claims 67[36], and 80[37].

August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.Q., the NAIS article discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the NAIS article in combination with the '351 and '100 patents provides new, non-cumulative technological teachings that render claims 71, 72, 77, 80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '351 and '100 patents establishes a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85 of the '241 patent.

> **R.** **The NAIS Article in Combination with the '351 Patent (Alanara) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85**

The NAIS article in combination with the '351 patent and the '678 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.R. As detailed in Section VIII.R., the NAIS article in combination with the '351 and '678 patents discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '351 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

---

[35] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[36] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[37] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

In addition, the RLPs proposed by the combination of the NAIS article and the '351 and the '678 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the NAIS article, the '351 patent, and the '678 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[38], and similarly in claims 67[39], and 80[40].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.R, the NAIS article discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '351 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the NAIS article in combination with the '351 and '678 patents provides new, non-cumulative technological teachings that render claims 71, 72, 77, 80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '351 and '678 patents establishes a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85 of the '241 patent.

---

[38] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[39] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[40] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

**S.     The NAIS Article in Combination with the '974 Patent (Lietsalmi) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 1, 2, 7, 10, 13, 14, 38, and 39**

The NAIS article in combination with the '974 patent establishes a RLP for claims 1, 2, 7, 10, 13, 14, 38, and 39 of the '241 patent, as set forth in detail below in Section VIII.S.  As detailed in Section VIII.S., the NAIS article in combination with the '974 patent discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '974 patent is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above.  As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the NAIS article and the '974 patent highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent.  Neither the NAIS article nor the '974 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent.  During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[41], and similarly in claims 67[42], and 80[43].

> August 8, 2006, Notice of Allowability, p. 2.

---

[41] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[42] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[43] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

As explained in further detail in the accompanying claim charts below in Section VIII.S, the

NAIS article discloses, among other things, the combination of features cited in the Reasons for

Allowance, and the '974 patent discloses, among other things, a selective call signal comprising an

acknowledgement request. Accordingly, the NAIS article in combination with the '974 patent

provides new, non-cumulative technological teachings that render claims 1, 2, 7, 10, 13, 14, 38, and

39 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '974 patent establishes a

reasonable likelihood that the requester will prevail with respect to claims 1, 2, 7, 10, 13, 14, 38,

and 39 of the '241 patent.

> **T.     The NAIS Article in Combination with the '974 Patent (Lietsalmi)
> and the '100 Patent (Kane) Establishes a Reasonable Likelihood
> that the Requester will Prevail with Respect to Claim 40**

The NAIS article in combination with the '974 patent and the '100 patent establishes a RLP

for claim 40 of the '241 patent, as set forth in detail below in Section VIII.T. As detailed in Section

VIII.T., the NAIS article in combination with the '974 patent and the '100 patent discloses all of the

limitations of claim 40, and the combination of the NAIS article and the '974 and '100 patents is at

most the mere application of known techniques to a known system ready for improvement to yield

predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection

under 35 U.S.C. § 103 for claim 40. As such, the present Request establishes a reasonable

likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.S. above, the NAIS article in combination with the '974 patent

provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends.

As such, the NAIS article in combination with the '974 and '100 patents also provides new, non-

cumulative technological teachings with respect to claim 40. Accordingly, as detailed in the

accompanying claim charts below in Section VIII.T, the NAIS article in combination with the '974

patent and the '100 patent establish a reasonable likelihood that the requester will prevail with

respect to claim 40 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                                    Docket No.: 032697.0007-US12

     **U.**       **The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claim 40**

The NAIS article in combination with the '974 patent and the '678 patent establishes a RLP for claim 40 of the '241 patent, as set forth in detail below in Section VIII.U. As detailed in Section VIII.U., the NAIS article in combination with the '974 patent and the '678 patent discloses all of the limitations of claim 40, and the combination of the NAIS article and the '974 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for claim 40. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claim 40.

As explained in Section VII.S. above, the NAIS article in combination with the '974 patent provides new, non-cumulative technological teachings for claim 39 from which claim 40 depends. As such, the NAIS article in combination with the '974 and '678 patents also provides new, non-cumulative technological teachings with respect to claim 40. Accordingly, as detailed in the accompanying claim charts below in Section VIII.U, the NAIS article in combination with the '974 patent and the '678 patent establish a reasonable likelihood that the requester will prevail with respect to claim 40 of the '241 patent.

     **V.**       **The NAIS Article in Combination with the '974 Patent (Lietsalmi) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 41, 42, 47, 50, 53, and 54**

The NAIS article in combination with the '974 patent establishes a RLP for claims 41, 42, 47, 50, 53, and 54 of the '241 patent, as set forth in detail below in Section VIII.V. As detailed in Section VIII.V., the NAIS article in combination with the '974 patent discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '974 patent is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                          Docket No.: 032697.0007-US12

      In addition, the RLPs proposed by the combination of the NAIS article and the '974 patent
highlight new, non-cumulative technological teachings not discussed on the record during the
prosecution history of the '241 patent.  Neither the NAIS article nor the '974 patent was cited or
discussed on the record during prosecution of the application that gave rise to the '241 patent.
During prosecution of the application that gave rise to the '241 patent, the Examiner provided the
following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[44], and similarly in claims 67[45], and 80[46].

      August 8, 2006, Notice of Allowability, p. 2.

      As explained in further detail in the accompanying claim charts below in Section VIII.V, the
NAIS article discloses, among other things, the combination of features cited in the Reasons for
Allowance, and the '974 patent discloses, among other things, a selective call signal comprising an
acknowledgement request.  Accordingly, the NAIS article in combination with the '974 patent
provides new, non-cumulative technological teachings that render claims 41, 42, 47, 50, 53, and 54
of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

      Accordingly, the combination of the NAIS article and the '974 patent establishes a
reasonable likelihood that the requester will prevail with respect to claims 41, 42, 47, 50, 53, and 54
of the '241 patent.

---

[44] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[45] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[46] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

W.   **The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '100 Patent (Kane) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85**

The NAIS article in combination with the '974 patent and the '100 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.W. As detailed in Section VIII.W., the NAIS article in combination with the '974 and '100 patents discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '974 and '100 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the NAIS article and the '974 and the '100 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the NAIS article, the '974 patent, and the '100 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a storage unit, means for transmitting a selective call signal to the one or more devices wherein the selective call signal comprising an information identifier identifying the information and an acknowledgement request, wherein the information is not included in the selective call signal and means for receiving a request transmitted from any one of the one or more devices, wherein the request is transmitted via a two-way communication session with the system and the request identifies the information and an action to be performed on the action, and means for performing the action as cited in claims 54[47], and similarly in claims 67[48], and 80[49].

---

[47] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[48] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[49] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.

78

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241

Docket No.: 032697.0007-US12

August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.W., the NAIS article discloses, among other things, the combination of features cited in the Reasons for Allowance, and the '974 patent discloses, among other things, a selective call signal comprising an acknowledgement request. Accordingly, the NAIS article in combination with the '974 and '100 patents provides new, non-cumulative technological teachings that render claims 71, 72, 77, 80, 84, and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '974 and '100 patents establishes a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and 85 of the '241 patent.

> **X. The NAIS Article in Combination with the '974 Patent (Lietsalmi) and the '678 Patent (Morris) Establishes a Reasonable Likelihood that the Requester will Prevail with Respect to Claims 71, 72, 77, 80, 84, and 85**

The NAIS article in combination with the '974 patent and the '678 patent establishes a RLP for claims 71, 72, 77, 80, 84, and 85 of the '241 patent, as set forth in detail below in Section VIII.X. As detailed in Section VIII.X., the NAIS article in combination with the '974 and '678 patents discloses all of the limitations of the claims listed above, and the combination of the NAIS article and the '974 and '678 patents is at most the mere application of known techniques to a known system ready for improvement to yield predictable results, thereby establishing a *prima facie* case of obviousness justifying a rejection under 35 U.S.C. § 103 for each of the claims listed above. As such, the present Request establishes a reasonable likelihood of success on the merits with respect to the claims listed above.

In addition, the RLPs proposed by the combination of the NAIS article and the '974 and the '678 patents highlight new, non-cumulative technological teachings not discussed on the record during the prosecution history of the '241 patent. None of the NAIS article, the '974 patent, and the '678 patent was cited or discussed on the record during prosecution of the application that gave rise to the '241 patent. During prosecution of the application that gave rise to the '241 patent, the

Request for *Inter Partes* Reexamination of
U.S. Patent No. 7,155,241                                    Docket No.: 032697.0007-US12

Examiner provided the following Reasons for Allowance:

> The prior art of record fails to teach or suggest a system comprising a
> storage unit, means for transmitting a selective call signal to the one or
> more devices wherein the selective call signal comprising an information
> identifier identifying the information and an acknowledgement request,
> wherein the information is not included in the selective call signal and
> means for receiving a request transmitted from any one of the one or more
> devices, wherein the request is transmitted via a two-way communication
> session with the system and the request identifies the information and an
> action to be performed on the action, and means for performing the action
> as cited in claims 54[50], and similarly in claims 67[51], and 80[52].

> August 8, 2006, Notice of Allowability, p. 2.

As explained in further detail in the accompanying claim charts below in Section VIII.X, the
NAIS article discloses, among other things, the combination of features cited in the Reasons for
Allowance, and the '974 patent discloses, among other things, a selective call signal comprising an
acknowledgement request.  Accordingly, the NAIS article in combination with the '974 and '678
patents provides new, non-cumulative technological teachings that render claims 71, 72, 77, 80, 84,
and 85 of the '241 patent *prima facie* obvious under 35 U.S.C. § 103(a).

Accordingly, the combination of the NAIS article and the '974 and '678 patents establishes
a reasonable likelihood that the requester will prevail with respect to claims 71, 72, 77, 80, 84, and
85 of the '241 patent.

## VIII.   DETAILED EXPLANATION OF THE PROPOSED REJECTIONS AND PERTINENCY AND MANNER OF APPLYING THE PATENTS AND PRINTED PUBLICATIONS PURSUANT TO 37 C.F.R. § 1.915(b)(3)

The following statements are made, pursuant to 37 C.F.R. § 1.915(b)(3), pointing out why
there is a likelihood that the requester will prevail for the claims requested for examination for each
combination of the prior art patents and printed publications listed above in Section VI and annexed

---

[50] Independent system claim 54 during prosecution issued as independent claim 1 of the '241 patent.
[51] Independent method claim 67 during prosecution issued as independent claim 41 of the '241 patent.
[52] Independent system claim 80 during prosecution issued as independent claim 71 of the '241 patent.