# Exhibit 10

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/009,882 | 02/25/2011 | 7,835,757 | Rex-7835757 | 6831 |

| 68468        7590        12/09/2011 | EXAMINER |
|---|---|
| JON E. KAPPES<br>LAW OFFICES OF STEVEN G. LISA, LTD.<br>C/O INTELLEVATE, LLC.<br>P.O. BOX 52050<br>MINNEAPOLIS, MN 55402 | |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 12/09/2011

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 United States Patent and Trademark Office

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2401

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/009,882*.

PATENT NO. *7,835,757*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| ***Notice of Intent to Issue Ex Parte Reexamination Certificate*** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/009,882 | 7,835,757 |
| | Examiner | Art Unit |
| | OVIDIO ESCALANTE | 3992 |

| -- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address --* |
|---|

1. ☒ Prosecution on the merits is (or remains) closed in this *ex parte* reexamination proceeding. This proceeding is subject to reopening at the initiative of the Office or upon petition. *Cf.* 37 CFR 1.313(a). A Certificate will be issued in view of
   (a) ☒ Patent owner's communication(s) filed: <u>01 November 2011</u>.
   (b) ☐ Patent owner's late response filed: _____.
   (c) ☐ Patent owner's failure to file an appropriate response to the Office action mailed: _____.
   (d) ☐ Patent owner's failure to timely file an Appeal Brief (37 CFR 41.31).
   (e) ☐ Other: _____.

   Status of *Ex Parte* Reexamination:
   (f) Change in the Specification: ☐ Yes ☒ No
   (g) Change in the Drawing(s): ☐ Yes ☒ No
   (h) Status of the Claim(s):
       (1) Patent claim(s) confirmed: <u>1</u>.
       (2) Patent claim(s) amended (including dependent on amended claim(s)): <u>2-20</u>.
       (3) Patent claim(s) canceled: _____.
       (4) Newly presented claim(s) patentable: <u>21-69</u>.
       (5) Newly presented canceled claims: _____.
       (6) Patent claim(s) ☐ previously ☐ currently disclaimed: _____
       (7) Patent claim(s) not subject to reexamination: _____.

2. ☒ Note the attached statement of reasons for patentability and/or confirmation. Any comments considered necessary by patent owner regarding reasons for patentability and/or confirmation must be submitted promptly to avoid processing delays. Such submission(s) should be labeled: "Comments On Statement of Reasons for Patentability and/or Confirmation."

3. ☐ Note attached NOTICE OF REFERENCES CITED (PTO-892).

4. ☒ Note attached LIST OF REFERENCES CITED (PTO/SB/08 or PTO/SB/08 substitute).

5. ☐ The drawing correction request filed on _____ is: ☐ approved ☐ disapproved.

6. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All  b)☐ Some*  c)☐ None   of the certified copies have
       ☐ been received.
       ☐ not been received.
       ☐ been filed in Application No. _____.
       ☐ been filed in reexamination Control No. _____.
       ☐ been received by the International Bureau in PCT Application No. _____.

   * Certified copies not received: _____.

7. ☒ Note attached Examiner's Amendment.

8. ☐ Note attached Interview Summary (PTO-474).

9. ☐ Other: _____.

cc: Requester (if third party requester)

Application/Control Number: 90/009,882                                    Page 2
Art Unit: 3992

## NOTICE OF INTENT TO ISSUE REEXAMINATION CERTIFICATE

1.      This action is in response to the patent owner's after final response filed on November 1,

2011.

### *Status of the Claims*

2.      Original claim 1 is confirmed.

        Original claims 2-20 are patentable.

        New claims 21-69 are allowed.


### EXAMINER'S AMENDMENT

3.      An examiner's amendment to the record appears below.  The changes made by this

examiner's amendment will be reflected in the reexamination certificate to issue in due course.

        The examiner contacted Mr. Kappes on November 17, 2011 to discuss an issue with

respect to claims 6 and 11. As set forth in the patent owner November 1, 2011 response

"[o]riginal (and confirmed) claims 6, 11, 18, 19 and 20 have been rewritten in independent

format based on the language of original claims 2 and 9." the examiner notes that claims 6 and

11 inadvertently left out limitations of an intervening claim. Thus, the below examiner's

amendment corrects this oversight. In addition, Mr. Kappes noted that new claim 46 should refer

back to claim 45 as opposed to claim 35 and new claim 69 should refer back to claim 68 as

opposed to claim 58. The examiner agreed to this change.


Replace claim 6 with the following:

Application/Control Number: 90/009,882                                     Page 3
Art Unit: 3992

    6.      [The method of claim 5] A method that communicates content from a content

provider utilizing a content notification system, through a mobile radiotelephone network

to a wireless communication device, the content notification system: (i) including an

interface to a home location registry, (ii) configured to process data into a paging call

suitable for transmission to the wireless communication device, and (iii) configured to

transmit the paging call to the wireless communication device; the method comprising:

        (a) the content provider causing content available for delivery to a wireless

communication device to be stored at an internet-accessible storage system;

        (b) the content provider causing a message intended for the wireless communication

device to be created, the message including: (i) an identifier of the content, and (ii) a

system identifier that identifies the internet-accessible storage system storing the content;

wherein the content is not included in the message;

        (c) the content provider causing communication from the content notification system

of a paging call including the message and intended for the wireless communication

device over the mobile radiotelephone network;

        (d) the content provider receiving a request message transmitted over the mobile

radiotelephone network, the request message including (i) data corresponding to the

identifier of the content and the system identifier received by the wireless communication

device, and (ii) a command to perform on the content;

        (e) the content provider, subsequent to receiving the request message, causing the

content to be delivered to the wireless communication device via the mobile radiotelephone

network;

Application/Control Number: 90/009,882                                    Page 4
Art Unit: 3992

  (f) wherein the system identifier comprises an address code; and

  (g) further comprising the content provider receiving the address code from an
identification service.


Replace Claim 11 with the following:


11.  [The method of claim 10] A method that communicates content from a content provider

utilizing a content notification system, through a mobile radiotelephone network to a wireless

communication device, the content notification system: (i) including an interface to a home

location registry, (ii) configured to process data into a paging call suitable for transmission to the

wireless communication device, and (iii) configured to transmit the paging call to the wireless

communication device; the method comprising:

  (a) the content provider causing content available for delivery to a wireless

communication device to be stored at one of a plurality of independently identifiable

internet-accessible storage locations;

  (b) the content provider causing a message intended for the wireless communication

device to be created, the message including: (i) an identifier of the content, and (ii) a

system identifier that identifies the internet-accessible storage location at which the

content is stored from among the plurality of independently identifiable internet-

accessible storage locations; wherein the content is not included in the message;

Application/Control Number: 90/009,882                                    Page 5
Art Unit: 3992

     (c) the content provider causing communication from the content notification system

of a paging call including the message and intended for the wireless communication

device over the mobile radiotelephone network;

     (d) the content provider receiving a request message transmitted over the mobile

radiotelephone network, the request message including (i) data corresponding to the

identifier of the content and the system identifier received by the wireless communication

device, (ii) the address of the wireless communication device, and (iii) a command to

perform on the content;

     (e) the content provider, subsequent to receiving the request message, causing the

content to be delivered to the wireless communication device via the mobile

radiotelephone network;

     (f) wherein the system identifier comprises an address code; and

     (g) further comprising the content provider receiving the address code from an

identification service.


Replace claim 46 with the following:


     46.    The method of claim 45 wherein the content provider, subsequent to receiving the

request message, causes the updated content to be delivered to the wireless communication

device via a mobile radiotelephone network.

Application/Control Number: 90/009,882                                    Page 6
Art Unit: 3992

Replace claim 69 with the following:

    69.    The method of claim 68 wherein the content provider, subsequent to receiving the request message, causes the updated content to be delivered to the wireless communication device via a mobile radiotelephone network.

### Information Disclosure Statement

4.    With respect to the Information Disclosure Statement (PTO/SB/08A and 08B or its equivalent) considered with this action, the information cited has been considered as described in the MPEP. Note that MPEP 2256 and 2656 indicate that degree of consideration to be given to such information will be normally limited by the degree to which the party filing the information citation has explained the content and relevance of the information.

### STATEMENT OF REASONS FOR PATENTABILITY AND/OR CONFIRMATION

    The following is an examiner's statement of reasons for patentability and/or confirmation of the claims found patentable in this reexamination proceeding:

*Regarding claims 1 and 19:*

    As set forth in the Final Rejection, the examiner noted that hat Tso discloses that the content and resources on InfoCast server A 17 may be updated at any time based on updating data from external sources (i.e., the "content providers") and through the InfoFeed interface 57 component of InfoCast server A 17, (col. 6, line 46 - col. 7, line 15). In particular, "reporter" components within InfoFeed interface 57 are responsible for storing such information retrieved

from these external sources, (col. 7, lines 9-15). Tso discloses that InfoCast server A 17 may

transmit to the user detailed content requested by the user that corresponds to an InfoBite earlier

sent to that user, (col. 24, line 55 - col. 25, line 13). Tso further discloses that such detailed

content may have been updated by InfoCast server A 17 based on updates received from external

sources (i.e., the "content providers" of the Tso patent), (col. 6, line 46 - col. 7, line 15).

In the process described by Tso, content providers send to InfoCast servers items of

information. The information from the content providers are received by the InfoFeed interface

57 and for each information received, an InfoBite is created. This InfoBite is then sent to specific

client devices based upon profile information.

As noted above, the content providers can update data on the server A 17 for specific

subscriber locations and times. In the process described by Tso, each item received, including

updated items, would cause the InfoCast server to create an InfoBite with that new information.

In accordance with the claim language, the examiner acknowledges that the claim recites the

content provider first causing a message to be created and to cause this message to be sent. The

claim subsequently calls for the content (i.e. the content that was previously received) to be

updated "prior to receiving the request for the content". The claim notes that after the request is

received, the 'updated content' is sent to the device.

In the context of Tso, while content providers can update their information at anytime, it

is not clear whether the client device would receive that specific updated information since the

InfoBite that they received is specifically reference to specific information that was received.

This is based on Tso's disclosure that every received item is referenced and given an resource

Application/Control Number: 90/009,882                                              Page 8

Art Unit: 3992

identifier. <u>Tso does not disclose that the content that is already stored and given a resource</u>

<u>identifier would be updated.</u>

    Thus, the examiner now maintains that Tso does not specifically disclose of updating the

content (that is, the original content that was originally received and from which an InfoBite was

created) after the message has been sent but prior to receiving the request for the content and

sending the updated content to the client device of the user.

    In addition, as the examiner previously noted and as set forth in the rejection of the

claims, the examiner maintained that it would have been obvious that information may be sent by

the content providers from the time period between when the InfoBite was sent and when the

Request was sent.

As set forth in the previous office action:

> Tso renders obvious to one of ordinary skill in the art that an update of content at
> InfoCast server A 17 may occur during the interval between a user's client device
> receiving an InfoBite and the later event of the user requesting detailed content
> corresponding to that InfoBite from InfoCast server A 17.

The examiner also maintained:

> "...it would have been obvious that since content can be updated by the content providers
> and since there may be a time difference between when a client device/user receives the
> InfoBite/notification and when said user makes a request for the full content that the
> actual content can change. This feature would allow the client/user to receive the most
> updated content based on the notification.

The examiner again agrees that content can be updated in the system of Tso. The

updating of the databases is discussed in col. 6, line 46-col. 7, line 15. As noted therein, various

content provides use InfoFeed interface 57 to updated the databases contained in the server. It is

disclosed that the content providers can update data and resources for specific subscriber

Application/Control Number: 90/009,882                                       Page 9
Art Unit: 3992

locations and times. This allows the content providers to feed information only to selected

InfoCast server matching a specific criterion. Tso's example is based on the sending of news

events of global nature to the InfoCast server in California, but limits the type of weather

information that is sent to the California InfoCast server which is based on weather conditions

that are local to the area. Thus, in the context of 'update', Tso discloses of getting new

information, hence, updating the database with new information.

The examiner finds that while Tso can update the databases with new information at any

time, Tso does not disclose that the content, that was already previously received, is updated

itself. Thus, once an InfoBite is created and sent, there is no disclosure that the information

content of the InfoBite can be updated after it's been created.

The examiner now maintains that Tso does not support updating the same content that

was previously received.


***Regarding claims 2 and 9:***

The examiner first agrees that the changes incorporate the examiner suggestion of

highlight that claim element (d) relates to element (b). The examiner also agrees with the patent

owner that the amendment is merely clarifying and serves to moot the dispute issues with respect

to claims 2 and 9.

In further detail, the examiner notes that col. 8, lines 1-10 of Tso emphasizes that "each

resource identifier is a bit pattern generated by InfoFeed Interface 57 for each URL to be

included in an InfoBite". Tso teaches that a resource identifier represents a fully qualified URL

for a resource. Thus, a resource identifier is a system identifier since a resource identifier is representative of a fully qualified URL.

The examiner however, acknowledges that the device of Tso does not use the resource identifier to as a means to send a request signal. That is, claims 2 and 9 requires the reception of a notification that includes identifying the internet-accessible storage system storing the content. In addition, the claim further requires sending a request signal from the wireless device at the identified storage system which is the same storage system identified in the message that was created by the content provider

In Tso, as disclosed in e.g., col. 8, lines 48-24, after an InfoBite is received, the client devices makes a request signal to the InfoCast server. The examiner notes that Tso does not disclose that the request is made to a system identified in the received resource identifier.

It is clear that Tso does not send a request to the system identified in the resource identifier. Although the resource identifier includes a system identifier Tso's client device does not use this information but instead relies upon a separate configuration file to determine where to send the request.

***Regarding claims 6 and 11:***

As set forth in the Advisory Action, the patent owner contends Tso does not relate to an identification service. Rather, the above disclosure is a generic statement by Tso that various InfoCast server databases may be geographically distributed. There is no disclosure that the information used to populate those databases is received from an identification service. To the

contrary, Tso teaches that the InfoCast system generates its own resource identifiers (see Tso,

8:2-4), and therefore does not receive them from an identification service.

The examiner notes that as set forth in the rejection, the set of server databases 50, 51, 53

and 55 do not need to be contained in server A17 and instead all of the databases can be

contained outside of the InfoCast server. As set forth in the claims, the content provided must

receive the address code from an identification service. As further noted in the claim, the

InfoCast server inserts a resource identifier into the InfoBite message. In looking at the teachings

of Tso, the InfoFeed Interface 57 generates the resource identifier for each URL. The examiner

acknowledges that Tso does not disclose that the InfoFeed Interface can be located remotely

from the InfoCast server.

Thus, the examiner maintains that while the databases may be remotely located and can

send the resources to the content server or allow the client device to access the information

directly via a URL; Tso does not disclose that the content provider or InfoCast Server receives

the address code from a separate identification service.


### Regarding claim 18:

As set forth in the Final Rejection, the examiner noted that the claim is directed to *inter*

*alia* "wherein the content.identifier further indicates a time the content is available".

The examiner maintained that Tso discloses that an InfoBite message sent from the

InfoCast server to the user's client device includes a "Time To Live" value that indicates how

long the InfoBite will remain in the client system, (col. 8, lines 1-46).

Application/Control Number: 90/009,882                                    Page 12
Art Unit: 3992

Upon further review, the examiner maintains that Tso discloses that the time to live indicates how long the InfoBite will remain in the client system. In response to the claim language, the claim is directed to specifying a time that the content is available.

The examiner concedes that the InfoBite of Tso does not indicate a time that the content is available. Instead, as Tso clearly indicates, the "Time-To-Live" value is a time value for the InfoBite in the client device. That is, how long the InfoBite will remain in the client device. Thus, the examiner now maintains that Tso fails to disclose wherein the content identifier further indicates a time the content is available.


### *Regarding claims 21 and 22:*

As set forth in the Advisory action, the limitations set forth in these claims have already been indicated to be allowable by the examiner as set forth in claims 18-20. Thus, for the reasons set forth therein, the examiner agrees that these claims are allowed.


### *Regarding claims 24 and 47:*

As set forth in the advisory action, the examiner notes that these claims are similar to confirmed claim 1 and thus the examiner agrees that for at least the reasons set forth with respect to claim 1 (as noted in the Final Rejection), new claims 24 and 47 read away from Tso.


### *Regarding claims 25 and 35:*

The examiner notes that these claims require *inter alia* a message to be created and where the message includes "a system identifier that establishes to the wireless communication device an address of a particular remote system to which to respond...."

As set forth in the Advisory action, the examiner notes that Tso discloses an embodiment in which the client "will first check to see if the resource to be requested from the InfoCast server is contained locally on the client through the use of the resource identifier and client resource database 71, (col. 10, lines 1-3). The examiner notes that while the client database is not equated to the claimed internet accessible location, the fact remains that based on information provided in the received InfoBite, the wireless communication device establishes to wireless device where to respond (i.e. either to respond to the InfoCast server or to its own storage).

The claim has been amended to recite that the identifier establishes to the wireless communication device "an address of a particular remote system" to which to respond. While the resource identifier causes the device to query its database, it does not provide an address of a remote system for the wireless device to respond.

***Regarding claims 48 and 58:***

As set forth in the Advisory Action, the examiner notes that these claims recite *inter alia* "the content provider causing a message intended for the wireless communication device to be created, the message including....a system identifier that establishes to the wireless communication device an address of a particular system to which to respond and identifies the internet-accessible storage system storing the content.....receiving a request message...at the system established by the system identifier..."

Application/Control Number: 90/009,882                                        Page 14
Art Unit: 3992

The examiner notes that while the system identifier (i.e. resource identifier of Tso) is a

system identifier, Tso does not disclose of receiving the request (i.e. a request from the wireless

device) to the system identified in the received resource identifier.

<u>Thus, the examiner agrees that the newly cited claims 48-69 read away from Tso.</u>


Any comments considered necessary by PATENT OWNER regarding the above

statement must be submitted promptly to avoid processing delays. Such submission by the

patent owner should be labeled: "Comments on Statement of Reasons for Patentability and/or

Confirmation" and will be placed in the reexamination file.


### *Conclusion*

All correspondence relating to this *ex parte* reexamination proceeding should be directed:

By EFS:        registered users may submit via the electronic filing system EFS-Web, at
               https://efs.uspto.gov/efile/myportal/efs-registered.


By Mail to:    Mail Stop *Ex Parte* Reexam

               Central Reexamination Unit
               Commissioner for Patents
               P.O. Box 1450
               Alexandria, Virginia 22313-1450

By FAX to:     (571) 273-9900
               Central Reexamination Unit

By hand:       Customer Service Window
               Attn: Central Reexamination Unit
               Randolph Building, Lobby Level
               401 Dulany Street
               Alexandria, VA 22314

Application/Control Number: 90/009,882                                                    Page 15
Art Unit: 3992

For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the data of transmission, which is prior to the expiration of the set period of time in the Office action.

Any inquiry by the patent owner concerning this communication or earlier

communications from the Legal Advisor or Examiner, or as to the status of this proceeding,

should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.


    /Ovidio Escalante/
Ovidio Escalante
Primary Examiner
Central Reexamination Unit - Art Unit 3992
(571) 272-7537

Conferee:  /r.g.f./                              Conferee: /Daniel J Ryman/
                                                 Supervisory Patent Examiner,
                                                 Art Unit 3992

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

| | |
|---|---|
| Control Number | : 90/009,882 |
| Filing Date | : February 25, 2011 |
| First Named Inventor | : Richard J. Helferich |
| Art Unit | : 3992 |
| Examiner Name | : Ovidio Escalante |
| Attorney Docket No. | : Rex-7,835,757 |

Page 1 of 1

| US PATENT DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials | US Patent Document | Issue Date/ Publication Date | Inventor |
| /OE/ | 5,821,874 | 10/13/1998 | Parvulescu et al. |
| /OE/ | 5,867,793 | 2/2/1999 | Davis |
| /OE/ | 6,226,533 | 5/1/2001 | Akahane |
| /OE/ | 5,826,187 | 10/20/1998 | Core et al. |

| NON-PATENT LITERATURE DOCUMENTS | |
|---|---|
| Examiner Initials | Citation |
| /OE/ | Amendment Pursuant to 37 C.F.R. §§ 1.111 and 1.121 filed in Application No. 11/598,832 (6/15/2011). |

Date: August 16, 2011

Respectfully submitted,

By     /Jon E. Kappes/

Jon E. Kappes, Esq.
USPTO Reg. No. 58,453
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Telephone: (312) 752-4357

*Attorney for Patentee*

/Ovidio Escalante/      11/16/2011

1

## INFORMATION DISCLOSURE STATEMENT BY APPLICANT

| | |
|---|---|
| Control Number | : 90/009,882 |
| Filing Date | : February 25, 2011 |
| First Named Inventor | : Richard J. Helferich |
| Art Unit | : 3992 |
| Examiner Name | : Ovidio Escalante |
| Attorney Docket No. | : Rex-7,835,757 |

Page 1 of 1

| US PATENT DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials | US Patent Document | Issue Date/ Publication Date | Inventor |
| /OE/ | 6,816,723 | 11/9/2004 | David James Borland |

Date: September 14, 2011

Respectfully submitted,

By ___/Jon E. Kappes/_____

Jon E. Kappes, Esq.
USPTO Reg. No. 58,453
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street
Suite 3200
Chicago, IL 60603
Telephone: (312) 752-4357

*Attorney for Patentee*

/Ovidio Escalante/          11/16/2011

1

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

CONFIRMATION NO. 6831

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 90/009,882 | 02/25/2011 RULE | 455 | 3992 | Rex-7835757 |

**APPLICANTS**
7,835,757, Residence Not Provided;
WIRELESS SCIENCE, LLC (OWNER), CHATSWORTH, CA;
CONVINGTON & BURLING, LLP (3RD.PTY.REQ.), WASHINGTON, DC;
CONVINGTON & BURLING, LLP, WASHINGTON, DC

** CONTINUING DATA ***************************
This application is a REX of 12/764,025 04/20/2010 PAT 7,835,757
which is a CON of 12/167,971 07/03/2008
which is a DIV of 11/399,513 04/07/2006 PAT 7,499,716
which is a CON of 09/688,282 10/13/2000 PAT 7,039,428
which is a DIV of 08/933,344 09/19/1997 PAT 6,253,061

** FOREIGN APPLICATIONS ***************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED **

| Foreign Priority claimed ☐ Yes ☑ No | | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | ☐ Met after Allowance | | | | |
| Verified and Acknowledged /OVIDIO ESCALANTE/ Examiner's Signature | Initials | | | 20 | 3 |

**ADDRESS**
JON E. KAPPES
LAW OFFICES OF STEVEN G. LISA, LTD.
C/O INTELLEVATE, LLC.
P.O. BOX 52050
MINNEAPOLIS, MN 55402
UNITED STATES

**TITLE**
SYSTEM AND METHOD FOR DELIVERING INFORMATION TO A TRANSMITTING AND RECEIVING DEVICE

| FILING FEE RECEIVED 2520 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Search Notes* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 90/009,882 | 7,835,757 |
| | Examiner | Art Unit | |
| | OVIDIO ESCALANTE | 3992 | |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| None | Noen | 6/10/2011 | OE |
| None | None | 8/3/2011 | OE |
| None | None | 10/17/11 | OE |
| None | None | 11/17/11 | OE |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Reviewed Patent File and Prosecution History | 3/22/2011 | OE |
| Reviewed related reexamination proceeding 90/009,880 | 6/10/2011 | OE |
| Reviewed related reexamination proceeding 90/009,880 | 8/3/2011 | OE |
| Reviewed related reexamination proceeding 90/009,880 | 10/17/11 | OE |
| Reviewed related reexamination proceeding 90/009,880 and Prosecution History | 11/17/11 | OE |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| None | None | 11/17/11 | OE |
| | | | |
| | | | |
| | | | |

Part of Paper No. 20111116

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 90/009,882 | 7,835,757 |
| | Examiner | Art Unit | |
| | OVIDIO ESCALANTE | 3992 | |

## ISSUE CLASSIFICATION

| | | CROSS REFERENCE(S) | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|

| ORIGINAL | | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | | | | | | | | |
| 455 | 458 | 455 | 412.1 | 414.2 | 466 | | | | |

| INTERNATIONAL CLASSIFICATION | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| H 0 4 W | 8/00 | | | | | | | | |
| | / | | | | | | | | |
| | / | | | | | | | | |
| | / | | | | | | | | |
| | / | | | | | | | | |

| N/A | /Ovidio Escalante/  11/17/11 | **Total Claims Allowed: 69** | |
|---|---|---|---|
| (Assistant Examiner)       (Date) | (Primary Examiner)          (Date) | O.G. Print Claim(s) | O.G. Print Fig. |
| *Sherm S. Hoper* 12-7-11  (Legal Instruments Examiner)    (Date) | | 1 | 1 |

| ☒ Claims renumbered in the same order as presented by applicant | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | |

| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 31 | | 61 | | 91 | | 121 | | 151 | | 181 |
| | 2 | | 32 | | 62 | | 92 | | 122 | | 152 | | 182 |
| | 3 | | 33 | | 63 | | 93 | | 123 | | 153 | | 183 |
| | 4 | | 34 | | 64 | | 94 | | 124 | | 154 | | 184 |
| | 5 | | 35 | | 65 | | 95 | | 125 | | 155 | | 185 |
| | 6 | | 36 | | 66 | | 96 | | 126 | | 156 | | 186 |
| | 7 | | 37 | | 67 | | 97 | | 127 | | 157 | | 187 |
| | 8 | | 38 | | 68 | | 98 | | 128 | | 158 | | 188 |
| | 9 | | 39 | | 69 | | 99 | | 129 | | 159 | | 189 |
| | 10 | | 40 | | 70 | | 100 | | 130 | | 160 | | 190 |
| | 11 | | 41 | | 71 | | 101 | | 131 | | 161 | | 191 |
| | 12 | | 42 | | 72 | | 102 | | 132 | | 162 | | 192 |
| | 13 | | 43 | | 73 | | 103 | | 133 | | 163 | | 193 |
| | 14 | | 44 | | 74 | | 104 | | 134 | | 164 | | 194 |
| | 15 | | 45 | | 75 | | 105 | | 135 | | 165 | | 195 |
| | 16 | | 46 | | 76 | | 106 | | 136 | | 166 | | 196 |
| | 17 | | 47 | | 77 | | 107 | | 137 | | 167 | | 197 |
| | 18 | | 48 | | 78 | | 108 | | 138 | | 168 | | 198 |
| | 19 | | 49 | | 79 | | 109 | | 139 | | 169 | | 199 |
| | 20 | | 50 | | 80 | | 110 | | 140 | | 170 | | 200 |
| | 21 | | 51 | | 81 | | 111 | | 141 | | 171 | | 201 |
| | 22 | | 52 | | 82 | | 112 | | 142 | | 172 | | 202 |
| | 23 | | 53 | | 83 | | 113 | | 143 | | 173 | | 203 |
| | 24 | | 54 | | 84 | | 114 | | 144 | | 174 | | 204 |
| | 25 | | 55 | | 85 | | 115 | | 145 | | 175 | | 205 |
| | 26 | | 56 | | 86 | | 116 | | 146 | | 176 | | 206 |
| | 27 | | 57 | | 87 | | 117 | | 147 | | 177 | | 207 |
| | 28 | | 58 | | 88 | | 118 | | 148 | | 178 | | 208 |
| | 29 | | 59 | | 89 | | 119 | | 149 | | 179 | | 209 |
| | 30 | | 60 | | 90 | | 120 | | 150 | | 180 | | 210 |

Part of Paper No. 20111116