# Exhibit 13

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/001,739 | 09/06/2011 | 7835757 | Rex2-7835757 | 2756 |

| | |
|---|---|
| 68468        7590        11/04/2011<br>JON E. KAPPES<br>LAW OFFICES OF STEVEN G. LISA, LTD.<br>C/O INTELLEVATE, LLC.<br>P.O. BOX 52050<br>MINNEAPOLIS, MN 55402 | **EXAMINER**<br>ESCALANTE, OVIDIO |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/04/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401

# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/001,739*.

PATENT NUMBER *7,835,757*.

TECHNOLOGY CENTER *3900*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

PTOL-2070 (Rev.07-04)

| *ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION* | Control No. 95/001,739 | Patent Under Reexamination 7835757 |
|---|---|---|
| | Examiner OVIDIO ESCALANTE | Art Unit 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):  ☐ PTO-892      ☒ PTO/SB/08      ☐Other: _____

1. ☐ The request for *inter partes* reexamination is GRANTED.

   ☐ An Office action is attached with this order.

   ☐ An Office action will follow in due course.

2. ☒ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

U.S. Patent and Trademark Office
PTOL-2063 (08/06)

Paper No. 20111020

Application/Control Number: 95/001,739                                    Page 2
Art Unit: 3992

## DECISION DENYING *INTER PARTES* REEXAMINATION

1.      A substantial new question of patentability affecting claims 2-20 of United States Patent

Number 7,835,757 is NOT raised by the request for *inter partes* reexamination.

### *References Cited in the Request*

2.      The Request identifies the following printed publications as providing teachings relevant

to the claims of the '716 patent.

1.      Rossmann U.S. Patent 5,809,415

2.      Boyle U.S. Patent 6,119,167

3.      M. Kylänpää et al., The Nomadic Access to Information Services By A GSM
        Phone article, (hereinafter NAIS).

4.      Eggleston et al. U.S. Patent 5,958,006

5.      Ozaki et al. U.S. Patent 5,933,478

6.      Hunt U.S. Patent 5,893,091

7.      Mayle et al. U.S. Patent 6,018,774

8.      Bjorndahl U.S. Patent 5,406,616

### *Detailed Explanation of How the Cited Prior Art is Applied to Every Claim for Which*

### *Reexamination is Requested.*

Issue 1:      Rossmann in view of Bjorndahl is asserted as rendering claims 2-18 obvious.

Issue 2:      Rossmann in view of Bjorndahl and further in view of Ozaki is asserted as
              rendering claim 18 obvious.

Application/Control Number: 95/001,739                                    Page 3
Art Unit: 3992

Issue 3:      Rossmann in view of Boyle and further in view of Bjorndahl is asserted as
              rendering claims 19 and 20 obvious.

Issue 4:      Rossmann in view of Bjorndahl and further in view of Hunt is asserted as
              rendering claims 18-20 obvious.

Issue 5:      Rossmann in view of Bjorndahl and further in view of Mayle is asserted as
              rendering claims 19 and 20 obvious.

Issue 6:      Rossmann in view of Eggleston and further in view of Bjorndahl is asserted as
              rendering claims 2-18 obvious.

Issue 7:      Rossmann in view of Bjorndahl and further in view of Eggleston and further in
              view of Ozaki is asserted as rendering claim 18 obvious.

Issue 8:      Rossmann in view of Eggleston and further in view of Boyle and further in view
              of Bjorndahl is asserted as rendering claims 19 and 20 obvious.

Issue 9:      Rossmann in view of Eggleston and further in view of Bjorndahl and further in
              view of Hunt is asserted as rendering claims 18-20 obvious.

Issue 10:     Rossmann in view of Eggleston and further in view of Bjorndahl and further in
              view of Mayle is asserted as rendering claims 19 and 20 obvious.

Issue 11:     Boyle in view of Bjorndahl is asserted as rendering claims 2-5, 7-10 and 12-20
              obvious.

Issue 12:     Boyle in view of Bjorndahl and further in view of Ozaki is asserted as rendering
              claim 18 obvious.

Issue 13:     Boyle in view of Bjorndahl and further in view of Hunt is asserted as rendering
              claims 18-20 obvious.

Issue 14:     Boyle in view of Bjorndahl and further in view of Mayle is asserted as rendering
              claims 19 and 20 obvious.

Issue 15:     Boyle in view of Rossmann and further in view of Bjorndahl is asserted as
              rendering claims 6 and 11 obvious.

Application/Control Number: 95/001,739                                      Page 4

Art Unit: 3992

Issue 16:    NAIS in view of Boyle in view of Bjorndahl is asserted as rendering claims 2-20
             obvious.

Issue 17:    NAIS in view of Boyle in view of Bjorndahl and further in view of Ozaki is
             asserted as rendering claim 18 obvious.

Issue 18:    NAIS in view of Boyle in view of Bjorndahl and further in view of Hunt is
             asserted as rendering claims 18-20 obvious.

Issue 19:    NAIS in view of Boyle in view of Bjorndahl and further in view of Mayle is
             asserted as rendering claims 19 and 20 obvious.

Issue 20:    NAIS in view of Eggleston and further in view of Boyle and further in view of
             Bjorndahl is asserted as rendering claims 2-20 obvious.


### *Prosecution History*

During prosecution of the application that led to the '757 patent, the Examiner issued a

first action allowance and thus did not reject any of the claims that were presented at the time.

The Examiner provided the following Reasons for Allowance:

**Consider claims 115**, the prior arts made of record, alone or in combination, fails to
clearly teach or fairly suggest a method that communicates content from a content
provider utilizing a content notification system, through a mobile radiotelephone network
to a cellular phone, the content notification system: (i) including an interface to a home
location registry, (ii) configured to process data into a paging call suitable for
transmission to the wireless communication device via short message service ("SMS")
messaging, and (iii) configured to transmit the paging call to the cellular phone; the
method comprising: (a) the content provider causing content available for delivery to a
cellular phone to be stored at one of a plurality of independently identifiable internet-
accessible storage locations; (b) the content provider receiving a system identifier address
code that identifies the internet-accessible storage location at which the content is stored
from an identification service; (c) the content provider causing a message intended for the
cellular phone to be created, the message including: (i) an identifier of the content, (ii) the
system identifier address code, (iii) a type identifier indicating the content's type, and (iv)
the name of the content provider; wherein the content is not included in the message; (d)
the content provider causing communication from the content notification system of a
paging call including the content identifier and intended for the wireless communication

device via SMS messaging; and (e) the content provider causing the content to be
updated; (f) the content provider receiving a request message transmitted over the mobile
radiotelephone network, the request message including (i) data corresponding to the
identifier of the content and the system identifier address code received by the wireless
communication device, (ii) the address of the cellular phone, and (iii) a command from
the cellular phone to receive to the content; and (g) the content provider, subsequent to
receiving the request message, causing the updated content to be delivered to the wireless
communication device via the mobile radiotelephone network, as specified in the
independent claim 115.

**Consider claims 116-122,** the prior arts made of record, alone or in combination, fails to
clearly teach or fairly suggest (New) A method that communicates content from a content
provider utilizing a content notification system, through a mobile radiotelephone network
to a wireless communication device, the content notification system: (i) including an
interface to a home location registry, (ii) configured to process data into a paging call
suitable for transmission to the wireless communication device, and (iii) configured to
transmit the paging call to the wireless communication device; the method comprising:
(a) the content provider causing content available for delivery to a wireless
communication device to be stored at an internet-accessible storage system; (b) the
content provider causing a message intended for the wireless communication device to
be created, the message including: (i) an identifier of the content, and (ii) a system
identifier that identifies the internet-accessible storage system storing the content;
wherein the content is not included in the message; (c) the content provider causing
communication from the content notification system of a paging call including the
content identifier and intended for the wireless communication device over the mobile
radiotelephone network; and (d) the content provider receiving a request message
transmitted over the mobile radiotelephone network, the request message including (i)
data corresponding to the identifier of the content and the system identifier received by
the wireless communication device, and (ii) a command to perform on the content; and
(e) the content provider, subsequent to receiving the request message, causing the
content to be delivered to the wireless communication device via the mobile
radiotelephone network, in combination with other limitations, as specified in the
independent claim 116, and further limitations of their respective dependent claims 117-
122.

**Consider claims 123-134,** the prior arts made of record, alone or in combination, fails to
clearly teach or fairly suggest (New) A method that communicates content from a content
provider utilizing a content notification system, through a mobile radiotelephone network
to a wireless communication device, the content notification system: (i) including an
interface to a home location registry, (ii) configured to process data into a paging call
suitable for transmission to the wireless communication device, and (iii) configured to
transmit the paging call to the wireless communication device; the method comprising:
(a) the content provider causing content available for delivery to a wireless

Application/Control Number: 95/001,739                                      Page 6
Art Unit: 3992

communication device to be stored at one of a plurality of independently identifiable
internet-accessible storage locations; (b) the content provider causing a message
intended for the wireless communication device to be created, the message including:
(i) an identifier of the content, and (ii) a system identifier that identifies the internet-
accessible storage location at which the content is stored from among the plurality of
independently identifiable internet-accessible storage locations; wherein the content is
not included in the message; (c) the content provider causing communication from the
content notification system of a paging call including the content identifier and intended
for the wireless communication device over the mobile radiotelephone network; and (d)
the content provider receiving a request message transmitted over the mobile
radiotelephone network, the request message including (i) data corresponding to
the identifier of the content and the system identifier received by the wireless
communication device, (ii) the address of the wireless communication device, and
(iii) a command to perform on the content; and (e) the content provider, subsequent to
receiving the request message, causing the content to be delivered to the wireless
communication device via the mobile radiotelephone network, in combination with other
limitations, as specified in the independent claim 123, and further limitations of their
respective dependent claims 124-134.

### Supplemental Request for Reexamination

As per MPEP 2640, if a subsequent request includes the art which raised a substantial

new question in the earlier pending reexamination, then reexamination should be ordered only if

the art cited raises a substantial new question of patentability which is different from that raised

in the earlier pending reexamination. If the art cited in the subsequent request raises the same

substantial new question of patentability as that raised in the earlier pending reexamination, the

subsequent request should be denied. Where the request raises a different substantial new

question of patentability as to some patent claims, but not as to others, the request would be

granted in part; see the order issued in reexamination control number 90/007,843 and

90/007,844. If the subsequent request does not include the art which raised the substantial

question of patentability in the earlier pending reexamination, reexamination may or may not be

Application/Control Number: 95/001,739                                      Page 7
Art Unit: 3992

ordered, depending on whether the different art cited raises a substantial new question of

patentability.

\*\*>However, in order for the second or subsequent request for reexamination to be

granted, the second or subsequent requester must independently provide a substantial new

question of patentability which is different from that raised in the pending reexamination for the

claims in effect at the time of the determination. The decision on the second or subsequent

request is thus based on the claims in effect at the time of the determination (37 CFR 1.923). If a

"different" substantial new question of patentability is not provided by the second or subsequent

request for the claims in effect at the time of the determination, the second or subsequent request

for reexamination must be denied since the Office is only authorized by statute to grant a

reexamination proceeding based on a substantial new question of patentability "affecting any

claim of the patent." See 35 U.S.C. 312(a). Accordingly, there must be at least one substantial

new question of patentability established for the existing claims in the patent in order to grant

reexamination.


*Substantial New Question of Patentability Statement*

As set forth in the Request, "[t]he '415 patent, the '167 patent, and the NAIS article were

NOT utilized or relied upon in the co-pending *ex parte* reexamination proceeding. Nor was the

'006 patent, the '478 patent or the '091 patent utilized or relied upon in the co-pending *ex parte*

reexamination proceeding.

As acknowledged in the Request, "in order for the second or subsequent request for reexamination to be granted, the second or subsequent request must independently provide a substantial new question of patentability which is **different from** that raised in the pending reexamination for **the claims in effect at the time of the determination.**"

The Request notes that because the '415 patent, the '167 patent, and the NAIS article were not used for any SNQs proposed in the co-pending *ex parte* reexamination proceeding, and were not used by the Examiner to reject any claims during prosecution of the application that gave rise to the '757 patent, the '415 patent, the '167 patent, and the NAIS article —as the primary reference utilized in the present *inter partes* request for reexamination--provide a substantial new question of patentability which is different from that raised in the co-pending *ex parte* reexamination proceeding.

The examiner disagrees with the Requests' statement. The presence of new prior art that was not cited/used does not in itself provide a different substantial new question of patentability.

> "[T]he substantial new question requirement 'guard[s] against simply repeating the prior examination on the same issues and arguments' and bars 'a second examination, on the identical ground that had previously been raised and overcome.'" Id. at 1380 (quoting In re Recreative Technologies Corp., 83 F.3d 1394, 1396-97 (Fed. Cir. 1996)).

The basis for the SNQ as set forth in the instant request is based on the following statement as set forth on page 20 of the Request:

> The SNQs presented in the instant request for *inter partes* reexamination do not require reconsideration of the judgment of the examiner, nor of any argument already decided by the Office. Rather, as noted above, the SNQs presented herein rely upon three new primary references that have never been used to reject any claims, and, as such, are different from the SNQs at issue in the co-pending *ex parte* reexamination proceeding.

Application/Control Number: 95/001,739                                    Page 9
Art Unit: 3992

Thus, the examiner does not find that the Request's statement presents a new substantial new question of patentability.

As set forth in MPEP 2614 [R-7], II, "For each identified substantial new question of patentability and each identified proposed ground of rejection, the request must explain how the cited documents identified for that substantial new question of patentability/proposed ground of rejection raise a substantial new question of patentability. Thus, the mere presentation of "new" primary references is not a sufficient reason to raise a substantial new question of patentability. Instead, the each cited document must be analyzed and specific support must be provided as to what the Requester considers the substantial new question of patentability.

*Substantial New Question of Earlier ex parte Reexamination*

The examiner notes that as set forth in *ex parte* reexamination 90/009,882 the Request noted the following with respect to what was considered the substantial new question of patentability:

As per claim 1, Tso discloses:

Application/Control Number: 95/001,739             Page 10

Art Unit: 3992

- The content provider causing a message intended for the wireless communication device to be created, the message including: (i) an identifier of the content, and (ii) a system identifier that identifies the internet-accessible storage location at which the content is stored; wherein the content is not included in the message (*See, e.g.,* the Tso patent at 7:29-8:54; Table 1 of column 8; 6:5-12 and 24:43-54; Figure 4; 13:4-26 and 24:18-33);

- The content provider causing communication from the content notification system of a paging call including the content identifier and intended for the wireless communication device over the mobile radiotelephone network (*See, e.g.,* the Tso patent at 4:15-33; 8:48-54; 11:19-47 and Figures 1-3);

- The content provider receiving a request message transmitted over the mobile radiotelephone network, the request message including (i) data corresponding to the identifier of the content and the system identifier received by the wireless communication device, and (ii) a command to perform on the content (*See, e.g.,* the Tso patent at 24:43-60); and

- The content provider, subsequent to receiving the request message, causing the content to be delivered to the wireless communication device via the mobile radiotelephone network (*See, e.g.,* the Tso patent at 24:60-25:13; 4:15-33; 8:48-54; 11:19-47 and Figures 2-3).

In addition, it was noted that Tso disclosed:

- A content provider utilizing a content notification system (i) including an interface to a home location registry, (ii) configured to process data into a paging call suitable for transmission to the wireless communication device, and (iii) configured to transmit the paging call to the wireless communication device;

- The content provider causing a message intended for the wireless communication device to be created, the message including: (i) an identifier of the content, and (ii) a system identifier that identifies the internet-accessible storage location at which the content is stored; wherein the content is not included in the message;

- The content provider causing communication from the content notification system of a paging call including the content identifier and intended for the wireless communication device over the mobile radiotelephone network;

- The content provider receiving a request message transmitted over the mobile radiotelephone network, the request message including (i) data corresponding to the identifier of the content and the system identifier received by the wireless communication device, and (ii) a command to perform on the content; and

- The content provider, subsequent to receiving the request message, causing the content to be delivered to the wireless communication device via the mobile radiotelephone network.

As discussed in the claim charts further below, however, the Tso patent discloses each of the recited elements of claims 2-18 (including those listed above), and, independently, renders obvious claims 1, 9-20 of the '757 patent (which each include the elements listed above). Accordingly, the Tso patent presents a new, non-cumulative technological teaching relating to each of claims 1-20 that was not previously considered and discussed on the record during prosecution of the application that resulted in the '757 patent, as required by M.P.E.P. § 2216.

In the instant reexamination, the Request notes the following:

Application/Control Number: 95/001,739                                    Page 12

Art Unit: 3992

*As per Rossmann, the Request notes:*

**With regard to Independent Claim 2:**

- A method that communicates content from a content provider utilizing a content notification system, through a mobile radiotelephone network to a wireless communication device, the content notification system: (i) including an interface to a home location registry, (ii) configured to process data into a paging call suitable for transmission to the wireless communication device, and (iii) configured to transmit the paging call to the wireless communication device. '415 patent at, e.g., Abstract; Fig. 1; 2:37-52; 3:32-45.

- The content provider causing content available for delivery to a wireless communication device to be stored at an internet-accessible storage system. '415 patent at, e.g., Figure 1; 4:30-37; 8:37-45; 17:50-55.

- The content provider causing a message intended for the wireless communication device to be created, the message including: (i) an identifier of the content, and (ii) a system identifier that identifies the internet-accessible storage system storing the content; wherein the content is not included in the message. '415 patent at, e.g., Figures 3A - 3E; 16:25 - 17:6; 17:7-37.

- The content provider causing communication from the content notification system of a paging call including the message[9] and intended for the wireless communication device over the mobile radiotelephone network. '415 patent at, e.g., 3:27-45; 17:7-37.

- The content provider receiving a request message transmitted over the mobile radiotelephone network, the request message including (i) data corresponding to the identifier of the content and the system identifier received by the wireless communication device, and (ii) a command to perform on the content. '415 patent at, e.g., Figures 3D and 3E; 17:7-37.

- The content provider, subsequent to receiving the request message, causing the content to be delivered to the wireless communication device via the mobile radiotelephone network, in combination with other limitations. '415 patent at, e.g., Figures 3D and 3E; 17:7-37.

**With regard to Independent Claim 9:**

- A method that communicates content from a content provider utilizing a content notification system, through a mobile radiotelephone network to a wireless communication device, the content notification system: (i) including an interface to a home location registry, (ii) configured to process data into a paging call suitable for transmission to the wireless communication device, and (iii) configured to transmit the paging call to the wireless communication device. '415 patent at, e.g., Abstract; Figure 1; 2:37-52; 3:32-45.

- The content provider causing content available for delivery to a wireless communication device to be stored at one of a plurality of independently identifiable internet-accessible storage locations. '415 patent at, e.g., Figure 1, 4:30-37; 4:58 - 5:3; 5:43-51; 8:37-45; 9:63 - 10:4, 17:50-55.

- The content provider causing a message intended for the wireless communication device to be created, the message including: (i) an identifier of the content, and (ii) a system identifier that identifies the internet accessible storage location at which the content is stored from among the plurality of independently identifiable internet-accessible storage locations; wherein the content is not included in the message. '415 patent at, e.g., Figures 3A - 3E; 16:25 - 17:6; 17:7-37.

- The content provider causing communication from the content notification system of a paging call including the content identifier and intended for the wireless communication device over the mobile radiotelephone network. '415 patent at, e.g., 3:27-45; 17:7-37.

- The content provider receiving a request message transmitted over the mobile radiotelephone network, the request message including (i) data corresponding to the identifier of the content and the system identifier received by the wireless communication device, (ii) the address of the wireless communication device, and (iii) a command to perform on the content. '415 patent at, e.g., Figures 3D and 3E, 17:7-37; 10:41-47.

- The content provider, subsequent to receiving the request message, causing the content to be delivered to the wireless communication device via the mobile radiotelephone network. '415 patent at, e.g., Figures 3D and 3E; 17:7-37.

In comparing the pending reexamination and the current Request, the examiner notes that the teachings or elements that are "new" with respect to the original examination are substantially the same. That is, both SNQs rely upon teaching the same limitations and are presented in the same way. The current Request does not substantially present any new question that was not already previously presented and nor does the Request specifically address with respect to the independent claims what teachings are different. The examiner acknowledges that certain dependent claims are addressed and the examiner will address the asserted SNQ to those claims below.

As set forth in MPEP 2614 [R-7], II, A statement which clearly points out what the requester considers to be the substantial new question of patentability based on cited patents and publications (the prior art or double patenting art) which would warrant a reexamination must be included. The examiner acknowledges that the Request includes such as statement, however, the examiner maintains that it has not been shown how the "new" question differs from the previous pending reexamination.

In addition, as set forth in MPEP 2616 [R-7], it is not sufficient that a request for reexamination merely propose one or more rejections of a patent claim or claims as a basis for reexamination. It must first be demonstrated that a patent or printed publication that is relied upon in a proposed rejection presents a new, non-cumulative technological teaching that was not previously considered and discussed on the record during the prosecution of the application that

resulted in the patent for which reexamination is requested, and during the prosecution of any

other prior proceeding involving the patent for which reexamination is requested.

 

The Request, as set forth in at least page 26, notes that the '415 patent presents a new,

non-cumulative technological teaching that was not previously considered and discussed on the

record or in the co-pending ex parte reexamination proceeding. The Request also notes that the

'415 patent provides explicit teachings that are different and at least as relevant to claims 2-20

for which reexamination. The Request notes that the '415 patent is not cumulative and shows all

of the limitations of claims 2-20.

The examiner notes that the Request provides a broad statement and does not specifically

point to what is considered the new technological teaching that is different than the previous

technological teaching of the prior art asserted in a previous reexamination.

 

Thus, the examiner does not find that the Request presents a substantial new question of

patentability statement that was not previously asserted and thus the examiner does not find that

a reasonable examiner would have found that Rossmann presents a substantial new question of

patentability. In addition, while the Request notes that there are "differences" the Request does

not specifically state what is different between the current asserted substantial new question of

patentability and the previous asserted substantial new question of patentability.

Application/Control Number: 95/001,739 Page 16
Art Unit: 3992

*With respect to Boyle,* the Request notes that the teachings of Boyle are new and non-cumulative with respect to the Examiner's Reasons for Allowance and that Boyle alone or in combination with other reference is at least as relevant and potentially more relevant that the references at issue in the *ex parte* reexamination proceeding.

The examiner notes that the Request compares the reasons for allowance and cites to Boyle as teaching each of the limitations that were indicated as being allowable (see pages 30-31 of the Request). The Request then maintained that Boyle provides a new and non-cumulative technological teaching that was not previously considered and discussed on the record during the prosecution of the application that resulted in the '757 patent or in the pending *ex parte* reexamination.

The examiner notes that while the teachings of Boyle are new with respect to the prosecution of the application that resulted in the '757 patent, it has not been shown how the teachings differ from the teachings of the prior art asserted in the pending *ex parte* reexamination.

The Request, on page 32, notes that Boyle provides explicit teachings that are different, and at least as relevant to claims 2-20 for which reexamination is request in comparison to co-pending reexamination proceeding for Control Number 90/009,882.

In comparing the previous co-pending reexamination and the current Request, the examiner notes that the teachings or elements that are "new" with respect to the original examination are the same in that they both rely upon the same limitations and are presented in the same way. Thus, the current Request does not substantially present any new question of patentability over the previous reexamination.

. In addition, the examiner notes that on page 265 of the Request, it was likewise noted that Boyle "discloses or suggests <u>all</u> of these features". The examiner, as noted above, notes that the previous reexamination likewise noted that Tso discloses all of the same features.

Thus, the examiner does not find that the Request presents a substantial new question of patentability statement that was not previously asserted and thus the examiner does not find that a reasonable examiner would have considered that Boyle presents a substantial new question of patentability.

*As per the NAIS article*, the Request Notes, that the teachings of NAIS are new and non-cumulative with respect to the Examiner's Reasons for Allowance and that NAIS alone or in combination with other reference is at least as relevant and potentially more relevant that the references at issue in the *ex parte* reexamination proceeding.

The examiner notes that the Request compares the reasons for allowance and cites to NAIS as teaching each of the limitations that were indicated as being allowable (see 36-37 of the Request).

Application/Control Number: 95/001,739                                    Page 18
Art Unit: 3992

The Request, on page 38, notes that NAIS provides explicit teachings that are different, and at least as relevant to claims 2-20 for which reexamination is request in comparison to co-pending reexamination proceeding for Control Number 90/009,882.

In comparing the previous co-pending reexamination and the current Request, the examiner notes that the teachings or elements that are "new" with respect to the original examination are identical. That is, both rely upon the same limitations and are presented in the same way. Thus, the current Request does not substantially present any new question of patentability over the previous reexamination.

Likewise, on page 336 of the Request, it was noted that the NAIS article in combination with various secondary teachings were not previously considered and discussed in the co-pending *ex parte* reexamination. The examiner, notes however, that the Request has not shown how this combination is different than the previously asserted teachings as set forth in the *ex parte* reexamination.

Thus, the examiner notes not find that the Request presents a substantial new question of patentability statement that was not previously asserted and thus the examiner does not find that a reasonable examiner would have considered that NAIS presents a substantial new question of patentability.

*As per the Ozaki*, the Request Notes, the request asserts the teachings of Ozaki "are new and non-cumulative with respect to the Examiner's Reasons for Allowance and the claims of the '716 patent." While the examiner acknowledges this statement, the examiner notes that this does not present a new substantial new question with respect to the previous co-pending ex parte reexamination.

On page 43 of the Request, the Requester notes that Ozaki discloses the features of claim 18. The Request noted that the "content identifier indicates a time that the content is available" as set forth in Figure 25; col. 17, lines 31-67; Figures 28A-28C and col. 18, lines 38-54.

In reviewing the above citations, the examiner notes that the teachings of Ozaki are directed to a message being transferred to the terminal device which includes *inter alia* a header including "time". The examiner notes that this is not a time for availability as claimed but instead represents the time that the fax transmission is received.

The claim language is based on having an indication of a time that the content is 'available'. The claim is clear that the time must relate to when the content is available. A time stamp does not entail when the message is available. Instead, a time as noted in Ozaki is based on when the fax was received. The examiner notes that this teaching of Ozaki does not raise a substantial new question of patentability.

The examiner notes that the Request asserts that the teachings of Ozaki are different and at least as relevant to dependent claim 18 as compared to the co-pending reexamination. The examiner first notes that the Request does not explain how the teachings are different and

Application/Control Number: 95/001,739                                    Page 20
Art Unit: 3992

furthermore, as noted above, the examiner notes that Ozaki does not meet the claim language and
thus does not raise a substantial new question of patentability.

 

 

*As per the Hunt*, the Request notes the teachings of Hunt "are new and non-cumulative
with respect to the Examiner's Reasons for Allowance and the claims of the '757 patent. While
the examiner acknowledges that Hunt is new and non-cumulative to with respect to the reasons
for allowance, the examiner notes that this does not present a new substantial new question with
respect to the previous co-pending ex parte reexamination and instead is the same substantial
new question.

The Request notes that Hunt discloses with regard to claim 18 that "the content identifier
indicates a time that the content is available." The Request points to Figure 7; col. 10, lines 15-
31; Figure 8 and col. 10, lines 43-48.

With respect to this asserted teaching, the examiner notes that Hunt was asserted to
disclose of sending an alert which includes among other things a time stamp which indicates
when the alert was sent out. The examiner notes that this teaching is not sufficient to meet the
claim since it does not indicate a time that the content is 'available'. A time stamp of the alert
does not pertain to a time of availability of the content as claimed.

The Request also notes that Hunt discloses with regarding to claim 19 that "the content provider updates the content prior to receiving the request message and subsequent to causing the communication of a paging call." The Request points to Figure 4 and col. 9, lines 41-56.

With respect to this teaching, the examiner notes that Hunt discloses of reprograming devices in response to receiving an alert. In addition, Hunt discloses that the client devices can perform transactions in response to the received alert. These transactions include, *inter alia* changing the television channel, multicast receiver or radio via a channel change program. Hunt also discloses that a data gathering and response program could be executed in response to an alert. Hunt provides an example that a program can check for traffic on the user's route home in response to a weather report and then notifies the user that they will have to leave work before a certain time.

The examiner does not find that the citations relied upon in the Request pertain to any updating of content prior to receiving the request message but subsequent to causing the communication of a paging call as claimed. The claim is specific in that the device first receives the notification that is associated with content and after the device receives the notification the content is updated (the content is this context is the same content for which the notification/alert was sent). Therefore, when a request is made the original content that the notification was based upon is now updated.

The examiner finds that the citations in Hunt do not disclose this feature as claimed and thus, Hunt does not raise a substantial new question of patentability.

The examiner notes that the Request asserts that the teachings of Hunt are different and at least as relevant to dependent claim 18 as compared to the co-pending reexamination. The examiner first notes that the Request does not explain how the teachings are different and furthermore, as noted above, the examiner notes that Hunt does not meet the claim language and thus does not raise a substantial new question of patentability.

*As per Mayle*, the Request notes the teachings of Mayle "are new and non-cumulative with respect to the Examiner's Reasons for Allowance and the claims of the '757 patent. While the examiner acknowledges that Hunt is new and non-cumulative to with respect to the reasons for allowance, the examiner notes that this does not present a new substantial new question with respect to the previous co-pending *ex parte* reexamination and instead is the same substantial new question.

The examiner notes that the Request notes that as per claim 19, Mayle discloses "the content provider updates the content prior to receiving the request message and subsequent to causing the communication of the paging call. The Request points to col. 13, lines 37-46; col. 12, lines 37-60.

In the citations referenced above, the examiner notes that Mayle discloses of uploading image data from the client device to the server for the creating of a postcard. The server, after saving the card can then send an email to the recipient. The recipient can then view the card by

Application/Control Number: 95/001,739                                    Page 23
Art Unit: 3992

clicking on the included URL which includes a Card Key which uniquely specifies a particular

electronic postcard.

In the col. 13 citation, Mayle discloses that image data can be retained for a long period

and that recipient can receive notice of new images and inviting them to visit and view the

display. While the examiner acknowledges that the image database can be updated, this does not

entail that the content, which is associated with the postcard and for which the email was sent to

the recipient, has itself been updated subsequent to causing the communication of the paging call

and prior to receiving the request message as claimed.

The examiner finds that the citations in Mayle do not disclose of this feature as claimed

and thus, Mayle does not raise a substantial new question of patentability. The examiner notes

that claim 20 is dependent upon claim 19 and thus for at least that reason, claim 20 likewise does

not raise a substantial new question of patentability.

The examiner notes that the Request notes that the teachings of Mayle are different and

are at least relevant to dependent claims 19 and 20 when compared to co-pending reexamination

90/009,882. The examiner notes that the Request did not specifically compare the two teachings

and thus the Request failed to specifically point to what is the substantial new question raised

with respect to Mayle.

Thus, for at least the reasons noted above, the examiner maintains that a reasonable

examiner would not have found that the teachings of Mayle raises a substantial new question of

patentability.

*As per the Eggleston*, the Request notes that the Eggleston was not considered by the Examiner during the prosecution of the application leading to the '757 patent, nor in the co-pending *ex* parte reexamination proceeding.

The examiner notes that the Request on pages 55-57 cites to various teachings of Eggleston; however the Request failed to specifically disclose how the teachings of Eggleston raises a substantial new question of patentability with respect to the previous co-pending reexamination proceeding.

In addition, the examiner notes that the Request cites to Eggleston as a secondary teaching reference in combination with various primary references. The teachings of Eggleston, however, has not been shown to be different than that of the copending *ex parte* reexamination proceeding and thus the examiner finds that a reasonable examiner would not have found Eggleston to present a substantial new question of patentability.

*As per the Bjorndahl*, the Request Notes, that the reference was not considered by the examiner during the prosecution of the '757 patent nor in the co-pending *ex parte* reexamination proceeding.

The examiner first notes that Bjorndahl was previously cited and relied upon by the examiner during the co-pending *ex parte* reexamination proceeding. Thus, the Request's statement is not factual and thus does not raise a substantial new question of patentability. In addition, the examiner notes that the Request did not provide any explicit statement as to the substantial new question raised with respect to Bjorndahl.

In addition, the examiner notes that the Request cites to Bjorndahl as a secondary

teaching reference in combination with various primary references. The teachings of Bjorndahl

however, has not been shown to be different than that of the copending *ex parte* reexamination

proceeding and thus the examiner finds that a reasonable examiner would not have found

Bjorndahl to present a substantial new question of patentability.

### Scope of Reexamination

3.      Claims 2-20 will not be reexamined as requested.

### Conclusion

4.      Extensions of time under 37 CFR 1.136(a) will not be permitted in *inter partes*

reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant"

and not to the patent owner in a reexamination proceeding. Additionally, 35 U.S.C. 314(c)

requires that inter partes reexamination proceedings "will be conducted with special dispatch"

(37 CFR 1.937). Patent owner extensions of time in inter partes reexamination proceedings are

provided for in 37 CFR 1.956. Extensions of time are not available for third party requester

comments, because a comment period of 30 days from service of patent owner's response is set

by statute. 35 U.S.C. 314(b)(3).

5.      The Patent Owner is reminded of the continuing responsibility under 37 CFR 1.985(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the

US Patent 7,835,757 throughout the course of this reexamination proceeding. The Third Party

Requester is also reminded of the ability to similarly apprise the Office of any such activity or

Application/Control Number: 95/001,739                                          Page 26

Art Unit: 3992

proceeding through the course of this reexamination proceeding.  See MPEP § 2686 and

2686.04.

       All correspondence relating to this *inter partes* reexamination proceeding should be directed:

**By EFS:**    **Registered users may submit via the electronic filing system EFS-Web, at**
           https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.

**By Mail to:**    **Mail Stop *Inter Partes* Reexam**

           Attn: Central Reexamination Unit
           Commissioner for Patents
           United States Patent & Trademark Office
           P.O. Box 1450
           Alexandria, Virginia 22313-1450

By FAX to:    (571) 273-9900
           Central Reexamination Unit

By hand:    Customer Service Window
           Attn: Central Reexamination Unit
           Randolph Building, Lobby Level
           401 Dulany Street
           Alexandria, VA 22314

       For EFS-Web transmissions, 37 CFR 1.8(a)(1)(i) (C) and (ii) states that correspondence (except for a request for reexamination and a corrected or replacement request for reexamination) will be considered timely filed if (a) it is transmitted via the Office's electronic filing system in accordance with 37 CFR 1.6(a)(4), and (b) includes a certificate of transmission for each piece of correspondence stating the data of transmission, which is prior to the expiration of the set period of time in the Office action.

       Any inquiry concerning this communication or earlier communications from the examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

   /Ovidio Escalante/
Ovidio Escalante
Primary Examiner
Central Reexamination Unit - Art Unit 3992
(571) 272-7537

Conferee:      *R.C.E.*               Conferee:    *ESK*

| *Search Notes* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 95/001,739 | 7835757 |
| | Examiner | Art Unit |
| | OVIDIO ESCALANTE | 3992 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Reviewed Patent File and realted reexamination proceeding (90/009,882) | 10/27/11 | OE |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

U.S. Patent and Trademark Office

Part of Paper No. 20111020

| *Reexamination* | Application/Control No. 95/001,739 | Applicant(s)/Patent Under Reexamination 7835757 |
|---|---|---|
| | Certificate Date | Certificate Number |

| Requester | Correspondence Address: | ☐ Patent Owner | ☒ Third Party |
|---|---|---|---|

COVINGTON & BURLING, LLP
ATTN: PATENT DOCKETING
1201 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, DC 20004-2401

| LITIGATION REVIEW ☒ | OE | 9/22/11 |
|---|---|---|
| | (examiner initials) | (date) |
| Case Name | | Director Initials |
| Helferich Patent Licensing, Llc v. New York Times Co. U.S. District - Illinois Northern (Chicago) 1:10cv4387 | | *Eric Keesler for RY* |
| | | |
| | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1.   Ex Parte | 90/009,882 |
| 2. | |
| 3. | |
| 4. | |

U.S. Patent and Trademark Office                                                    DOC. CODE **RXFILJKT**

PTO/SB/08a (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995. no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | *Inter Partes* Reexam of 7,835,757 |
| | | | | Filing Date | September 6, 2011 |
| | | | | First Named Inventor | Richard J. Helferich |
| | | | | Art Unit | Not Yet Assigned |
| | | | | Examiner Name | Not Yet Assigned |
| Sheet | 1 | of | 2 | Attorney Docket Number | 032697.0007-US06 |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /OE/ | AA | US-5,406,616 | 04-11-1995 | Bjorndahl | |
| /OE/ | AB | US-5,809,415 | 09-15-1998 | Rossmann | |
| /OE/ | AC | US-5,893,091 | 04-06-1999 | Hunt et al. | |
| /OE/ | AD | US-5,933,478 | 08-03-1999 | Ozaki et al. | |
| /OE/ | AE | US-5,958,006 | 09-28-1999 | Eggleston et al. | |
| /OE/ | AF | US-6,018,774 | 01-25-2000 | Mayle et al. | |
| /OE/ | AG | US-6,119,167 | 09-12-2000 | Boyle et al. | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]-Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Ovidio Escalante/ | | Date Considered | 10/27/2011 |
|---|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ CITE NO.: Those application(s) which are marked with an single asterisk (*) next to the Cite No. are not supplied (under 37 CFR 1.98(a)(2)(iii)) because that application was filed after June 30, 2003 or is available in the IFW. ¹ Applicant's unique citation designation number (optional). ² See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵ Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

PTO/SB/08b (07-09)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | *Inter Partes* Reexam of 7,835,757 |
| | | | | Filing Date | September 6, 2011 |
| | | | | First Named Inventor | Richard J. Helferich |
| | | | | Art Unit | Not Yet Assigned |
| | | | | Examiner Name | Not Yet Assigned |
| Sheet | 2 | of | 2 | Attorney Docket Number | 032697.0007-US06 |

| NON PATENT LITERATURE DOCUMENTS | | | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city and/or country where published. | | T[2] |
| /OE/ | CA | The Nomadic Access to Information Services By A GSM Phone article (M. Kylänpää, et al.) Vol. 20, No. 5, September/October 1996, Pages 651-658. | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Examiner Signature | /Ovidio Escalante/ | Date Considered | 10/27/2011 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional). [2] Applicant is to place a check mark here if English language Translation is attached.