**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| HELFERICH PATENT LICENSING, L.L.C., | ) | |
| an Illinois Limited Liability Company, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-07189 |
| | ) | |
| THE BON-TON STORES, INC., | ) | |
| Defendant. | ) | Hon. John W. Darrah |
| | ) | |
| | ) | |

**HELFERICH'S RESPONSE TO MOTION TO STAY AND OPPOSITION TO
IMPOSITION OF STAY IN RELATED PROCEEDINGS**

## I.    INTRODUCTION

On April 5, 2011, this Court granted an agreed stay of proceedings in the *New York Times* case.[1] (Dkt. 75) Due to changed circumstances, Plaintiff Helferich Patent Licensing, LLC ("Helferich") now respectfully moves this Court to lift that stay. In addition, in five related cases,[2] the Defendants moved to impose stays pending not only two newly filed reexamination proceedings, but also five additional reexamination requests that are promised (but not yet filed). In accordance with the Court's request at the status hearing on February 22, 2012, Helferich files this identical memorandum in all six cases to address the stay issue.

---

[1] *Helferich Patent Liensing, LLC v. The New York Times Co.*, No. 1:10-cv-04387. Unless otherwise noted, docket numbers referenced herein are to the *NYT* case.

[2] *Helferich Patent Licensing, LLC v. Best Buy Co., Inc.*, No. 11:11-cv-6914; *Helferich Patent Licensing, LLC v. The Bon-Ton Stores, Inc.*, No. 11:11-cv-07189; *Helferich Patent Licensing, LLC v. G4 Media, LLC*, No. 1:11-cv-07395; *Helferich Patent Licensing, LLC v. CBS Corp.*, No. 1:11-cv-07607; and *Helferich Patent Licensing, LLC v. Bravo Media, LLC*, No. 1:11-cv-07647. Hereinafter, Helferich will refer to parties from all six cases collectively as "Defendants" or "NYT Defense Group."

The Court faces the interplay between reexamination proceedings before the Patent and Trademark Office ("PTO") and infringement litigation. Here, the NYT Defense Group seeks to continue (and, in the newer cases, impose) a stay of proceedings in this Court based on its promise to file seven reexamination proceedings attacking over 400 claims – *and win them all*. The benefit of a hindsight review of the prior six reexamination proceedings leads to a conclusion that a continued stay of proceedings is unwarranted, and will subject this Court and the parties to many years of further delay without a likelihood of fully resolving the infringement assertions. Accordingly, Helferich opposes a stay.

## II.    BACKGROUND

The procedural and factual history of this matter has been presented to the Court repeatedly, and the current situation is summarized in Helferich's Supplemental Status Report of February 17, 2012 (Dkt. 104). The facts as stated therein are public record, and have not been disputed. A brief recap for context, however, is useful.

The *NYT* case was filed in July 2010, nearly two years ago. More than six months later, the New York Times filed the first set of reexaminations, *ex parte* petitions regarding the three patents then in suit: the '716, '757 and '838 patents. *Id.* ¶ 1. Based on the New York Times' arguments that the Court would be assisted by the PTO's expertise regarding invalidity and claim interpretation, and that the delay would not be so long as to prejudice Plaintiff, *id.* ¶¶ 5, 6, Helferich agreed to the stay. *See* Notice of Non-Opposition to Stay at 4 ("Helferich [consents] with the firm expectation that NYT (and those in privity with it) will not attempt to re-litigate herein, or in any other forum, those issues resolved by the PTO") (Dkt. 74). That first round of reexams is substantively concluded, with the net result being that the PTO confirmed all three patents with over 300 claims (significantly more than Helferich had to start with), including

about 100 claims that Helferich asserts are infringed by the NYT Defense Group. Supplemental Status Report ¶¶ 9, 11 and page 14.

After the PTO indicated that it would confirm at least some of the asserted claims in the first set of reexaminations (thereby making a continued stay unwarranted in the *NYT* case), a second round of reexamination requests was filed, with each of the NYT Defense Group signatories thereto. These were *inter partes* petitions, again directed to the '716, '757 and '838 patents. *Id.* ¶ 12. Helferich promptly filed suits against the non-NYT Defendants, bringing them into court along with the New York Times, for infringement of the same three patents.[3] The PTO substantively reviewed those *inter partes* requests and denied them in 87 pages of written analysis, expressly finding that the references failed to raise substantial new questions of patentability. *Id.* ¶¶ 15, 17.

In the meantime, the PTO granted to Helferich three more new patents over all the art and arguments presented in both sets of reexaminations, as well as that presented by the New York Times in its LPR 2.3 invalidity contentions, and art presented to Helferich by previous litigants and licensees. *Id.* ¶ 26. Defendants will be sued on these new patents by way of amended complaints to be filed as soon as the last new patent issues on March 13, 2012. *See id.* ¶ 28; Minute Entry (Dkt. 109). The issuance of these new patents brings the total number of asserted patents to seven, with more than 120 claims asserted by Helferich to be infringed by the NYT Defense Group. Supplemental Status Report ¶ 26 and page 14.

As soon as the PTO issued the Reexamination Certificate on the '716 patent, ending the first round *ex parte* proceeding, the NYT Defense Group filed the onset of a third round of

---

[3] Helferich included an additional patent, the '241 patent, against Bravo and CBS based on their use of MMS messaging, in addition to the SMS messaging at issue against the other Defendants.

requests – *inter partes* requests directed to the '716 and '241 patents. Supplemental Status Report ¶ 18. The NYT Defense Group has promised to file renewed *inter partes* reexamination petitions against each of the remaining patents in suit (including the new patents), 7 in all. Moreover, counsel has indicated that the NYT Defense Group reexamination strategy will be pursued to the bitter end, including appeal if necessary, based on the "firm conviction that [Helferich's] patents are invalid." *See* Motion for Stay, e.g., *CBS* Dkt. 30 at 2; Transcript of Proceedings February 22, 2012 (Dkt. 114) at 8 (counsel for non-NYT Defendants: "These inter partes reexaminations may take a bit longer because there's a right to appeal to the Board of Patent Appeals and Interferences").

## III.  ARGUMENT

### 1.  The NYT Defense Group Seeks a Stay of About 3-5 More Years

The *NYT* case was filed in July 2010 (nearly two years ago), and has already been stayed for a year. The related cases were effectively stayed since their inception. The continued stay sought herein is reasonably expected to continue for 5 or more years. Helferich submits that the additional years of delay sought by the NYT Defense Group is unwarranted in view of the prior reexamination requests and the unlikelihood that the NYT Defense Group will succeed at invalidating all of the roughly 120 claims in the 7 patents that are asserted to be infringed.

The PTO statistics on "average" pendency from filing to issuance of a reexamination certificate in an *inter partes* case is 3 years.[4] This is in contrast to the speedier *ex parte* proceedings that underlay Helferich's consent to the stay, which PTO statistics indicate take only about half as long (20 months as opposed to 36). *Id.* Moreover, these pendency statistics are

---

[4] *See* Reexamination Operational Statistics for the quarter ending 12/31/2011, available from the PTO at http://www.uspto.gov/patents/stats/Reexamination_Information.jsp.

misleading. If a case is appealed to the Board of Patent Appeals and Interferences ("BPAI"), a reexamination certificate does not issue until that appeal is concluded. Thus, it would seem that the average pendency of three years includes appeal time. However, only 22% of all *inter partes* reexaminations since the beginning of the program have been completed with issuance of a certificate.[5] Few appeals from reexaminations have actually been processed (the severe backlog at the BPAI is well known).[6] It is clear that the three years does not, realistically, include appeals to the BPAI as appeals from *inter partes* reexams may take over six years.[7] An appeal to the Federal Circuit would add more time, and a reversal or remand would add more time yet. Note that these pendency times are *averages*, so while half the seven promised reexams may take somewhat less time, the other half may take more.[8]

Thus, a stay of these actions will last ***a minimum*** of 3 more years, and more likely in excess of 5 additional years if continued through appeals and until "final" completion of all 7 reexaminations. In short, if the NYT Defense Group has its wish granted, the *NYT* case will likely be stayed at its preliminary stage on the Court's docket for about 7 years (and the related cases for slightly less), all based on the NYT Defense Group's promise that it will eventually defeat in reexam all of the roughly 120 asserted claims of all 7 Helferich patents.

---

[5] *See Inter Partes* Reexamination Filing Data – September 30, 2011, available at http://www. uspto.gov/patents/IP_quarterly_report_September_2011.pdf (305 certificates out of 1389 requests).

[6] *See* FY 2011 Process Prodution Report for BPAI , available at http://www.uspto.gov/ip/boards/ bpai/stats/process/fy2011_sep_b.pdf.

[7] *See* FY 2011 Performance Measures for BPAI, available at http://www.uspto.gov/ip/boards/ bpai/stats/perform/FY_2011_Performance.jsp; Sterne, R., et al, *Appeals from the Central Reexamination Unit* (UTCLE 2010) at 5, available at http://reexamcenter.com/wp-content/uploads/2010/01/Appeals-from-the-Central-Reexamination-Unit2.pdf

[8] Reexaminations on cases where litigation is pending are supposed to be given priority, MPEP §2261, however recent PTO statistics showed that approximately 70% of all *inter partes* reexaminations have concurrently pending litigation.

Such a protracted and indefinite halt to infringement proceedings works an undeniable hardship on the patentee, and is grounds for denying the stay. As Justice Cardozo wrote in approving stays as an exercise of the Court's discretion to control its docket:

> The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. When once those limits have been reached, the fetters should fall off. To put the thought in other words, an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done.

*Landis v. North American Co.*, 299 U.S. 248, 256, 57 S.Ct. 163, 167 (1936). Here, the stay originally envisioned has reached its limits but Defendants refuse to accept the PTO's findings, and seek a further stay of an indefinite but exceedingly lengthy duration. Such a stay is the opposite of a "just, speedy and inexpensive determination." *See* F.R.Civ.P. 1. Justice delayed is, as the aphorism goes, justice denied.

### 2. The NYT Defense Group Seeks to Deny Helferich its Choice of Forum

Helferich is also prejudiced by denial of its choice of forum. *See, e.g., Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351 *3 (D.Del. 2010) (granting stay pending reexam "would grant Defendants their choice of forum-here, for no good reason").

Helferich chose this Court in which to enforce its patents. However, as a result of the first stay, the NYT Defense Group was given the opportunity to pursue its choice of forum (the PTO) through the first two rounds of reexamination requests. As a result of those reexams, Helferich now stands before the Court with roughly 120 confirmed claims in seven patents that it asserts are infringed by the Defendants. Defendants, however, still refuse to accept the PTO reexamination determinations and seek to continue to deny Helferich its choice of forum. They

6

are adamant that this Court remain on the sidelines for many more years, and that their invalidity defenses instead be heard by the PTO, as repeatedly and as often as necessary.

Specifically, Michael Markman represents Bon-Ton, G4, Bravo and CBS here, and his firm has filed *all* of the reexams on behalf of the entire NYT Defense Group (including NYT's original *ex parte* reexamination requests). On January 23, 2012, Mr. Markman asked whether Helferich would agree to continue the stay until the NYT Defense Group could complete its latest round of reexamination requests. In response, Helferich inquired as to whether NYT Defense Group would agree that this would be the final "round" of reexamination requests (i.e., that no more will be filed). *See* Exhibit A, emails between Michael M. Markman and Steven G. Lisa. On January 24, 2012, Mr. Markman declined to make this the last round of reexamination, expressly stating that Defendants "make no representation regarding reexamination requests permitted by the rules, including requests relating to other patents." *Id.*[9] Indeed, the very next day, Mr. Markman filed on behalf of Phoenix Newspapers, Inc. ("PNI"), an Answer expressly promising to file more reexamination requests:

> If and when a reexamination certificate issues with respect to any of the '757 and '838 patents, PNI intends to file a request for the PTO to conduct an *inter partes* reexamination of the '757 and/or '838 patents based on guidance set forth by the PTO in the context of the ongoing *ex parte* reexaminations, which further counsels in favor of a stay of this action pending reexamination in order to address the invalidity of the asserted claims.

*Helferich Patent Licensing, LLC v. Phoenix Newspapers, Inc. (dba The Arizona Republic)*, No. 2:11-cv-02304 (D. Ariz. Dkt. 49). The above makes clear that the NYT Defense Group, its hidden members, and its counsel are intentionally filing staggered requests for reexamination with the goal of indefinitely thwarting Helferich's choice of forum.

---

[9] That same day, Mr. Buroker informed Helferich that "[t]he New York Times agrees with the position Michael set forth…." *Id.*

Further, even if Helferich wins these additional rounds of reexamination requests, and finally gets its day in Court, the Defendants have promised to nonetheless assert still more invalidity arguments. Specifically, Helferich also inquired of Mr. Markman whether the NYT Defense Group would be willing to represent to the Court that no new prior art (i.e., not already identified to the PTO in the proceedings including the last round of reexamination requests) would be relied upon at trial. In response, the NYT Defense Group stated: "As permitted by law, they reserve the right to assert other aspects of invalidity not covered under the estoppel rules for inter partes reexamination." *Id.*[10]

The NYT Defense Group strategy is clear: it and its other unnamed members are determined to engage in a pattern of filing seriatim reexamination requests based on an infinite combination of references for an indefinite period of time, until either: (1) *__all__* of Helferich's claims are held invalid by the PTO (which, as addressed below, hindsight proves is unlikely), or (2) the Court lifts the stay (rendering further reexamination requests fruitless). Worse yet, if Helferich succeeds in having any claims confirmed, the NYT Defense Group has stated it will require the Court to address at trial even more invalidity arguments.

This tactic should not be accepted in the face of prior intentionally staggered reexamination requests and the refusal of the NYT Defense Group to accept PTO determinations favorable Helferich. Rather, the Court should "avoid a situation in which intentionally or coincidentally staggered requests for reexamination hamper this litigation indefinitely." *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*, 2011 WL 3608064 *8 (W.D.N.Y. 2011).

---

[10] Again, the NYT agreed with Mr. Markman's response. *Id.*

### 3. Here, Hindsight Shows That Litigation Will Not Be Avoided

As the Court aptly noted, "obviously the perfect decision is one that's going to be made by hindsight." Dkt. 114 at 12. That hindsight is available now, and counsels against a continued stay. The Court has the benefit of two completed rounds of reexamination in determining whether an additional 5 year delay is warranted. Helferich submits that the answer is "no," the NYT Defense Group is *not* likely to "win" in reexam cancellation of all of the roughly 120 asserted claims in all 7 patents.

To the contrary, the initial stay and first two rounds of reexams did not cause this case to "go away." Rather, over the best references and arguments the Defendants could find, Helferich strengthened the original patents and obtained three additional patents, resulting in about 120 claims that are now asserted to be infringed in 7 patents. Moreover, Helferich was able to identify additional defense group members, who have now been sued, adding 5 more cases to this Court's docket (and one in Arizona). Thus, far from ending the case, the reexam process increased the number of asserted claims and defendants.

It is also worthwhile to evaluate the likely success of the newest round of reexamination requests, in light of the PTO proceedings to date. Despite express and clearly incorrect assertions to the contrary by the NYT Defense Group, none of the primary references in the latest reexams are new. Rather, all primary references cited in the new reexamination requests have been presented to the PTO before in the earlier reexaminations and the prosecution of the new patents. *See* Supplemental Status Report ¶20.

Even further, the recent Notice of Intent to Issue Reexamination Certificate for the '838 Patent expressly indicates that the Examiners considered the art and arguments asserted by the NYT Defense Group in its most recent reexamination requests regarding the '716 and '241

patents. *Id.* ¶ 21-22. Thus, the PTO has already substantively considered and rejected the latest round of NYT Defense Group arguments in confirming the validity of the claims of the '838 Patent.

To be clear, Helferich's opposition to the stay is not premised on the expectation that the PTO will again refuse to grant all the latest round of reexamination requests.[11] The PTO declares *inter partes* reexaminations in 95% of all cases.[12] Rather, Helferich opposes the stay because of the already completed reexamination requests, the promise of additional reexamination requests from these and other NYT Defense Group members that may well be granted, the years of delay Helferich will endure as these *inter partes* reexamination proceedings plod forward, and the unlikely prospect (aided by hindsight) that these requests will eliminate Helferich's infringement assertions

For all these reasons, it is unlikely that a continued stay will further simplify matters:

> [T]he most common outcome of PTO reexamination is that most or all of the examined claims are upheld or amended, but that that outcome does not prevent a defendant from continuing to assert invalidity in court. Thus, even if the claims are narrowed in scope, as Defendant suggests is likely, their validity will still be an issue for this Court to resolve. In that event, few issues would be simplified and few resources conserved, by waiting.

*Mike's Train House, Inc. v. Broadway Limited Imports, LLC*, 2011 WL 836673 * 3 (D. Md. 2011) (footnote and citations omitted); *see also In re Phoenix Licensing LLC*, 2009 WL 464993 *2 (D.Ariz. 2009) ("the mere fact that in any given reexamination there is a 59% chance that the patent's claims will be changed, does not necessitate staying the action; otherwise every action that involved reexamination would warrant a stay"). It is worth noting that, in an *inter partes*

---

[11] On February 27, 2012, the PTO declared the '716 *inter partes* reexamination and issued non-final rejections of the disputed claims. Helferich will file its response to the '716 non-final office action by April 27, 2012, followed by the NYT Defense Group's reply thereafter.

[12] *See Inter Partes* Reexamination Filing Data – September 30, 2011, available at http://www.uspto.gov/patents/IP_quarterly_report_September_2011.pdf.

reexamination, recent statistics show that the percentage of cases in which claims are amended has dropped to 45%.[13]  Thus, it is likely that the case will proceed on numerous claims in their original form, as well as claims that are amended or newly added in the reexaminations.  No real savings of time or effort will accrue to the Court.

Courts frequently consider the stage of the litigation proceedings in addressing stays pending reexamination.  *See, e.g., Ohio Willow Wood Co. v. Alps South Corp.* 2008 WL 4683222 *2 (S.D. Ohio 2008).  Where, as here, the case has already been stayed due to earlier requests for reexamination by the same defendants, giving any weight to that factor is unduly prejudicial to the patentee.  *Id.at *2* (court gives no weight to that factor where defendants filed multiple seriatim requests for reexamination).

**4.  Any Stay Should Be Short and Predicated on Finality of Defenses Presented to the PTO.**

If the Court does contemplate granting Defendants' motion, Helferich respectfully submits that some conditions should be imposed, namely: (1) that the stay will last only until the PTO decides this current, third round of reexaminations (and not during the pendency of any appeals), (2) that the stay will lift on the first indication from the PTO that any asserted claims will be confirmed, *See, e.g., Dura Global Tech., LLC v. Magna Int'l, Inc.*, 2011 WL 5039883 *8 (E.D.Mich. 2011) (stay to lift upon allowance of any claims in reexamination); and (3) that Defendants agree to not raise in these litigations invalidity defenses based on references submitted to the PTO during any of the three rounds of reexamination proceedings.  *Mission Abstract Data LLC v. Beasley Broadcast Group, Inc.*, 2011 WL 5523315 *3 n.2 (D.Del. 2011) ("Defendants are willing to stipulate that they will not raise the same arguments here that are being considered by the PTO"); *Premier Int'l Associates LLC v. Hewlett-Packard Co.*, 554 F.

---

[13] *See Inter Partes* Reexamination Filing Data – September 30, 2011,  *supra*, n. 5.

11

Supp.2d 717, 725 (E.D.Tex. 2008) (stay conditioned on defendants not arguing invalidity based on references submitted in reexaminations); *Emhart Industries, Inc. v. Sankyo Seiki Mfg. Co.*, 1987 WL 6314 *4 (N.D. Ill. 1987) ("defendant has assured the Court that it will not contest the issues decided by the PTO").

## IV. CONCLUSION

While hindsight will be 20-20, and any decision rests in the sound discretion of the Court, Helferich respectfully submits that a continued stay of roughly 5 more years pending the NYT Defense Group's third attack on the 7 Helferich patents in suit is inappropriate. Added delay inherently inures to the prejudice of Helferich in enforcing its patents, and is unlikely to further simplify matters for the Court. Judge Newman warned:

> [Reexamination] can be a useful and powerful tool for the benefit of both patentees and those interested in restricting or eliminating adversely held patents. However, if routinely available to delay the judicial resolution of disputes, the procedure is subject to inequity, if not manipulation and abuse, through the delays that are inherent in PTO activity.

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1305 (Fed.Cir. 2009) (Newman, J., concurring). The stay sought by Defendants is inappropriate and unwarranted and should be denied.

**Date**: March 7, 2012

VICTORIA GRUVER CURTIN, P.L.C.

By:*/s/ Victoria Curtin*
Victoria Curtin (NDIL ID #010897)
Victoria Gruver Curtin, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 998-3547
Fax: (480) 596-7956

Steven G. Lisa (Ill. State Bar # 6187348)
Jon E. Kappes (Ill. State Bar # 6291678)
Timothy Sperling (Ill. State Bar # 6283854)
Law Offices of Steven G. Lisa, Ltd.
55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Tel. & Fax: (312) 752-4357

Gerald D. Hosier (Ill. State Bar #7059)
Law Offices of Gerald D. Hosier, Ltd.
PO Box 12354
Aspen, CO  81612
(970) 920-3475

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I Laura Keller certify that on March 7, 2012, I personally caused to be served, by

electronic filing, a true and correct copy of "HELFERICH'S RESPONSE TO MOTION TO

STAY AND OPPOSITION TO IMPOSITION OF STAY IN RELATED PROCEEDINGS" to:

Michael R. Weiner
(mweiner@marshallip.com)
Julianne M. Hartzell
(jhartzell@marshallip.com)
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Sears Tower
Chicago, IL  60606

Brian M. Buroker
bburoker@gibsondunn.com
Gibson, Dunn & Crutcher
1050 Connecticut Avenue, N.W.
Washington, DC  20006

Kenneth Richieri
(richierk@nytimes.com)
The New York Times Company
620 Eighth Avenue, 17th Floor
New York, New York 10018

Michael M. Markman
mmarkman@cov.com
Robert Williams
rwilliams@cov.com
Covington & Burling, LLP
One Front Street
San Francisco, CA  94111

David M. Airan
dairan@leydig.com
John K. Winn
jwinn@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, Il  60601-6731

Daniel L. Farris
daniel.farris@hklaw.com
R. David Donoghue
david.donoghue@hklaw.com
Holland & Knight LLP
131 S. Dearborn Street, 30th Floor
Chicago, IL  60603

*/s/ Laura Keller*
Laura Keller

# Exhibit A



Steven G. Lisa, Ltd.

Steve Lisa <stevelisa@patentit.com>

# RE: HPL v. Bon Ton, Bravo, CBS and G4

1 message

**Markman, Michael <markmanmm@cov.com>**                    Tue, Jan 24, 2012 at 1:52 PM
To: Steve Lisa <stevelisa@patentit.com>, "Buroker, Brian" <BBuroker@gibsondunn.com>
Cc: Victoria Curtin <Victoria@vcurtin.com>, Jon Kappes <jonkappes@patentit.com>, Tim Sperling
<timsperling@patentit.com>, "dairan@leydig.com" <dairan@leydig.com>, "Williams, Robert"
<rwilliams@cov.com>, "jwinn@leydig.com" <jwinn@leydig.com>, "Larus, Christopher K." <CKLarus@rkmc.com>

Dear Steve,

CBS, Bon Ton, G4, and Bravo are simply proposing that we move the upcoming status conference by
approximately 90 days.  The Court's and the parties' ability to manage the case will be easier if we know that
the inter partes reexaminations are accepted by the PTO, which we will know in roughly 90 days.  If the
Court holds the status conference next week, all claims of the '838 patent are rejected, and we know that
the PTO will decide whether to accept the '241, '716, and anticipated '757 inter partes reexams in just a few
short weeks.

After reading the transcript of the presentment on the motion to reassign, I saw that the Court wondered
aloud whether a status conference in January for these cases might be too soon.  I reached out to make this
proposal because I don't want the Court to wonder why we just didn't jointly ask to move the status
conference by the 90 days it will take for the PTO to reach its decision on whether to accept the requests.
Please let us know if you agree with the proposal.

Best regards,

Mike

Michael M. Markman | **COVINGTON & BURLING LLP**
One Front Street | 35th Floor | San Francisco | CA 94111
Tel: 415.591.7020 | Fax: 415.955.6520
mmarkman@cov.com | www.cov.com

**From:** Steve Lisa [mailto:stevelisa@patentit.com]
**Sent:** Tuesday, January 24, 2012 12:06 PM
**To:** Buroker, Brian
**Cc:** Markman, Michael; Victoria Curtin; Jon Kappes; Tim Sperling; dairan@leydig.com; Williams, Robert; jwinn@leydig.com; Larus, Christopher K.
**Subject:** Re: HPL v. Bon Ton, Bravo, CBS and G4

Brian and Michael,

I am left a little confused by your request to postpone the hearing in view of your answers.

Let me see if I have this correct: If HPL agrees to postpone the hearing to see what the PTO does with your reexams, and the PTO again denies outright the reexam requests as cumulative (as the last round was), the defendants (and NYT Defense Group members) nonetheless reserve the right to file yet another (i.e., a fourth) round of reexamination requests. Correct?

If my understanding is correct, it would appear that even if the PTO decision is to outright deny the reexam requests (as it did last time), the defendants will not in May agree to lift the stay and proceed with the litigation. So, I am trying to understand the logic in postponing the hearing.

I apologize for being so dense, and maybe I am missing something. Please explain.

Regards,

Steven G. Lisa, Esq.
Email: SteveLisa@PatentIt.com
Direct: 312-320-5888
Skype: 312-957-5770

 STEVEN G. LISA, LTD.

55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Phone & Fax: 312-752-4357
www.PatentIt.com

This email is confidential and privileged, and intended only for the recipient above. If you received this email in error, please destroy all copies of it and indicate such by return email to me. Thank you.

On Tue, Jan 24, 2012 at 12:44 PM, Buroker, Brian <<u>BBuroker@gibsondunn.com</u>> wrote:

Steve,

The New York Times agrees with the position Michael set forth below.

Thanks,

Brian

**Brian M. Buroker**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel <u>+1 202.955.8541</u> • Mobile <u>+1 703.927.2129</u>
BBuroker@gibsondunn.com • www.gibsondunn.com

**From:** Markman, Michael [mailto:<u>markmanmm@cov.com</u>]
**Sent:** Tuesday, January 24, 2012 2:35 PM
**To:** Steve Lisa
**Cc:** Victoria Curtin; Jon Kappes; Tim Sperling; <u>dairan@leydig.com</u>; Williams, Robert; <u>jwinn@leydig.com</u>; Buroker, Brian; Larus, Christopher K.
**Subject:** RE: HPL v. Bon Ton, Bravo, CBS and G4

Dear Steve,

Thanks for your email. Regarding your questions:

1 - CBS, G4, Bravo, and Bon Ton are real parties in interest on the pending reexamination requests for the '241 and '716 patents, and will be real parties in interest on the '757 inter partes reexamination. They will abide by the rules regarding inter partes reexamination. They make no representation regarding reexamination requests permitted by the rules, including requests relating to other patents.

2 - As real parties in interest to the pending reexamination requests, CBS, G4, Bravo, and Bon Ton would be bound by the estoppel rules concerning inter partes reexamination once a reexamination becomes final and a reexam certificate issues. As permitted by law, they reserve the right to assert other aspects of invalidity not covered under the estoppel rules for inter partes reexamination.

Please let us know if you agree with our proposal so that we can file a joint motion with the Court.

Best regards,

Mike

Michael M. Markman | **COVINGTON & BURLING LLP**
One Front Street | 35th Floor | San Francisco | CA 94111
Tel: 415.591.7020 | Fax: 415.955.6520
mmarkman@cov.com | www.cov.com

**From:** Steve Lisa [mailto:stevelisa@patentit.com]
**Sent:** Monday, January 23, 2012 5:05 PM
**To:** Markman, Michael
**Cc:** Victoria Curtin; Jon Kappes; Tim Sperling; dairan@leydig.com; Williams, Robert; jwinn@leydig.com; Buroker, Brian; Larus, Christopher K.
**Subject:** Re: HPL v. Bon Ton, Bravo, CBS and G4

Michael,

Thank you for your email. In order for us to properly and fairly consider your request, we would appreciate the answers to a few questions.

1. Will the NYT Defense Group (and, to the extent not co-extensive, the defendants seeking the postponement) agree that this is the final "round" of reexamination requests (i.e., that no more will be filed)? Thus, for example, if these requests are denied outright, do the defendants and the NYT Defense Group members agree that no further reexamination requests will be filed?

2. Moreover, is the NYT Defense Group (and, to the extent not co-extensive, the

defendants seeking the postponement) willing to represent to the Court that no new prior art (i.e., not already identified to the PTO in the proceedings including the last round of reexamination requests) will be relied upon at trial?

We look forward to your answers.

Regards,

Steven G. Lisa, Esq.
Email: SteveLisa@PatentIt.com
Direct: 312-320-5888
Skype: 312-957-5770

 STEVEN G. LISA, LTD.

55 West Monroe Street, Suite 3210
Chicago, Illinois 60603
Phone & Fax: 312-752-4357
www.PatentIt.com

This email is confidential and privileged, and intended only for the recipient above. If you received this email in error, please destroy all copies of it and indicate such by return email to me. Thank you.

On Mon, Jan 23, 2012 at 4:20 PM, Markman, Michael <markmanmm@cov.com> wrote:

Dear Steve and Victoria,

I'm writing to you to propose that the parties ask the Court to postpone the upcoming status conference in the CBS, G4, Bravo, and Bon Ton cases by approximately 90 days (to the first or second week of May). I am copying Brian Buroker, counsel for The New York Times, and Chris Larus, counsel for Best Buy.

As you know, requests for inter partes reexamination are now pending before the PTO relating to the '241 patent and the new '716 patent. The ex parte reexamination concerning the '838 patent is in progress. As of today, a reexamination certificate has not yet issued for the ex parte reexamination of the '757 patent. But, as set out in the defendants' pleadings, the defendants intend to request inter partes reexamination of the new '757 patent as soon as the reexamination certificate issues following the ex parte reexamination (which we anticipate may issue on either January 24 or 31).

Under PTO rules, the PTO will make a decision regarding whether to grant the inter partes

reexamination requests for the '241 patent and the new '716 and '757 patents within 90 days of the filing of each request. By postponing the status conference 90 days, the parties and the Court should know for certain whether the inter partes reexaminations will go forward or whether they will be rejected. The resulting certainty would benefit the Court and the parties for purposes of assessing whether a further stay is appropriate or whether other approaches to case management should be considered.

Please let us know whether HPL agrees with this approach at your earliest convenience.

Best regards,

Mike

Michael M. Markman | **COVINGTON & BURLING LLP**
One Front Street | 35th Floor | San Francisco | CA 94111
Tel: 415.591.7020 | Fax: 415.955.6520
mmarkman@cov.com | www.cov.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.